UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:07CV206 HEA |
| v. | ) |
| | ) |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE CITY OF ST. | ) |
| LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No.'s 8 and 11]. Plaintiff opposes both motions. For the reasons set forth below, the motions are denied.

## **Introduction**

Plaintiff filed this action on January 25, 2007. The Complaint sets forth that it is brought, *inter alia*, under the provisions of 42 U.S.C. §§ 1983 and 1988 for an alleged deprivation of Plaintiff's 14th Amendment rights. Plaintiff contends that it was denied due process and equal protection through the actions taken by Defendants in the foreclosure of an unpaid tax lien on property located at 5900 West Florissant, St. Louis, Missouri. Defendants move to dismiss on the ground that the Court lacks jurisdiction.

**Facts and Background**[1]

Plaintiff alleges that it is a Nevada corporation with its principal place of business in Culver City, California. The Complaint sets forth that C.W. Turner Corporation executed a Deed of Trust in favor of Plaintiff to create a security interest in a piece of real property, 5900 West Florissant, St. Louis, Missouri to secure indebtedness in the amount of $175,000.00. The Deed of Trust, dated October 10, 2002, was recorded in the St. Louis Land Records on October 23, 2002.

Count I of the Complaint alleges that Defendant City of St. Louis demolished a fence located on the property as having been declared a nuisance. Thereafter, the City issued a special tax bill for demolition and other costs that purportedly encumbered the property. Defendant Leggett, as Collector of Revenue of the City of St. Louis, foreclosed the lien which resulted in Defendant Murphy, Sheriff of the City, selling the property at a Sheriff's sale. Defendant Land Reutilization Authority of the City of St. Louis actively bid and a Sheriff's Deed was issued by Defendant Murphy to the Land Reutilization Authority.

Plaintiff alleges that the City's actions were pursuant to an official policy or

---

[1] This rendition of the facts is set forth for the purposes of these motions only and in no way relieve the parties of necessary proof thereof in later proceedings.

custom or were performed by those with final policy making authority. Plaintiff further contends that its due process and equal protection rights were violated because Defendants failed to provide it with adequate notice of the actions taken with respect to the real property. Plaintiff claims it never received notice of the Condemnation, that if the City of St. Louis sent Plaintiff notice, the notice was returned to Defendant and that Defendant took no further steps to attempt to provide Plaintiff with actual notice of the Notice of Condemnation.

Plaintiff alleges that it was damaged through the loss of its security interest in the property. It also seeks a declaration that the Sheriff's Deed is null and void, or alternatively that the failure to give notice of Plaintiff's redemption rights means that Plaintiff's interest in the property was not affected by the tax sale and that the lien of the Deed of Trust held by Plaintiff was not extinguished by the tax sale.

Count II of the Complaint is a state action for wrongful demolition of a fence under §§ 67.400 to 67.450 of the Revised Statutes of Missouri. Count III is a state law claim for declaratory relief and to quiet title. Plaintiff bases the Court's jurisdiction over these counts on the Court's diversity of citizenship jurisdiction (28 U.S.C. § 1332) and the Court's supplemental jurisdiction (28 U.S.C. § 1367(a)).

Defendants move to dismiss for lack of jurisdiction because they claim the Complaint shows that notice was given to Plaintiff at the address listed on the Deed

of Trust, that this action is actually only a state law action to quiet title and that there is no diversity jurisdiction because Plaintiff has not suffered a monetary loss and therefore the amount in controversy requirement of Section 1332 has not been satisfied.

**Discussion**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure[2] may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Defendants do not challenge the truthfulness of the allegations regarding

---

[2] Defendants do not specifically cite Rule 12(b)(1) as the basis of their Motions to Dismiss, however, because they are challenging the Court's subject matter jurisdiction, this Rule applies.

Plaintiff's Section 1983 claim.[3]  Rather, they contend that the Complaint sets forth that Plaintiff received notice and because notice was received, there is no jurisdiction over the due process and equal protection claims.  Defendants, therefore facially challenge the Court's subject matter jurisdiction, thus the Court presumes the truth of Plaintiff's jurisdictional allegations.

A mortgagee possesses a substantial property interest that is significantly affected by a tax sale.  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, (1983).  The Due Process Clause of the Fourteenth Amendment requires that, prior to taking an action affecting an interest in property, a state provide notice that is reasonably calculated, under the circumstances, to apprise interested parties of the pendency of that action.  *Id*., at 795; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950; *Kornblum v. St. Louis County*, 72 F.3d 661, 663 (8th Cir. 1995).  "Notice that is constitutionally sufficient is 'such as one desirous of actually informing the [interested parties] might reasonably adopt to accomplish it.' *Mullane*, 339 U.S. at 315, 70 S.Ct at 657."  *Id.*

The Supreme Court has further explained what is required to notify an

---

[3] Defendants do challenge the factual correctness of Plaintiff's claim of monetary loss in the amount of $105,000.00.  This challenge, however is unsupported by any evidence upon which the Court can make a determination.  Furthermore, because the Court has federal question jurisdiction as to Plaintiff's Section 1983 claim and supplemental jurisdiction over the remaining claims, whether the Court has diversity jurisdiction is an academic question.

interested party in actions taken with respect to real property:

> In *Mullane,* we stated that "when notice is a person's due ... [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," 339 U.S., at 315, 70 S.Ct. 652, and that assessing the adequacy of a particular form of notice requires balancing the "interest of the State" against "the individual interest sought to be protected by the Fourteenth Amendment," *id.,* at 314, 70 S.Ct. 652. Our leading cases on notice have evaluated the adequacy of notice given to beneficiaries of a common trust fund, *Mullane, supra;* a mortgagee, *Mennonite,* 462 U.S. 791, 103 S.Ct. 2706; owners of seized cash and automobiles, *Dusenbery,* 534 U.S. 161, 122 S.Ct. 694; *Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) *(per curiam);* creditors of an estate, *Tulsa Professional,* 485 U.S. 478, 108 S.Ct. 1340; and tenants living in public housing, *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). In this case, we evaluate the adequacy of notice prior to the State extinguishing a property owner's interest in a home.
>
> We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed. If the Commissioner prepared a stack of letters to mail to delinquent taxpayers, handed them to the postman, and then watched as the departing postman accidentally dropped the letters down a storm drain, one would certainly expect the Commissioner's office to prepare a new stack of letters and send them again. No one "desirous of actually informing" the owners would simply shrug his shoulders as the letters disappeared and say "I tried." Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman.
>
> By the same token, when a letter is returned by the post office, the sender will ordinarily attempt to resend it, if it is practicable to do so. See *Small v. United States,* 136 F.3d 1334, 1337 (C.A.D.C.1998). This is especially true when, as here, the subject matter of the letter

> concerns such an important and irreversible prospect as the loss of a house. Although the State may have made a reasonable calculation of how to reach [plaintiff], it had good reason to suspect when the notice was returned that [plaintiff] was "no better off than if the notice had never been sent." *Malone, supra,* at 37. Deciding to take no further action is not what someone "desirous of actually informing" [plaintiff] would do; such a person would take further reasonable steps if any were available.

*Jones v. Flowers* 547 U.S. 220, 126 S.Ct. 1708, 1715 -1716 (2006).

In the instant case, the Complaint alleges that Plaintiff was never sent any notification of the obligation to abate certain conditions regarding the fence. It further alleges that it did not receive notice of any abatement requirements, and that it believes that if notice was sent, it was returned to the sender. According to the Complaint, no further action was taken by the City. Assuming the truth of these allegations, as the Court must, *Titus*, 4 F.3d at 593, Plaintiff has sufficiently set forth a claim of violation of its constitutional rights. Having done so, the Court may exercise jurisdiction pursuant to its federal question jurisdiction. 28 U.S.C. § 1331.

Since the Court has federal question jurisdiction, Plaintiff's state claims may also be litigated in this Court under the provisions of 28 U.S.C. § 1367. The matters raised under the state law arise out of the same set of facts and are so related to Plaintiff's claims that they form a part of the same case.

Defendants also complain that Defendants Murphy and Leggett are not proper

parties to any quiet title action. Because Plaintiff has stated a cause of action for a violation of its constitutional rights, this basis for dismissal is without merit.

## Conclusion

Based upon the foregoing, the Court finds that it has jurisdiction over this matter. As such, the Motions to Dismiss are not well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No.'s 8 and 11], are denied.

Dated this 24th day of May, 2007.

　　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE