UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 4:07CV206 HEA |
| v. | ) |
| | ) |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE CITY OF ST. | ) |
| LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Leggett and Murphy's Motion for Summary Judgment, [Doc. No. 63], Plaintiff's Motion for Partial Summary Judgment, [Doc. No. 65], Plaintiff's Motion to Amend by Interlineation its Third Amended Complaint, [Doc. No. 67], Defendants Land Reutilization Authority of the City of St. Louis, Missouri, LRA, and the City of St. Louis' Joint Motion for Summary Judgment, [Doc. No. 68], the Joint Motion in Limine filed by Defendants Leggett and Murphy, [Doc. No. 83], and the Joint Motion in Limine filed by LRA and the City of St. Louis, [Doc. No. 89].

In its Motion to Amend by Interlineation, Plaintiff represents to the Court that on the last day of discovery it obtained the deposition testimony of the Forestry Commissioner of the City of St. Louis to the effect that a special tax bill in question

was issued for "light debris" under the Weed Control Ordinance of the City of St. Louis two days prior to the creation of the Deed of Trust held by Plaintiff. This new discovery changes the entire complexion of this case and raises additional issues regarding Plaintiff's constitutional rights. Immediately after filing the motion, Plaintiff filed its Amendment by Interlineation to Third Amended Complaint," without allowing the Court the opportunity to consider the motion. Since the "filing" Plaintiff has responded to Defendant's pleadings and has filed its subsequent pleadings as if leave to file the amendment had been granted. Defendants, on the other hand, opposed the filing of the amendment and have filed their pleadings as if the amendment had not been granted. As such, the parties are proceeding on two entirely different planes, which in essence precludes This Courts' expeditious resolution of the pending issues.

The Court cannot, in good conscience, deny Plaintiff the opportunity to amend its Complaint in light of the substantial constitutional challenges alleged by Plaintiff regarding the deprivation of its property rights. Plaintiff **will not**, however, be allowed to include in its amendment claims which have been previously dismissed by the Court. Notwithstanding the allowance of the amendment, the Court agrees with Defendants that they are entitled to challenge Plaintiff's new allegations of additional claims, which change the entire complexion of this case.

This is indeed a problematic situation because of the timing of the proposed amendment *vis a vis* the pending motions for summary judgment and the imminent trial date. In fairness to all parties, therefore, the trial date is vacated and all pending motions for summary judgment and in limine are denied, without prejudice to refiling at a later date.

Plaintiff is given leave to file a Fourth Amended Complaint within 7 days from the date of this Order. The Amended Complaint shall be filed as a separate pleading and **not** through Interlineation. **The Amended Complaint may not contain any claims or allegations which have been previously dismissed**.

The parties are ordered to meet within 14 days from the date of this order and jointly prepare an amended Case Management Order for the sole purpose of arriving at new deadlines for responsive pleadings to the Fourth Amended Complaint, the filing of dispositive motions and a new trial date. Based on the proceedings to date, the Court anticipates that additional discovery will not be required; the parties will therefore be required to request leave of Court prior to any additional discovery, in the event that they believe same is necessary.

Plaintiff is admonished that the Court will not lightly view additional motions to amend, nor will it tolerate further assumptions on Plaintiff's part regarding pleadings which require leave of Court in order to be filed. Defendants' points

regarding the length of time this matter has been pending are valid and well taken; further extensions will not be granted without substantial cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend by Interlineation its Third Amended Complaint, [Doc. No. 67], is **denied.** Plaintiff is granted leave to file a Fourth Amended Complaint within 7 days from the date of this Order.

**IT IS FURTHER ORDERED** that the trial setting of December 8, 2008 is vacated, to be reset after the parties submit their Amended Case Management Order.

**IT IS FURTHER ORDERED** that Defendants Leggett and Murphy's Motion for Summary Judgment, [Doc. No. 63], Plaintiff's Motion for Partial Summary Judgment, [Doc. No. 65], and Defendants Land Reutilization Authority of the City of St. Louis, Missouri, LRA, and the City of St. Louis' Joint Motion for Summary Judgment, [Doc. No. 68], are **denied**, without prejudice to refiling, as provided herein.

**IT IS FURTHER ORDERED** that the Joint Motion in Limine filed by Defendants Leggett and Murphy, [Doc. No. 83], and the Joint Motion in Limine filed by LRA and the City of St. Louis, [Doc. No. 89], are **denied** without prejudice

to refiling, as provided herein.

**IT IS FURTHER ORDERED** that the parties shall, within 14 days from the date of this Order meet, prepare and submit to the Court an Amended Case Management Order, as detailed herein.

Dated this 26th day of November, 2008.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE