IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EPICE CORPORATION,<br>a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE LAND REUTILIZATION<br>AUTHORITY OF THE CITY OF ST.<br>LOUIS, MISSOURI,<br><br>JAMES W. MURPHY, Sheriff of the City<br>of St. Louis, Missouri,<br><br>RONALD A. LEGGETT, Collector of<br>Revenue for the City of St. Louis, Missouri,<br>and<br><br>CITY OF ST. LOUIS, MISSOURI,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 4:07CV00206 HEA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FOURTH AMENDED COMPLAINT

### Parties

1.　　Plaintiff, Epice Corporation, is a Nevada corporation with its principal place of business in Culver City, California, and Plaintiff Epice Corporation is not a citizen of the State of Missouri for purposes of determining the subject matter jurisdiction of this Court.

2.　　Defendant, The Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter sometimes referred to as the "LRA"), is an public corporation, authority and body created under the Municipal Land Reutilization Law, §§ 92.700 to 92.920, RSMo, particularly § 92.875, RSMo, with its principal office and place of business located in the City of St. Louis, Missouri.  Defendant LRA is a citizen of the

state of Missouri for purposes of determining the subject matter jurisdiction of this Court. Defendant LRA is a "person" under 42 U.S.C. § 1983, or Defendant LRA is an agent or trustee of certain taxing authorities, including Defendant City of St. Louis, Missouri, who is a "person" under 42 U.S.C. § 1983.

3.      Defendant, James W. Murphy, is sued in his official capacity as Sheriff of the City of St. Louis, Missouri.   Upon information and belief, Defendant, James W. Murphy is a citizen of the state of Missouri for purposes of determining the subject matter jurisdiction of this Court.

4.      Defendant, Ronald A. Leggett, is sued in his official capacity as Collector of Revenue of Defendant City of St. Louis, Missouri.   Upon information and belief, Defendant, Ronald A. Leggett, is a citizen of the state of Missouri for purposes of determining the subject matter jurisdiction of this Court.

5.      Defendant, City of St. Louis, Missouri (hereinafter sometimes referred to as the "City"), is a political subdivision of the State of Missouri, recognized both as a city and as a county under Mo. Const. Art. VI, § 31.  Defendant City is a "person" under 42 U.S.C. § 1983.  Defendant City is a citizen of the state of Missouri for purposes of determining the subject matter jurisdiction of this Court.

**Jurisdiction and Venue**

6.      This action is brought under 42 U.S.C. §§ 1983 and 1988 to remedy the deprivation of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution.

7.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

8.    Further, because the amount in controversy exceeds the value of $75,000.00 and this action is between citizens of different states, this Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332.

9.    This action is also brought under § 67.450, RSMo, to remedy the wrongful demolition of a fence in violation of the procedures provided for in §§ 67.400 to 67.450, RSMo, and if this Court does not have diversity of citizenship jurisdiction over said claim under 28 U.S.C. § 1332, then this Court has ancillary or supplemental jurisdiction under 28 U.S.C. § 1367(a) over said state law claims incidental to the original jurisdiction of this Court as said federal and state law actions are part of the same case or controversy, are factually interdependent and should be disposed of by a single court.

10.    This action is also brought pursuant to §§ 527.150 to 527.250, RSMo (statutes relating to quiet title actions), Missouri Supreme Court Rule 93.01 (relating to quiet title actions), §§ 527.010 to 527.130, RSMo (the Declaratory Judgment Act), and Missouri Supreme Court Rule 87 (relating to actions for declaratory judgments), and if this Court does not have diversity of citizenship jurisdiction over said claim under 28 U.S.C. § 1332, then this Court has ancillary or supplemental jurisdiction under 28 U.S.C. § 1367(a) over said state law claims incidental to the original jurisdiction of this Court as said federal and state law claims are part of the same case or controversy, are factually interdependent and should be disposed of by a single court.

11.    All of the Defendants are residents of the State of Missouri and at least one of the Defendants is a resident of the Eastern District of Missouri.  Therefore, under 28 U.S.C. § 1391(b)(1), venue is proper in the United States District Court for the Eastern District of Missouri.

12.    A substantial part of the events and omissions giving rise to these claims occurred in this District.  Therefore, under 28 U.S.C. § 1931(b)(2), venue is proper in this Court.

### General Allegations

13.    By Quit Claim Deed dated on or about October 12, 2001, and recorded on or about October 18, 2001, in Book 1722 Page 3857 of the City of St. Louis Land Records, T. Rupp Corporation, a corporation organized and existing under the laws of the State of Tennessee, conveyed the following described real estate located in the City of St. Louis, Missouri, commonly known as 5900 West Florissant Avenue, St. Louis, Missouri 63136-4953 (hereinafter sometimes referred to as the "Property"), to C.W. Turner Corporation, whose mailing address was shown as 4601 W. Sahara Ave., Suite L, Las Vegas, Nevada 89102, on said instrument.  The legal description of said real estate as shown on said Quit Claim Deed is as follows:

PARCEL 2:  The Northern part of Lot 7, and all of Lot 8 in Block "F" of A. B. Finch's Subdivision of part of Lot 10 of James Jennings Estate and in Block 5781 of the City of St. Louis, beginning at the intersection of the West line of Riverview Boulevard (formerly Kingshighway Northwest widened by Ordinance No. 31365) and the South line of West Florissant Avenue, thence Southwardly on the West line of Riverview Boulevard (formerly Kingshighway Northwest) 75 feet, more or less, to a point 25 feet South of the North line of said Lot 7, thence Westwardly, to a point in the center line of a private alley 12 feet wide, 50 feet South the North line of said Lot 7, thence Northwardly along the center line of said alley 100 feet, more or less, to the South line of West Florissant Avenue, thence Eastwardly 83 feet 8-3/4 inches to the point of beginning.

14.    By Deed of Trust dated on or about October 10, 2002, and recorded on or about October 23, 2002, in Book 1804 Page 0742 of the City of St. Louis Land Records (hereinafter sometimes referred to as the "Deed of Trust"), C. W. Turner Corporation conveyed a security interest in the Property (with other property) to J. Dolores Epps, whose mailing address was shown on said instrument as P.O. Box 4353, Culver City,

California 90231, as Trustee for the benefit of Plaintiff, Epice Corporation, whose mailing address was shown on said instrument as P.O. Box 4353, Culver City, California 90231, to secure indebtedness in the amount of $175,000.00 and other charges specified therein.

15.     By Sheriff's Deed dated on or about February 8, 2005, and recorded on or about March 16, 2005, in Book 03162005 Page 254 of the City of St. Louis Land Records (hereinafter sometimes referred to as the "Sheriff's Deed"), Defendant James W. Murphy, in his capacity as Sheriff of Defendant City of St. Louis, Missouri, purported to convey the Property to Defendant, The Land Reutilization Authority of the City of St. Louis, Missouri.

16.     By Resignation of Trustee dated on or about October 4, 2006, and recorded on or about October 10, 2006, in Book 10102006 Page 0095 of the City of St. Louis Land Records, J. Dolores Epps resigned as Trustee under the Deed of Trust.

17.     By Appointment of Successor Trustee dated on or about October 4, 2006, and recorded on or about October 10, 2006, in Book 10102006 Page 0096 of the City of St. Louis Land Records, Plaintiff, Epice Corporation, appointed Gebhardt Real Estate and Legal Services, LLC, as Successor Trustee under said Deed of Trust.

18.     By Universal Affidavit Concerning Ownership By The Land Reutilization Authority of the City of St. Louis of 5900 West Florissant, City Block 5781-00-0700 A.K.A. Land Tax Suit 123-025 (hereinafter sometimes referred to as the "Universal Affidavit"), dated on or about December 1, 2006, and recorded on or about December 1, 2006, in Book 12012006 Page 0227 of the City of St. Louis Land Records, Defendant

LRA gave notice of the claim of Defendant LRA to the Property free and clear of the Deed of Trust or any interest of Plaintiff.

19.    By Successor's Trustee's Deed (Under Foreclosure) dated on or about December 11, 2006, and recorded on or about January 22, 2007 in Book 01222007 Page 0011 of the City of St. Louis Land Records (hereinafter sometimes referred to as the "Successor Trustee's Deed"), C.W. Turner Corporation, acting by and through Gebhardt Real Estate and Legal Services, LLC, as Successor Trustee under the Deed of Trust, conveyed the Property to Plaintiff, Epice Corporation, for a credit bid of $105,001.70 charged against the balance due under the promissory note secured by said Deed of Trust.

## COUNT I

### (Action under 42 U.S.C. §§ 1983 and 1988—Unlawful Taking Without Just Compensation)

Comes now Plaintiff, by and through its attorney pursuant to 42 U.S.C. §§ 1983 and 1988, and for Count I of its Fourth Amended Complaint, states:

20.    Plaintiff incorporates by reference all of the allegations stated in paragraphs 1 through 19 of its Fourth Amended Complaint into Count I of this Fourth Amended Complaint, as if such were fully set forth herein.

21.    Plaintiff, Epice Corporation, as the holder of the Deed of Trust and later as an owner of the Property after non-judicial foreclosure of the Deed of Trust as evidenced by the Successor Trustee's Deed, has had a property interest in the Property that is protected by the Fifth and Fourteenth Amendment to the United States Constitution at all relevant times, including without limitation, on the date of the execution of the Sheriff's Deed when this Property was taken from Plaintiff by Defendant LRA.

22.    Computer records of Defendant City may indicate that Defendant City issued a bill in the amount of $200.00 for costs purportedly incurred in abating a purported nuisance at the Property purportedly dated July 17, 2002 (hereinafter sometimes referred to as the "Abatement Bill").  No original or copy of the purported bill dated July 17, 2002 has been produced by Defendant City.

23.    The Forestry Commissioner of Defendant City certified the Abatement Bill to the Comptroller of Defendant City for issuance of a special tax bill to collect the Abatement Bill by letter purportedly dated September 27, 2002, without verifying the actual costs of abatement conducted at the Property by Defendant City and without attempting to collect the Abatement Bill for at least 90 days from the date of its issuance before certifying said Abatement Bill for collection by issuance of the Special Tax Bill, all in violation of the City's Weed Control Ordinance.

24.    The Forestry Commissioner of Defendant City did not attempt to collect the Abatement Bill from Plaintiff or to otherwise attempt to provide Plaintiff with constitutionally adequate notice of the issuance of said Abatement Bill.

25.    The Comptroller of Defendant City issued a Special Tax Bill purportedly dated October 8, 2002, for demolition and other costs that encumbered the Property without providing Plaintiff, Epice Corporation, constitutionally adequate notice of the issuance of the Special Tax Bill or otherwise attempting to give Plaintiff constitutionally notice of the issuance of the Special Tax Bill.

26.    Defendant City was not authorized to issue the Special Tax Bill against the Property without complying with the provisions of the City's Weed Control Ordinance, including those provisions of the Weed Control Ordinance requiring a certification of the

actual costs of abatement purportedly incurred by Defendant City and those provisions of the Weed Control Ordinance requiring Defendant City to attempt to collect the Abatement Bill for at least 90 days prior to certifying the Abatement Bill for collection through the issuance of the Special Tax Bill.

27.    Defendant City was not authorized to issue the Special Tax Bill against the Property.

28.    Defendant Ronald A. Leggett, as Collector of Revenue of Defendant City foreclosed the lien of said Special Tax Bill against the Property in a case styled, *In the Matter of Foreclosure of Special Tax Liens by Action In Rem:  Collector of Revenue of the City of St. Louis, Missouri v. Parcels of Land Encumbered With Special Delinquent Tax Liens*, Land Tax Suit No. 123 in the Twenty-second Judicial Circuit Court of the State of Missouri (St. Louis City) (hereinafter sometimes referred to as "Land Tax Suit 123"), naming the Property as a parcel of land encumbered with delinquent tax liens with a serial number of 123-025.

29.    Defendant Ronald A. Leggett did not give Plaintiff actual or constitutionally adequate notice of the foreclosure of the Special Tax Bill.

30.    Defendant James W. Murphy, as Sheriff of the City of St. Louis, sold the Property at a public auction on October 19, 2004, at which Defendant LRA actively bid for the acquisition of the Property, and Defendant LRA paid the sum of $2,100.00 for the Property.

31.    Defendant James W. Murphy did not give Plaintiff actual or constitutionally adequate notice of the tax sale at which Defendant LRA acquired the Property.

32.    Prior to the issuance of the Sheriff's Deed to Defendant LRA, Defendant LRA did not give Plaintiff actual or constitutionally adequate notice of the confirmation hearing at which the tax sale was confirmed in Land Tax Suit 123, Parcel 025, and further, any notice given by Defendant LRA to Plaintiff after the tax sale would have been after Plaintiff's rights of redemption had expired.

33.    Active bidding for the acquisition of the Property by Defendant LRA at a tax sale conducted under the Missouri Municipal Reutilization Law did not serve any public purpose, and the acquisition of the Property by Defendant LRA did not serve any public purpose.

34.    Plaintiff was not paid just compensation when Defendant LRA took Plaintiff's interest in the Property.

35.    Plaintiff never received actual or constitutionally adequate notice prior to the taking of the Property at tax sale by any of the Defendants.

36.    Defendant City has executed as an official policy of said City, or as a custom and usage of said City, or through the actions of those with final policymaking authority, including, without limitation, the actions taken by the Forestry Commissioner and the Comptroller in issuing the Special Tax Bill, the right to take from Plaintiff all right, title and interest in the Property without just compensation through the foreclosure of said Special Tax Bill.

37.    Defendant LRA has executed as an official policy of said public corporation, or as a custom and usage of said public corporation, or through the actions of those with final policymaking authority, including, without limitation, the recordation of the Universal Affidavit and the Sheriff's Deed, the right to take from Plaintiff all right,

title and interest in the Property without just compensation by actively bidding for the acquisition of the Property at a tax sale.

38.     On or about February 8, 2005 (the date of execution of the Sheriff's Deed), and prior to that time, Defendants, acting under of color of state law, deprived the Plaintiff of rights, privileges, and immunities secured by the laws of the United States and the State of Missouri, including, without limitation, the Fifth and Fourteenth Amendments to the United States Constitution, by taking the Property from Plaintiff without just compensation.

39.     As a direct and proximate result of the actions of Defendants described herein, Plaintiff has been damaged through the loss of its security interest in the Property in an amount not less than $105,001.70, and said damages continue to accrue in the form of interest accruing on the amounts due under the note secured by said deed of trust.

40.     Alternatively, Plaintiff is entitled to a declaration that the Sheriff's Deed described herein is null and void and of no effect, or alternatively, that the failure to give Plaintiff constitutionally adequate notice of its redemption rights from the tax sale conducted on October 19, 2004, means that Plaintiff's interest in the Property was not affected by said tax sale and the lien of the Deed of Trust held by Plaintiff was not extinguished by said tax sale.

41.     If said Sheriff's Deed is set aside, from and after the date of the Successor Trustee's Deed, Plaintiff has been entitled to possession of the Property, and Defendants should compensate Plaintiff for the loss of use of the Property by the Defendants.

42.     Plaintiff hereby incorporates all of the allegations stated in Count II of this Fourth Amended Complaint into Count I of this Fourth Amended Complaint, as if such were fully set forth herein.

WHEREFORE, Plaintiff prays for the following relief against the Defendants named herein:

A.     A judgment that the Sheriff's Deed purportedly conveying the Property to Defendant, The Land Reutilization Authority of the City of St. Louis, Missouri, is null, void and of no effect, as the Sheriff's Deed represents an unconstitutional taking of Plaintiff's interest in the Property.

B.     Alternatively, a judgment that the foreclosure of the Special Tax Bill conducted in Land Tax Suit 123, Parcel 025, had no effect upon and did not extinguish the lien of the Deed of Trust held by Plaintiff, as the Sheriff's Deed represents an unconstitutional taking of Plaintiff's interest in the Property.

C.     Alternatively, if said Sheriff's Deed is not set aside or is not held to be invalid, judgment in favor of Plaintiff and against Defendants in the amount of the value of its security interest lost through said tax sale, which amount is not less than $105,001.70 and interest and other charges accruing thereon.

D.     Alternatively, if said Sheriff's Deed is set aside or held to be invalid, judgment in favor of Plaintiff against Defendants in the amount representing Plaintiff's loss of use of the Property from the date of the Successor Trustee's Deed to the date of Judgment in this matter.

E.     Judgment for Plaintiff and against Defendants for reasonable attorney's fees and costs of this action.

F.      Judgment for such other relief as is just.

## COUNT II

## (Action under 42 U.S.C. §§ 1983 and 1988—Deprivation of Property Without Due Process)

Comes now Plaintiff, by and through its attorney pursuant to 42 U.S.C. §§ 1983 and 1988, and in the alternative to Count I of its Fourth Amended Complaint, states the following as Count II of its Fourth Amended Complaint:

43.     Plaintiff incorporates by reference all of the allegations stated in paragraphs 1 through 42 of its Fourth Amended Complaint into Count II of this Fourth Amended Complaint, as if such were fully set forth herein.

44.     Plaintiff, Epice Corporation, as the holder of the Deed of Trust dated October 10, 2002 that was publicly recorded on October 23, 2002, and later as an owner of the Property after non-judicial foreclosure of the Deed of Trust as evidenced by the Successor Trustee's Deed, has had a property interest in the Property that is protected by the Due Process Clause of Fourteenth Amendment to the United States Constitution since October 23, 2002, the date of the public recordation of said Deed of Trust.

45.     Defendant City purported to issue a Special Tax Bill against the Property purportedly dated October 8, 2002, under the Weed Control Ordinance, for a bill for the removal of light debris purportedly dated July 17, 2002.

46.     Section 11.04.110 of the City Code, as enacted by Ordinance No. 64164 (being part of the Weed Control Ordinance), provides:

> A.      The Forestry Commissioner shall bill the owners of any property on which the City abates a nuisance under this chapter for the cost of such abatement. Any such bill for the abatement of a nuisance under the provisions of

Section 11.04.080 which is unpaid ninety (90) days after it is mailed may be referred to the City Counselor or to a collection agency for collection and shall bear interest at the highest rated allowed by law. Any such bill for the abatement of a nuisance under the provisions of Section 11.04.080 which the Forestry Commissioner has been unable to collect shall be certified to the comptroller who shall notify the collector of revenue. The collector of revenue shall include the certified cost in the annual real estate tax bill for the property and the certified cost shall be collected in the same manner and procedure for collecting real estate taxes. If the certified cost is not paid, the tax bill shall be considered delinquent, and the collection of the delinquent bill shall be governed by the laws governing delinquent and back taxes. The tax bill from the date of its issuance shall be deemed a personal debt against the owner and shall be a lien on the property until paid.

47.     If said Special Tax Bill was in fact issued on October 8, 2002, said Special Tax Bill was not issued in compliance with the Weed Control Ordinance of Defendant City, which would have required the Forestry Commissioner of Defendant City to attempt to collect the Abatement Bill for at least 90 days prior to certification of the Abatement Bill to the Comptroller.

48.     If said Special Tax Bill was in fact issued on October 8, 2002 (being less than 90 days from the date of the Abatement Bill), said Special Tax Bill was issued contrary to the provisions of the Weed Control Ordinance without lawful authority, and the taking of the Property from Plaintiff based on said Special Tax Bill is an arbitrary action of Defendant City that constitutes a violation of Plaintiff's substantive due process rights.

49.     Defendant City did not attempt to provide Plaintiff mailed notice of said Special Tax Bill, nor did Defendant City attempt to collect said Special Tax Bill from Plaintiff

50.     Defendant City did not issue any special tax bill purportedly encumbering the Property in compliance with applicable Ordinances.

51.     Plaintiff never received any notice of the issuance of any special tax bill prior to the expiration of its right to redeem the Property from the tax sale.

52.     By invoice dated November 25, 2002, Defendant City sent a bill to C.W. Turner Corp.  Said invoice is for light debris removal in the amount of $200.00, exclusive of interest and other costs.  Said invoice does not contain the code "CREV", which is used to designate a bill assigned to the Collector for collection.

53.     By invoice dated August 25, 2003, Defendant City sent a bill to C.W. Turner Corp.  Said invoice is purportedly for a vacant building fee of $200.00, exclusive of interest and other costs.  Said invoice does contain the code "CREV", which is used to designate a bill assigned to the Collector for collection for which a special tax bill has been issued.

54.     The Property was improved with a fence less than thirty feet high (hereinafter sometimes referred to as the "Fence").

55.     On or about May 8, 2003, Defendant City mailed C.W. Turner Corporation a Notice of Condemnation pursuant to St Louis City Revised Code Chapter 25.01 Section 119.0 (as enacted by Ordinance 64771) that the Fence was a structure in a condition that purportedly endangered the health and/or lives and/or safety and welfare of persons or property, and ordering the Fence to be demolished or repaired by May 18, 2003.  Said Notice of Condemnation purported to give C. W. Turner Corporation notice of certain rights of appeal.  Said Notice of Condemnation is not directed to Plaintiff.  Said Notice of Condemnation was mailed to C.W. Turner Corporation, Reg. Agent Linda

Shaw, 5000 Glendale Road, Morris Chapel, Tennessee 38361. The address of C.W. Turner Corporation, as shown by the records of the assessor of the City of St. Louis, Missouri, was 4601 West Sahara Avenue, Suite L, Las Vegas, Nevada 89102. Linda Shaw was not the registered agent of C.W. Turner Corporation. Said notices were not sent via regular first class U.S. mail and by certified mail, return receipt requested.

56.    Said Fence was not a structure subject to condemnation under the applicable Ordinances of Defendant City.

57.    Condemnation of the Fence was not authorized under the Ordinances of Defendant City.

58.    Defendant City did not mail Plaintiff any notice of condemnation of the Fence, and Plaintiff never received said Notice of Condemnation.

59.    Defendant City did not implement any procedures to track whether the mailing of such notices of condemnation, if any, were actually received by Plaintiff.

60.    Defendant City took no additional reasonable steps that were practical to perform to attempt to provide Plaintiff with actual notice of said Notice of Condemnation.

61.    On or about June 13, 2003, Defendant City issued C. W. Turner a building permit for an addition to the building located at 5900 West Florissant, Missouri, with an estimated cost of $87,000.00.

62.    On or about October 20, 2003, Defendant Ronald A. Leggett filed a List of Parcels of Land Encumbered with Delinquent Tax Liens in Land Tax Suit 123, naming the Property as a parcel of land encumbered with delinquent tax liens with a serial number of 123-025.

63.     On or about December 19, 2003, Defendant Ronald A. Leggett obtained Findings of Fact, Conclusions of Law, and Order, Judgment and Decree of Foreclosure in Land Tax Suit 123 wherein Defendant Ronald A. Leggett obtained judgment that a special tax lien against the Property in the principal amount of $200.00, and totaling $454.35 with the addition of certain costs.

64.     On or about September 17, 2004, Defendant Ronald A. Leggett, acting by and through his attorney, caused an Affidavit of Service of Notice to be filed in Land Tax Suit 123 stating that a Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption was purportedly mailed via United States Mail, postage prepaid, to Plaintiff Epice Corporation at P.O. Box 4353, Culver City, California 90231.  Said Notice purportedly gave notice of the scheduling of a public sale of the Property on October 19, 2004, and the foreclosure of the right of redemption at said sale.

65.     Said Affidavit of Service of Notice is not signed by anyone who actually mailed the purported Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption to Plaintiff, nor has Defendant Ronald A. Leggett identified any actual person who purportedly mailed said Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption to Plaintiff.

67.     Plaintiff never received said Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption.

68.     Defendant Ronald A. Leggett implemented no procedures to track whether any notices of tax sale redemption rights, if any, that were mailed to Plaintiff were actually delivered.

69.     Defendant Ronald A. Leggett took no additional reasonable steps that were practical to perform to attempt to provide Plaintiff with actual notice of said Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption.

70.     Defendant James W. Murphy did not give Plaintiff any prior notice of the public tax sale of the Property conducted on October 19, 2004.

71.     Defendant James W. Murphy did not attempt to provide Plaintiff mailed notice of said tax sale.

72.     Defendant James W. Murphy has implemented no procedures to track whether any notices of the tax sale mailed to Plaintiff, if any, were actually delivered.

73.     Defendant James W. Murphy did not take any additional reasonable steps to provide Plaintiff with actual notice of the issuance of the Special Tax Bill.

74.     Defendant James W. Murphy filed in Land Tax Suit 123 his Partial Report of Sale to Private Purchasers with respect to the public sale conducted on October 19, 2004, showing that the Property was sold to Defendant LRA for $2,100.00.

75.     Defendant LRA actively bid the purchase price above the opening bid at such sale in order to acquire the Property.

76.     By Affidavit of Service of Notice filed on March 4, 2005, by Defendant LRA in Land Tax Suit 123, Defendant LRA stated that a Notice of Hearing was mailed on January 12, 2005, to J. Dolores Epps, Trustee for Epice Corporation, P.O. Box 4353, Culver City, California 90231.  Said Affidavit of Service does not state that a Notice of Hearing was mailed to Plaintiff Epice Corporation, only the Trustee named in the Deed of Trust described herein.

77.     By Notice of Hearing filed in Land Tax Suit 123 by Defendant LRA, Defendant LRA purported to give notice of a confirmation hearing under § 92.840, RSMo, on January 27, 2005, at 2:00 PM in Division 2 of the Twenty-second Judicial Circuit Court of Missouri (City of St. Louis).   Said Notice of Hearing contains a certificate of service indicating that said Notice of Hearing was mailed to "the persons shown on Notice."   The Notice of Hearing does not contain any specific reference to Plaintiff and shows only three parties receiving said notice, namely the Collector, Anthony J. Sestric, Attorney for Collector of Revenue, and the Sheriff.

78.     Plaintiff did not receive any notice of the hearing for confirmation of the tax sale from Defendant LRA.

79.     Defendant LRA implemented no procedures to track whether notices of tax sale confirmation hearings mailed to Plaintiff, if any, were actually delivered.

80.     Defendant LRA took no additional reasonable steps that were practical to perform to attempt to provide Plaintiff with actual notice of said notice of tax sale confirmation hearing.

81.     On or about January 27, 2005, a Judgment was entered in Land Tax Suit 123 confirming the tax sale of the Property to Defendant LRA for the sum of $2,100.00. Thereafter, the Sheriff's Deed described herein was executed in favor of Defendant LRA.

82.     Plaintiff's right of redemption ended at the tax sale conducted in execution of the judgment of foreclosure by Defendant James W. Murphy, in his capacity as Sheriff of Defendant City, on October 19, 2004.

83.     Notice of any confirmation hearing held on or about January 27, 2005, after the expiration of Plaintiff's right of redemption from the tax sale, is insufficient to allow Plaintiff the right to redeem its interest in the Property.

84.     Defendant City has executed as an official policy of said City, or as a custom and usage of said City, or through the actions of those with final policymaking authority, including, without limitations, the actions of the Forestry Commissioner and the Comptroller of the City of St. Louis, the right to deprive Plaintiff of all right, title and interest in the Property without due process of law.

85.     Defendant LRA has executed as an official policy of said Defendant, or as a custom and usage of said Defendant, or through the actions of those with final policymaking authority, including, without limitation, the recordation of the Universal Affidavit and the Sheriff's Deed, the right to deprive Plaintiff of all right, title and interest in the Property without due process of law.

86.     If the Special Tax Bill was in fact issued on October 8, 2002, the actions of Defendants in issuing said special tax bill against the Property without waiting 90 days from the date an abatement bill was purportedly mailed, contrary to the Weed Control Ordinance, commencing foreclosure proceedings on said Special Tax Bill without constitutionally adequate notice to Plaintiff, condemning the Fence at the Property when said Fence was not a structure and issuing Plaintiff a building permit when said Special Tax Bill was purportedly outstanding are arbitrary and capricious actions of the Defendants that violate Plaintiff's substantive due process rights secured by the Fourteenth Amendment to the United States Constitution.

87. If the Special Tax Bill was not in fact issued on October 8, 2002, but was the product of back-dated documents as evidenced by the $200.00 light debris invoice dated November 25, 2002 (which did not indicate that the bill had been turned over for collection to Defendant Ronald A. Leggett, Collector of Revenue, because the "CREV" code was omitted from that invoice) followed by the $200.00 vacant building fee invoice dated August 25, 2003 (which did indicate that the bill had been turned over for collection to Defendant Ronald A. Leggett, Collector of Revenue, because the "CREV" code was included on that invoice), the issuance of said Special Tax Bill at a time when Plaintiff was the holder of a publicly recorded Deed of Trust encumbering the Property without constitutionally adequate notice to Plaintiff violated Plaintiff's procedural due process rights secured by the Fourteenth Amendment to the United States Constitution.

88. Further evidence of the back-dating of documents is found in the statement of counsel for Defendant City in certain discovery responses filed in this case, as follows: "September 27, 2002 Letter from Greg Hayes of the City's Department of Parks, Recreation & Forestry to Darlene Green, Comptroller of the City of St. Louis, regarding the cost of removal of the fence from the Property is attached." Response to Request No. 27 of the Responses to Plaintiff's First Request for Production of Documents Directed to Defendant City of St. Louis.

89. On or about February 8, 2005 (the date of execution of the Sheriff's Deed), and prior to that time, Defendants, acting under of color of state law, deprived the Plaintiff of rights, privileges, and immunities secured by the laws of the United States and the State of Missouri, including, without limitation, the Fourteenth Amendment to the

United States Constitution, by depriving Plaintiff of the Property without substantive and/or procedural due process of law.

90.     As a direct and proximate result of the actions of Defendants described herein, Plaintiff has been damaged through the loss of its security interest in the Property in an amount not less than $105,001.70, and said damages continue to accrue in the form of interest accruing on the amounts due under the note secured by said deed of trust.

91.     Alternatively, Plaintiff is entitled to a declaration that the Sheriff's Deed described herein is null and void and of no effect, or alternatively, that the failure to give Plaintiff constitutionally adequate notice of its redemption rights from the tax sale conducted on October 19, 2004, means that Plaintiff's interest in the Property was not affected by said tax sale and the lien of the Deed of Trust held by Plaintiff was not extinguished by said tax sale.

92.     If said Sheriff's Deed is set aside, from and after the date of the Successor Trustee's Deed, Plaintiff has been entitled to possession of the Property, and Defendants should compensate Plaintiff for the loss of use of the Property by the Defendants.

WHEREFORE, Plaintiff prays for the following relief against the Defendants named herein:

A.     A judgment that the Sheriff's Deed purportedly conveying the Property to Defendant, The Land Reutilization Authority of the City of St. Louis, Missouri, is null, void and of no effect, as the Sheriff's Deed represents an unconstitutional taking of Plaintiff's property interest in the Property.

B.     Alternatively, a judgment that the foreclosure of the Special Tax Bill conducted in Land Tax Suit 123, Parcel 025, had no effect upon and did not extinguish

the lien of the Deed of Trust held by Plaintiff, as the Sheriff's Deed represents an unconstitutional taking of Plaintiff's property interest in the Property.

C.    Alternatively, if said Sheriff's Deed is not set aside or is not held to be invalid, judgment in favor of Plaintiff and against Defendants in the amount of the value of its security interest lost through said tax sale, which amount is not less than $105,001.70 and interest and other charges accruing thereon.

D.    Alternatively, if said Sheriff's Deed is set aside or held to be invalid, judgment in favor of Plaintiff against Defendants in the amount representing Plaintiff's loss of use of the Property from the date of the Successor Trustee's Deed to the date of Judgment in this matter.

E.    Judgment for Plaintiff and against Defendants for reasonable attorney's fees and costs of this action.

F.    Judgment for such other relief as is just.

## COUNT III

## (Action under § 67.450, RSMo)

Comes now Plaintiff, by and through its attorneys pursuant to § 67.450, RSMo, and for Count III of its Fourth Amended Complaint directed against Defendant City of St. Louis, states:

93.    Plaintiff incorporates by reference all of the allegations stated in paragraphs 1 through 92 of its Fourth Amended Complaint into Count III of this Fourth Amended Complaint, as if such were fully set forth herein.

94.    Sections 67.400 to 67.450, RSMo, apply to Defendant City.

95.    Upon information and belief, Defendant City has adopted ordinances pursuant to the powers granted Defendant City under Sections 67.400 to 67.450, RSMo.

96.    Section 67.450, RSMo, provides:

> In the event any building or structure is wrongfully demolished by a city, town, village or county having a charter form of government or is demolished without adhering to the procedures provided in sections 67.400 to 67.450, the city, town, village or county having a charter form of government shall be liable for damages as determined by a court of law in suit brought by the party so damages.

97.    For the reasons stated in Counts I and II of this Fourth Amended Complaint, the demolition of the Fence was wrongful, in that:

A. The Fence was not a "structure", as that term is defined in the ordinances of Defendant City for demolition purposes, and said Fence was not subject to demolition under said ordinances.

B. Defendant City wrongfully demolished the Fence, and Defendant City did not follow the requirements of §§ 67.400 to 67.450, RSMo, in its ordinances or in practice, including, without limitation, the failure to provide adequate notice of hearings, the failure to include mortgagees, such as Plaintiff, as a party to any such demolition proceedings, and failing to obtain two independent bids for demolition before encumbering property with special tax bills.

C. Defendants did not provide Plaintiff with constitutionally adequate notice of the condemnation of the Fence, the declaration of the Fence as a nuisance, any rights to appeals or hearings to adjudicate whether the Fence was a nuisance or otherwise subject to

demolition, the imposition of a lien in the form of a special tax bill encumbering the Property with a purported priority over the lien of the Deed of Trust held by Plaintiff, the institution of foreclosure proceedings with respect to said special tax bill, and Plaintiff's rights of redemption from said foreclose proceedings.

98.    As a direct and proximate result of the actions of Defendants described herein, Plaintiff has been damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence.

WHEREFORE, Plaintiff prays for the following relief against Defendant City of St. Louis:

A.    Judgment in favor of Plaintiff and against Defendant City of St. Louis in the amount of the value of the Fence or the cost of replacing said Fence.

B.    Judgment for Plaintiff and against Defendant City of St. Louis for costs of this action.

C.    Judgment for such other relief as is just.

## COUNT IV

### (Action for Declaratory and Other Relief)

Comes now Plaintiff, by and through its attorneys pursuant to §§ 527.150 to 527.250, RSMo (statutes relating to quiet title actions), Missouri Supreme Court Rule 93.01 (relating to quiet title actions), §§ 527.010 to 527.130, RSMo (the Declaratory Judgment Act), and Missouri Supreme Court Rule 87 (relating to actions for declaratory judgments), and for Count IV of its Fourth Amended Complaint, states:

99.    Plaintiff incorporates by reference all of the allegations stated in paragraphs 1 through 98 of its Fourth Amended Complaint into Count IV of its Fourth Amended Complaint, as if such were fully set forth herein.

100.    For the reasons stated herein, Plaintiff is entitled to a declaratory judgment quieting the title to the Property in the name of the Plaintiff free and clear of any interests of Defendants, and for a declaratory judgment setting aside the Sheriff's Deed described herein and declaring said Sheriff's Deed to be null and void and of no effect.

101.    Alternatively, if said Sheriff's Deed is of force and effect for any reason, Plaintiff is entitled to a declaratory judgment quieting the title to the Property in the name of the Plaintiff on the ground that the tax sale did not extinguish the lien of the Deed of Trust held by Plaintiff, due to the constitutionally inadequate notice of the redemption rights of Plaintiff from the tax sale described herein.

WHEREFORE, Plaintiff prays for the following relief against Defendants:

A.    A declaratory judgment that the Sheriff's Deed dated on or about February 8, 2005, and recorded on or about March 16, 2005, in Book 03162005 Page 254 of the City of St. Louis Land Records, Defendant James W. Murphy, in his capacity as Sheriff of Defendant City of St. Louis, Missouri, conveyed the Property to Defendant, The Land Reutilization Authority of the City of St. Louis, Missouri, is null, void and of no effect.

B.    A judgment quieting the title to the Property in the name of Plaintiff free and clear of any interest of Defendants.

C.    Alternatively, a declaratory judgment that the foreclosure of the special tax bill conducted in Land Tax Suit 123 had no effect upon and did not extinguish the

lien of the Deed of Trust held by Plaintiff, as Plaintiff was not given constitutionally

adequate notice of its redemption rights from said tax sale.

        D.      Judgment in favor of Plaintiff and against Defendants for the costs of this

action.

        E.      Judgment for such other relief as is just.

                             Respectfully submitted,

                             GEBHARDT REAL ESTATE AND
                             LEGAL SERVICES, L.L.C.

            By:     __/s/_____
                       Phillip K. Gebhardt  Mo. Bar #29569
                       U.S.D.C., E.D. of Mo. # 61304
                       1720 North Main Street
                       Desoto, Missouri 63020
                       (636) 586-4545
                       St. Louis Telephone (636) 337-0615
                       Fax (636) 586-3504
                       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 3rd day of December, 2008, to Anthony Sestric, Special Assistant Circuit Attorney, 3967 Holly Hills Boulevard, St. Louis, Missouri 63116-3135, Attorney for Defendants James W. Murphy, Sheriff of the City of St. Louis, and Ronald A. Leggett, Collector of Revenue of the City of St. Louis, Donald C. Dylewski and Robert M. Hibbs, Office of the City Counselor, City Hall, Room 314, 1200 Market Street, St. Louis, Missouri 63103, Attorney for Defendants Land Reutilization Authority of the City of St. Louis and City of St. Louis, Missouri, and Matthew C. Casey, Casey & Devoti, P.C., 100 North Broadway, Suite 1000, St. Louis, Missouri 63102-2704, Co-counsel for Plaintiff.

                                   _____

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Complaint7
File No. 06-386-L-5230
pkg