IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Ca. # 4:07CV00206 HEA |
| vs. ) | |
| ) | |
| THE LAND RITUALIZATION AUTHORITY ) | |
| OF THE CTY OF ST. LOUIS, et al ) | |
| ) | |
| Defendants ) | |

## DEFENDANTS MURPHY'S AND LEGGETT'S JOINT MOTION FOR SUMMARY JUDGMENT.

Come now Defendants Murphy, in his capacity as Sheriff of the City of St. Louis, and Leggett, in his capacity as former Collector of Revenue, City of St. Louis, by counsel, and move this Honorable Court for a Summary Judgment in favor of these Defendants and against the Plaintiff and to Dismiss the Plaintiff's Fourth Amended Complaint, and in support thereof state:

### STATEMENT OF UNDISPUTED FACTS

1. The Plaintiff's allegations as to Defendants Murphy and Leggett are that they failed to give Plaintiff notice of the pendency of the Sheriff's sale. (¶ 29 - 31; and 64 - 76 of Plaintiff's 4th Am. Pet.)

2. Plaintiff's mailing address is and always was P. O. Box 4353, Culver City, California, 90231. (See Delores Epps Dep., page 54, line 16 to page 55, line 20 and page 80, line 14 to line 25; Raphael Williams Dep., page 73, line 24 to page 74, line 17; and page 187, line 13 to page 188, line 17; and Phillip K. Gebhardt Dep., page 18, line 15 to page 20, line 7; page 20, line 15 - 22;

3. On September 19, 2004, a notice of the pendency of the Sheriff's sale was mailed to Epice Corporation addressed at P.O. Box 4353, Culver City, California, 90231. (See Affidavit of Laura Schulte attached.)

4. The Notice that was mailed to Epice was not returned to the Collector's office. (See Affidavit of Karen Burkhardt attached.)

WHEREFORE, Defendants Murphy and Leggett move for an Order and Judgment of this Court in favor of Defendants Murphy and Leggett and dismissing Plaintiff's Fourth Amended Complaint against Defendants Sheriff of the City of St. Louis and Collector of Revenue, City of St. Louis, and such other orders as this court shall deem meet and just, including, but not limited to, reasonable attorney's fees for the attorney for these defendants.

JENNIFER M. JOYCE, CIRCUIT ATTORNEY

By _____
Anthony J. Sestric ARN#4332
3967 Holly Hills Blvd. Attorney
St. Louis, MO 63116-3135
(314) 351-2512
(314) 351-2395 (Fax)
Attorney for the Sheriff and Collector

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing document has been electronically served upon the parties this 27th day of March 2009 addressed to

Mr. Philp K. Gebhardt
Attorney at Law
1720 No. Main
Desoto, MO 63020
Attorney for Plaintiff

and

Mr. Robert M. Hibbs,
Office of the City Counselor,
City Hall, Room 314
1200 Market Street,
St. Louis, MO 63103
Attorney for Defendants
City of St. Louis and
Land Reutilization Authority

and

Mr. Matthew C. Casey
Casey & Devoti, Attorneys at Law
100 No. Broadway, Suite 1000
St. Louis, Mo 63102-2704
Attorney for Plaintiff

and

Mr. Donald C. Dylewski
Office of the City Counselor
City Hall, Room 314
1200 Market St.
St. Louis, MO 63103
Attorney for Defendants
City of St. Louis and
Land Reutilization Authority

_____
Anthony J. Sestric

TELEPHONE DEPOSITION OF WITNESS
J. DELORES EPPS

Taken on behalf of the Defendant

January 14, 2009

Deposition of Delores Epps taken on January 14, 2009

54

15  A   Yes.
16  Q   Thank you. Now, Ms. Epps, if we could go,
17  please, to Exhibit 7.
18  A   Okay. Just one second.
19  Q   Surely.
20  A   Pull that out. Okay.
21  Q   And I will tell you this is a copy of the
22  recorded successor trustee's deed when the property was
23  sold under foreclosure by Mr. Gebhardt.
24       Let me ask you to go to -- page here --
25  A   Are you still there?

55

1   Q   I'm still here, I'm looking for a particular
2  part here, cause there's an address for Epice Corporation.
3       Well. Okay, look at the first page,
4  Ms. Epice -- excuse me -- Ms. Epps.
5   A   Yes.
6   Q   *The third line -- fourth line from the bottom,*
7  *says, "Grantee's name: Epice Corporation", you see that?*
8   A   Yes.
9   Q   *All right. And the next line is statutory*
10 *address, Post Office Box 4353, Culver City, California*
11 *90231?*
12  A   Yes.
13  Q   *And that's the Post Office box you indicated*
14 *earlier that you use for mail for Epice Corporation?*
15  A   Yes.
16  Q   *And was that still the address you were using on*
17 *December 11, 2006?*
18  A   Yes.
19  Q   *And is that still the post office address that*
20 *you use for the company?*

14   Q   *Okay. Ms. Epps, in 2002, when Epice Corporation*
15 *was originally incorporated, you told us that the mailing*
16 *address was Post Office Box 4353, Culver City, California,*
17 *is that correct?*
18   A   *Yes.*
19   Q   And in the trustee's deed signed by
20 Mr. Gebhardt, it listed Epice Corporation's address as
21 Post Office Box 4353, Culver City, California.
22       *Has the mailing address for Epice Corporation*
23 *been Post Office Box 4353, Culver City, California, from*
24 *June of 2002 until today?*
25   A   *Yes.*

10 Deposition of EPICE CORPORATION BY
11 DR. RAPHAEL WILLIAMS AS CORPORATE DESIGNEE
taken on behalf of the Defendants
12         on June 11, 2008
13 RAPHAEL WILLIAMS DEPOSITION

73
24     Q.  I show you what will be marked as Exhibit
25  Six.  Is this the same document that you just

74
1  referred to?
2     A.  Yes.
3               (At this point, Defendant's
4                Exhibit No. 6 was marked
5                for identification.)
6     Q.  And that was recorded on October 23,
7  2002, was it not?
8     A.  Yes.  No, October 23, 2002, what's on the
9  front here.  Sharon Carpenter, Recorder of Deeds.
10     *Q.  Is that the same address that you have*
11  *for Epice Corporation?*
12     *A.  Yeah, P.O. Box 4353, Culver City,*
13  *California, 90231.*
14     *Q.  And that -- Epice has always been, as far*
15  *as you know, located in Culver City, California?*
16     *A.  Yes.*
17

187
13     Q.  Where is Epice Corporation located?
14     A.  Culver City, California.
15     Q.  Is that a post office box?
16     A.  Yes.
17     *Q.  Do they have any other offices other than*
18  *a post office box?*
19     A.  Not listed, no.
20     *Q.  And, so, their only business address is*
21  *the post office box in Culver City, California?*
22     A.  For Epice Corporation, yes.
23     *Q.  Their only office is the post office box*
24  *in Culver City, California?*
25     A.  I know I send information through them to

188

1  that, which is Culver City, California, yes.
2  Q.  The post office box?
3  A.  Yes, that's where their mailings come in.
4  Q.  And Epice Corporation doesn't have any
5  employees, does it?
6  A.  Epps is an employee.
7  Q.  Is she the only employee of Epice
8  Corporation?
9  A.  No.
10  Q.  Who else is employed by Epice
11  Corporation?
12  A.  I have no idea, but there are other
13  employees other than that.
14  Q.  And where do they work from?
15  A.  I don't know.  I just send information to
16  their P.O. box, which is listed in Culver City,
17  California.
18

                                1
13  Deposition of Witness
14             PHILLIP K. GEBHARDT
15       Taken on Behalf of the Defendants
16
17            February 13, 2009
18
19


                                18
15     A.  In the engagement letter there is a
16  paragraph, and I can read that.  It says, "Further, because
17  there's some question as to the validity of this Deed of
18  Trust in light of a tax sale of the property, I have agreed
19  to examine the land tax suit to determine whether proper
20  notice was mailed to Epice Corporation regarding the sale.
21  If no such notice was mailed, then we can proceed with the
22  foreclosure.  If such notice was mailed by the Collector of
23  Revenue, then we will need to reevaluate this matter".
24     Q.  And you said you then conducted an
25  investigation of the facts surrounding the Sheriff's Sale;

                                19
1   is that correct?
2      A.  I examined pleadings in Land Tax Suit 123.
3   I'm not sure if you're asking me for anything broader than
4   that, but that's all I did.
5      Q.  Were you able to determine from your
6   examination whether or not a notice of the Sheriff's Sale
7   had been sent to Epice Corporation?
8      A.  I determined that an affidavit of service
9   had been filed in the -- in Land Tax Suit 123.  I believe
10  it was an affidavit by you that notice had been sent to
11  Epice Corporation.
12     Q.  In examining that affidavit, did you notice
13  the address to which the notice of the Sheriff's Sale had
14  been sent?
15     A.  I think there was a schedule attached to
16  the affidavit which had the addressees and the addresses
17  where the notices were sent.  I believe so, but I'm going
18  from memory.
19     *Q.  Do you recall what the address was in that*
20  *affidavit in the schedule for the Epice Corporation?*
21     A.  I believe it was Post Office Box 4353,
22  *Culver City, California.  I don't remember the zip code.*

23   Q.  And did you form an opinion as to whether
24   or not that was, in fact, the mailing address for Epice
25   Corporation?

20

1    A.  I informed my client of the results of
2    that.
3    Q.  And what was it that you advised your
4    client?
5    A.  I told him that it appeared that notice had
6    been mailed to Epice Corporation at that address, based on
7    this affidavit.

20

15   *Q.  And the address that's listed on the*
16   *exhibit, was that the address that you came to understand*
17   *was the mailing address for Epice Corporation?*
18   *A.  Yes.*
19   *Q.  And that address, as you indicated, was*
20   *Epice Corporation, Post Office Box 4353, Culver City,*
21   *California 90231?*
22   *A.  Yes.*

32

1    A.  The City of St. Louis has an ordinance that
2    requires the grantee to sign or acknowledge acceptance of
3    the Deed, and I had sent that to California to be
4    acknowledged by Mrs. Epps. And then it came back and the
5    Recorder wouldn't accept it because it wasn't dark enough
6    or the notary wasn't dark enough. And then I had to ship
7    it back out and get her to re-sign it. It took awhile to
8    get it recorded.
9    *Q.  On the cover page of Exhibit 7, is the*
10   *grantee's name Epice Corporation?*
11   *A.  Yes.*
12   *Q.  And the statutory address is what, please?*
13   *A.  Post Office Box 4353, Culver City,*
14   *California 90231.*
15   *Q.  And to the best of your information, that*
16   *was the mailing address for Epice Corporation at that time?*
17   *A.  Yes.*

48

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION )<br>)<br>Plaintiff )<br>)<br>) Ca. # 4:07CV00206 HEA<br>)<br>vs. )<br>)<br>THE LAND RITUALIZATION AUTHORITY )<br>OF THE CTY OF ST. LOUIS, et al )<br>)<br>Defendants | |

### AFFIDAVIT OF LAURA A. SCHULTE

Comes now Laura A. Schulte, and, having been duly sworn, states as follows:

I am the person who prepared the notice to Epice Corporation regarding the Sheriff's sale of the property located at 5900 West Florissant, St. Louis, MO, which property had been designated as LTS 123-25. A copy of the notice, which I prepared, is attached to this affidavit and included herein.

I personally mailed the notice to Epice Corporation at P. O. Box 4353, Culver City, CA 90231 on September 19, 2004 by depositing the same, postage prepaid in the United States mail.

_____
Laura A. Schulte

STATE OF MISSOURI    )
                     ) SS
CITY OF ST. LOUIS    )

Subscribed and sworn to before me this __23rd__ day of March, 2009

_____
Notary Public

[Notary Seal: ANTHONY J. SESTRIC, MY COMMISSION EXPIRES August 26, 2012, NOTARY SEAL, #08548174, ST. LOUIS CITY, NOTARY PUBLIC, STATE OF MISSOURI]

## NOTICE OF JUDGMENT OF FORECLOSURE OF TAX LIENS, PUBLIC SALE OF REAL ESTATE AND RIGHT OF REDEMPTION

You are a lienholder according to the records of the Office of the Recorder of Deeds of the City of St. Louis or otherwise have an interest as to one or more parcels of real estate described in a certain deed of trust or other instrument, a copy of which is enclosed herewith, and further described in a certain suit bearing Laud Tax Suit Number 123. filed in the Circuit Court of the City of St. Louis, Missouri, at St. Louts, Missouri, wherein. a. judgment of foreclosure of the liens of various delinquent tax bills has been entered and the Court has ordered that the said real estate be sold at a public sale for payment of all delinquent tax bills, together with interest, penalties attorney's fees, and costs. Said public Bale shall be held on Tuesday, the 19th day of October 2004, between "the hours of 9:00 a.m. and 5:00 p.m. at the east front door of the Civil Court Building (11th and Chestnut Streets) in the City of St. Louis, Missouri.

Unless all delinquent taxes are paid upon the receipt of real estate described in said suit and said real estate is redeemed prior to the time of the foreclosure sale of such real estate by the Sheriff, the owner or any person claiming any right, title, or interest in or to, or liens upon any such parcels of real estate shall be forever barred and foreclosed of all rights title, and interest and equity of redemption in and to such parcels of real estate provided, however, that any such persons shall have the right to redeem said real estate by payment in full to the Collector of Revenue of the City of St. Louis of all sums which have been adjudged to be due and owing and which constitute a lien upon said real estate.

You may contact the office of the undersigned to arrange for redemption of said real estate if you so desire.

**RONALD A. LEGGETT**
COLLECTOR OF REVENUE OF THE
CITY OF ST. LOUIS, MISSOURI
City Hall, Room 110
1200 Market Street
St. Louis, Missouri 63103

DATE : September 19, 2004

Comes now Karen Burkhardt, and having been duly sworn, and states as follows:

I am an employee of the Collector of Revenue, City of St. Louis, and have been at all times material to the events as contained in this affidavit. Amongst my duties and responsibilities is to oversee the records and processes of collecting delinquent real estate taxes. In that regard, I am in possession and familiar with the records regarding land tax suit 123, in which suit was the property which is the subject matter of this lawsuit.

The property involved is located at 5900 West Florissant Ave., and was given the Serial Number of LTS 123 – 025.

On December 19, 2003, judgment of foreclosure for delinquent taxes was entered against this property.

On September 17, 2004, a notice of pendency of the impending Sheriff's sale of the property was mailed to Epice Corporation, at P.O. Box 4353, Culver City California, 90231. According to the records available to this office, Epice Corp. was the beneficiary of a deed of trust on the property at 5900 North Florissant. The notice that was mailed to the Epice Corporation stated that the property would be sold at a public auction on Tuesday, October 19, 2004. Along with the notice, a copy of the Deed of Trust was sent to the Epic Corp.

The notice and letter which were mailed to the Epice Corp. were not returned to this office, and this office has no record to indicate that the notice and mail were returned.

*Karen Burkhardt* (signature)
Karen Burkhardt

State of Missouri )
                  ) SS
City of St. Louis )

On this __24__ day of July 2008, before me, a notary public, appeared Karen Burkhardt, and having been by me duly sworn, stated that she has read the above and forgoing affidavit, that the facts contained therein are true according to her personal knowledge and belief, and that she has executed the same as around free act and deed.

*Peggy Newcomb*
Notary Public

PEGGY A. NEWCOMB
My Commission Expires
July 12, 2011
St. Louis City
Commission #07388154