IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION ) | |
| AUTHORITY OF THE ) | |
| CITY OF ST. LOUIS, et. al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendants Murphy and Daly's[1] Motion

for Summary Judgment [Doc. No. 108], Defendants The Land Reutilization

Authority of the City of Saint Louis (LRA) and the City of Saint Louis' (City)

Motion for Summary Judgment [Doc. No. 110] and Plaintiff, Epice Corporation's

(Epice), Second Motion for Partial Summary Judgment [Doc. No. 112].  For the

reasons set forth below, Defendants City and LRA's Motion is granted in part and

denied in part.  Defendants Murphy and Daly's Motion is granted; and Plaintiff's

Motion for Summary Judgment is denied.

---

[1] Defendant Daly, current collector of revenue for St. Louis, was substituted for
Defendant Leggett. For the purposes of this Opinion, Defendant Daly will be referred to as
"Collector."

### Introduction

Plaintiff alleges that Defendants City and LRA violated 42 U.S.C. §§ 1983 and 1988 by unlawfully taking Plaintiff's land without just compensation and by depriving Plaintiff of its Due Process rights. Plaintiff alleges that Defendants Collector and Murphy violated its Due Process rights by failing to provide adequate notice of a special tax bill, the following public tax sale, and the subsequent confirmation hearing.

Plaintiff's motion for summary judgment claims five separate violations of its Due Process Rights by Defendants City and LRA. These violations stem from the City's sale of 5900 West Florissant Avenue, Saint Louis, Missouri 63136-4953 (hereinafter, the Property). First, Plaintiff alleges City violated its Due Process rights since City did not give Plaintiff actual or constitutionally adequate notice of the special tax bill. Second, Plaintiff alleges its Due Process rights were violated since Defendants City, LRA, Collector, and Murphy did not give it constitutionally adequate notice of the tax sale or the confirmation hearing. Third, Plaintiff moves for summary judgment alleging that City violated its Due Process rights by failing to follow the provisions of the City's Weed Ordinance,[2] and by not certifying the cost

---

[1] St. Louis Weed Ordinance, Ordinance No. 6414 provides as follows:

The Forestry Commissioner shall bill the owners of any property on which the City abates a nuisance under this chapter for the cost of such abatement. Any such bill

of abating Plaintiff's property defect.  Finally, Plaintiff moves for summary

judgment alleging that Defendant City did not take the property for a public purpose

and did not adequately compensate Plaintiff.

Defendants City and LRA move for summary judgment on the ground that

Plaintiff does not have standing to assert a constitutional challenge to Defendants'

actions since Plaintiff was not a deed holder at the time of notice. Defendants City

and LRA also move for summary judgment claiming that the doctrine of collateral

estoppel bars Plaintiff from bringing grievances occurring prior to the tax sale.

Defendants Murphy, Collector, City, and LRA move for summary judgment

claiming notice of the tax sale and confirmation hearing were constitutionally

adequate.  Defendants City and LRA move for summary judgment arguing LRA

has title in fee simple absolute in the Property and that Plaintiff does not have a

---

for the abatement of a nuisance under the provisions of Section 11.04.080 which is
unpaid ninety (90) days after it is mailed may be referred to the City Counselor or
to a collection agency for collection and shall bear interest at the highest rate
allowed by law.  Any such bill for the abatement of a nuisance under the provisions
of Section 11.04.080 which the Forestry Commissioner has been unable to collect
shall be certified to the comptroller who shall notify the collector of revenue.  The
collector of revenue shall include the certified cost in the annual real estate tax bill
for the property and the certified cost shall be collected in the same manner and
procedure for collecting real estate taxes.  If the certified cost is not paid, the tax
bill shall be considered delinquent, and the collection of the delinquent bill shall be
governed by the laws governing delinquent and back taxes.  The tax bill from the
date of its issuance shall be deemed a personal debt against the owner and shall be
a lien on the property until paid.

valid security interest in the Property.  Finally, Defendants City and LRA move for

summary judgment on the ground that City's Notice of Condemnation of a fence on

Plaintiff's Property had no bearing on the tax bill and did not violate § 64.450

RSMo. [3]

## Facts and Background

C.W. Turner, as owner of the Property, conveyed a security interest in the

Property to J. Dolores Epps, as trustee for Epice Corporation. C.W. Turner

conveyed this interest to secure indebtedness of $175,000.00.  The conveyance was

recorded on October 23, 2002 in Book 1804 Page 0742 of the City.  By successor

trustee's deed dated December 11, 2006 and recorded on January 22, 2007 in Book

01222007 page 0011 of the City of St. Louis Land Records, C.W. Turner conveyed

the Property to Epice Corporation for a credit bid of $105,001.70 charged against

the balance due under the promissory note secured by a Deed of Trust.

---

[3] Section 67.450 RSMo provides:
   In the event any building or structure is wrongfully demolished by a city,
town, village or count having a charter form of government or is demolished
without adhering to the procedures provided in sections 67.400 to 67.450, the
ciyy, town, village, or county having a charter form of government shall be liable
for damages as determined by a court of law in suit brought by the party so
damaged.

   Plaintiff allege that the fence removed was not a structure contemplated under this section.
Plaintiff further alleges that the City did not follow the provisions of the ordinance in demolishing
this fence.

Prior to the conveyance to Epice Corporation, C.W. Turner was charged $200.00 by Defendant City for violation of the Saint Louis City Weed Ordinance on July 17, 2002. The Forestry Commissioner certified the abatement bill to the Comptroller of Defendant City for issuance of a special tax bill to collect the abatement bill by letter dated September 27, 2002. On October 8, 2002, the Comptroller of the City issued a special tax bill with priority over the Deed of Trust. On May 8, 2003, City mailed C.W. Turner Corporation a Notice of Condemnation pursuant to Ordinance 64771[4] that a fence located on the Property was a structure that endangered the health, lives, safety, or welfare of person or property. Plaintiff was not mailed a notice of condemnation.

The City issued a special tax bill for unpaid costs that encumbered the property. On or about December 19, 2003, Leggett, the Collector of Revenue of Saint Louis obtained a decree of foreclosure and special tax lien against the property

---

[4] Ordinance 64771 provides in part:

   If, upon making an inspection and examination, the code official finds that a building, structure or premises has one or more of the defects described below, the code official shall notify in writing, as provided in Section 119.2, the owner(s) of said building, structure or premises, as recorded most recently in the City of Saint Louis Assessor's Office, the defects found in said building, structure or premises, and shall order them to proceed to properly demolish, repair, and secure or correct all conditions causing condemnation of said building, structure or premises within seven days. This document is to be known as a Notice of Condemnation. If the conditions have not been corrected by the date listed in the notice, the building, structure, premises, or portion thereof or appurtenance thereto will be condemned and shall be required to be vacated and secured.

in the principal amount of $200.00 (for the cost of the demolition), and $454.35, with the addition of interest.  On or about September 19, 2004, Leggett mailed a Notice of Judgment of Foreclosure of Tax Liens, Public Sale of Real Estate and Right of Redemption via United States Mail, postage prepaid to Plaintiff.  Plaintiff claims to have never received the notice.  Defendant Murphy, Sheriff of the City, sold the property at a Sheriff's sale on or about October 19, 2004.  Defendant LRA bid on the property and, having the highest bid, became owner of the property.  A sheriff's deed was issued by Defendant Murphy to the LRA.

Count I of the Complaint alleges that Defendant violated 42 U.S.C. §§ 1983 and 1988 by taking Plaintiff's property without just compensation and without a public purpose.  Plaintiff seeks a declaration that the sheriff's deed is null and void; to regain possession of the property; and to be compensated for the loss of use of the Property by Defendants. Alternatively, Plaintiff seeks a declaration that the failure to give Plaintiff adequate notice of its redemption rights from the tax sale indicates that Plaintiff's interest in the Property was not affected by the tax sale. Plaintiff further seeks a declaration that the lien of the deed of trust held by Plaintiff was not extinguished by the tax sale.

Count II of the Complaint is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and alleges that Plaintiff was deprived of equal protection and due process in

violation of the United States Constitution.  Plaintiff alleges that it was damaged

through the loss of its security interest in the property.  Plaintiff seeks a declaration

that the Sheriff's Deed is null and void; to regain possession of the property as well

as to be compensated for the loss of use of the Property by Plaintiffs.  Alternatively,

this Count alleges that the failure to give notice of Plaintiff's redemption rights

results in Plaintiff's interest in the property surviving the tax sale.  Plaintiff

alternatively seeks monetary relief in the amount of $105,001.70, plus interest for

the value of its security interest lost through the tax sale. Finally, if the sheriff's deed

is set aside or held to be invalid, Plaintiff seeks judgment against Defendant LRA,

City, Collector, and Murphy to compensate Plaintiff for its loss of use of the

Property from the date of the successor trustee's deed to the date of Judgment in

this matter.

Count III alleges that Defendant violated Section 67.450, RSMo when

Defendant demolished a fence located on the property.  Plaintiff seeks

reimbursement for the fence and attorneys fees.  Count IV is an action to quiet title

pursuant to Missouri state law or for a declaratory judgment that the Sheriff's

conveyance is null, void or of no effect. Alternatively, Plaintiff seeks a declaratory

judgment that the foreclosure of the special tax bill had no effect upon, and did not

extinguish, the lien of the Deed of Trust held by Plaintiff.

### Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990.   To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003).  A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.  *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845,848 (8th Cir. 2008).  "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

## Discussion

Plaintiff seeks partial summary judgment alleging that the uncontroverted facts establish that its Due Process rights were violated, it suffered an unjust taking, and, therefore, has absolute title in the property.  Defendants City and LRA seek summary judgement arguing Plaintiff does not have standing to bring this lawsuit;

Plaintiff's Due Process rights were not violated; LRA has a valid title to the Property; Collateral Estoppel prevents Plaintiff from bringing a grievance; and that the notice of condemnation of the fence fulfilled the requirements of MoRS § 65.450. Finally, Defendant Collector and Murphy seek summary judgment alleging that notice was constitutionally sufficient.

### A. Standing

Defendants LRA and City argue that Plaintiff does not have standing to bring this claim. Defendants claim that Plaintiff does not have a valid security interest. Second, Defendants also argue that even if Plaintiff's security interest is sufficient, it was not acquired prior to the conduct that allegedly violated Plaintiff's due process rights, therefore, it does not have standing.

### 1. Validity of Plaintiff's Security Interest

Defendants City and LRA allege that Ms. Epps does not have a valid security interest because she has little knowledge of the corporation. Defendants argue that Ms. Epps's lack of knowledge casts severe doubt on the validity of Plaintiff's security interest in the Property and the existence of Epice Corporation. Defendants alleged, therefore, Plaintiff's security interest is not valid.

Defendants City and LRA have failed to articulate how the validity of

Plaintiff's security interest is dependent on the trustee's knowledge of the corporation. Plaintiff's security interest is recorded in the Book of Deeds in the City of St. Louis, thereby giving notice of a security interest in the property. As to the basis for this judgment, Plaintiff has standing to bring this lawsuit.

 *2. Timeliness of Plaintiff's Security Interest*

Defendant City seeks summary judgment alleging that Plaintiff does not have standing to bring this lawsuit because its security interest was not recorded until October 23, 2002. Plaintiff's interest was recorded after $200.00 was assessed against the Property for violation of the Weed Ordinance and after the bill was sent to the Collector of Revenue. Defendants City and LRA therefore claim that Plaintiff was not injured by City's conduct and, thus, does not have standing. Plaintiff's property interest, however, gives rise to Plaintiff's standing to bring this lawsuit.

There are three requirements for standing. *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008). A party must have suffered an "injury in fact, the injury must be traceable to the defendant, and the injury must be redressable by a favorable decision." *Id.* at 903--904. To establish an injury in fact, plaintiff must show "sufficient ownership interest in the property to create a case or controversy capable of federal judicial resolution." *United States v. Premises Known as 7725 Unity Avenue North Brooklyn Park, Minnesota*, 294 F.3d 954, 957 (8th Cir. 2002).

- 11 -

In *Premises,* the Eighth Circuit held that a mortgage company's security interest in the property, acquired and recorded after the government filed a motion of *lis pendens* was sufficient to establish that plaintiff was injured in fact by the foreclosure action resulting from the *lis pendens*. *Premises,* 294 F.3d at 956. The court further held that the mortgage company's interest in the property can be redressed by a return of the property and, therefore, the company had standing. *Id.* at 957. A property interest acquired after the conduct that allegedly violated Plaintiff's property rights occurred is sufficient, therefore, to give Plaintiff standing to challenge the conduct.

Plaintiff also has standing to assert a violation of §§ 1983 and 1988. As in *Premises*, Plaintiff's property interest was acquired after some of the conduct that allegedly violated Plaintiff's rights occurred. As the Eighth Circuit held in *Premises*, the timing of the conveyance of the security interest does not preclude Plaintiff from having standing to bring this case as long as the other requirements of standing are met. Plaintiff was injured in fact when the City sold the property at a foreclosure sale since Plaintiff's interest was extinguished at that sale. Plaintiff was also allegedly injured by the lack of notice of the tax lien, notice of the sale, notice of the confirmation sale, since each of these actions constituted part of the process of selling Plaintiff's property at the tax sale. Plaintiff's complaint alleges sufficient

facts to show that its security interest also may have been affected by City's failure to follow the abatement procedures since the tax lien may have been prevented if City had waited the statutorily mandated time to collect the lien. Additionally, Plaintiff's security interest would be effected by an improper taking.

Plaintiff's injury can be redressed by a decision of this court; the court has the power to award Plaintiff damages, convey the property itself, or award a reasonable value for the property for violation of Plaintiff's rights.

Defendants LRA and the City's Motion for Summary Judgement due to lack of standing is denied.

### B. Collateral Estoppel

The Defendants City and LRA claim that the doctrine of Collateral Estoppel bars Plaintiff from alleging ineffective notice prior to the tax sale. Defendants fail to articulate how collateral estoppel prevents it from bringing this action. Summary judgment on this point is denied.

### C. Due Process

Plaintiff alleges that Defendants Murphy and Collector violated its Due Process rights by failing to give proper notice of the tax sale and the confirmation hearing. Plaintiff alleges that Defendants City and LRA violated its Due Process rights by: failing to wait ninety days to send the abatement bill to the tax collector,

failing to "certify costs" charged in the abatement bill, failing to give proper notice

of the tax lien, tax sale, and confirmation hearing.

### 1. Failure to Comply with City Ordinance Number 6414

Defendants City and LRA's failure to comply with the requirements of City

Ordinance Number 6414[5] does not violate Plaintiff's Due Process rights.  Plaintiff's

security interest in the Property gives it standing to bring this law suit.  Plaintiff's

Due Process rights, however, fluctuate depending upon the status of that security

interest.  "Procedural due process requires notice and an opportunity to be heard

before any governmental deprivation of a property interest."  *Donaldson v. Clark*,

819 F.2d 1551, 1558 (11th Cir. 1987) (en banc) (citing *Boddie v. Connecticut*, 401

U.S. 371, 378--79 (1971).  The plaintiff must have a constitutionally protected

interest in the property in order to be afforded the protections of the due process

---

[5]  St. Louis Weed Ordinance, Ordinance No. 6414 provides as follows: The forestry Commissioner shall bill the owners of any property on which the City abates a nuisance under this chapter for the cost of such abatement.  Any such bill for the abatement of a nuisance under the provisions of Section 11.04.080 which is unpaid ninety (90) days after it is mailed may be referred to the City Counselor or to a collection agency for collection and shall bear interest at the highest rate allowed by law.  Any such bill for the abatement of a nuisance under the provisions of Section 11.04.080 which the Forestry Commissioner has been unable to collect shall be certified to the comptroller who shall notify the collector of revenue.  The collector of revenue shall include the certified cost in the annual real estate tax bill for the property and the certified cost shall be collected in the same manner and procedure for collecting real estate taxes.  If the certified cost is not paid, the tax bill shall be considered delinquent, and the collection of the delinquent bill shall be governed by the laws governing delinquent and back taxes.  The tax bill from the date of its issuance shall be deemed a personal debt against the owner and shall be a lien on the property until paid.

clause. *Logan v. Zimmerman Brush Co.,* 455 U.S. 454, 460 (1989). The

Constitution does not create a property interest. Rather, state law determines

whether there is a property interest and at what time that interest is  recognized.

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972). What property

interest the plaintiff has, and at what time that property interest was recognized by

state law, influence what Due Process rights are mandated, and at what time those

rights must be recognized and protected.

Thus, the protections to which Plaintiff was entitled under the Due Process

Clause changed depending on its property interest. Plaintiff did not have a

constitutionally protected property interest prior to October 23, 2001, because its

deed was not recorded until October 23, 2001. Missouri law recognizes a property

interest on the date the deed is recorded. Missouri Revised Statute Section 442.390

provides: "Every such instrument in writing, certified and recorded in the manner

herein prescribed, shall, from time of filing the same with the recorder for record,

impart notice to all persons of the contents thereof and all subsequent purchasers

and mortgagees shall be deemed, in law and equity, to purchase with notice."

Missouri statutes further state that: "No such instrument in writing shall be valid,

except between the parties thereto, and such have actual notice thereof, until the

same shall be deposited with the recorded for record."[6] Plaintiff's interest was recorded on October 23, 2002. Accordingly, Plaintiff's interest in the Property was not sufficient to invoke the protections of the Due Process Clause prior to the recording. *See Morrison v. Juden,* 46 S.W. 994 (Mo. 1911).

Since Plaintiff did not record the deed until October 23, 2001, Plaintiff's property interest at the time the abatement bill was assessed, or ninety day after the initial assessment, was insufficient to require Defendant City to wait ninety days before sending the bill to the tax collector.[7] Defendant's failure to abide by the technical provisions of the Weed Ordinance by not waiting ninety days to send the bill to the tax collector does not violate Plaintiff's Due Process rights since Plaintiff did not have a constitutionally protected property interest. Likewise, because Plaintiff's interest was not a valid property interest, Defendant City was not required to send it notice under the Due Process Clause. Defendant City did not violate Plaintiff's Due Process rights by failing to send notice of the tax lien.

After October 23, 2001, Plaintiff's constitutional Due Process rights changed. Once Plaintiff's interest in the Property was officially recognized by Missouri state

---

[6] Mo. Rev. Stat. 442.400.

[7] The abatement bill was originally assessed against C.W. Turner on July 17, 2002. Ninety days after the assessment is October 15th, 2002.

law, Plaintiff was constitutionally entitled to due process before any deprivation of
its property.

### 2. *Certifying the Costs of the Abatement Bill*

Plaintiff alleges that Defendant City violated its Due Process rights by failing
to properly certify the costs by calculating the exact cost to the City of abating the
nuisance.  Plaintiff alleges the Defendant City acted arbitrarily in assessing a fee of
$200.00 against Plaintiff.

Defendant City did not act arbitrarily in certifying the costs of the abatement
bill as $200.00.  In assessing the costs, the Forestry Division has a number of
different classifications of services and corresponding charges for those services.
The Forestry Division classifies its services according to the categories provided
and the property owner is then assessed a fee. This process is not arbitrary.  Each
individual service is classified according to the level of service provided by the
Forestry Division.  Each property owner's assessment, therefore, is tailored to the
services provided.

### 3. *Notice of tax sale and confirmation of sale*

Defendants'[8] method of sending notice was to mail notice to the address

---

[8]The previous Collector, Leggett, sent notice on behalf of the Defendants City, LRA,
Murphy and the Collector.

listed on the deed and publically post notice.  Plaintiff alleges that its notice of the tax sale and confirmation sale were not sufficient since Defendants have not implemented any method of tracking whether the notice is received.  Since there is no duty, however, to track whether notice is received, Plaintiff's notice of the tax sale and the confirmation of sale were both constitutionally sufficient.

The Due Process Clause requires the government to take reasonably diligent steps to notify a property owner of an impending tax sale.  *Jones v. Flowers*, 126 U.S. 220, 225 (2006).  Due process does not require actual notice.  Rather, Due Process requires the government to provide "notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  The Supreme Court, for example, in *Nelson v. City of New York*, held that a New York statute providing for notice by mail and notice posted and published was constitutionally sufficient to satisfy due process standards.  *Nelson v. City of New York*, 352 U.S. 103, 119 (1956).  Here, Defendants mailed notice of the tax sale and confirmation sale to Plaintiff at its last known address.  Additionally, notice of the hearing of confirmation sale to LRA was mailed to Plaintiff at its last known address.

Plaintiff's reliance on *Jones* is misplaced.  Plaintiff claims that *Jones* stands

for the proposition that: "the government now has an [additional] duty to 'watch the postman' by implementing procedures to track whether notices of tax sale redemption rights mailed were received." Plaintiffs are grossly mistaken. *Jones* holds that when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to provide notice to the property owner. *Jones*, 126 U.S. at 225. Here, Plaintiff has failed to produce any evidence showing that notice addressed to Plaintiff was returned undelivered. Defendants had no duty to take additional steps in order to provide constitutionally sufficient notice.

Plaintiff's Motion for Summary Judgment on Count II alleging that its Due Process rights were violated by Defendants City and LRA's not waiting ninety days to certify the abatement bill, by failing to give Plaintiff notice of the tax lien, and by inadequate notice of the tax sale and confirmation of the tax sale is denied. Defendants Collector and Murphy's Motion for Summary Judgment, alleging that notice of the tax sale and the confirmation sale was constitutionally sufficient is granted. Defendants the LRA and City's Motion for Summary Judgment alleging constitutionally adequate notice is granted.[9]

---

[9] Defendants City and LRA's argument addressing the validity of Plaintiff's security interest is not relevant since, assuming *arguendo*, that its security interest is valid, there has been no violation of its Due Process rights; notice was sufficient. Whether Plaintiff's mortgage interest was valid, therefore, is irrelevant.

*D. Unconstitutional Taking*

Plaintiff's Motion for Summary Judgment also urges that Defendant LRA took the Property without just compensation and without a public purpose when it purchased the Property at the tax sale at the request of Alderman Carter.

The Fifth Amendment of the United State Constitution provides in part: "[N]or shall private property be taken for public use, without just compensation."  The Fifth Amendment only allows the government to take private property for a public purpose.  *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 414 (1922).  If the land is taken for a public purpose, the government must pay the parties just compensation for the land.  *Id.*  Normally, tax sales are upheld as a valid public purpose under the Fifth Amendment.  *See generally, Nelson v. City of New York*, 352 U.S. 103 (1956). Plaintiff attempts to distinguish this tax sale arguing that since Alderman Greg Carter directed the LRA's purchase, this purchase was not for a public purpose.

Plaintiff is, however, mistaken. LRA was not purchasing the property for Alderman Carter's personal use, rather, merely under his direction.  Plaintiff has failed to produce any evidence showing that Alderman Carter directly benefitted from the purchase of this land, or that Alderman Carter intended to use the Property for his personal use.  Alderman Carter was merely directing the LRA to purchase this Property as one of many standard purchases that it made pursuant to its statutory

mandate.

The LRA of St. Louis was organized in order to "manage, maintain, protect, rent, lease, repair, insure, alter, hold and return, assemble, sell, trade, acquire, exchange or otherwise dispose of any real estate, on terms and conditions as may be determined in the sole discretion of the commissioners in order to provide housing, new industry and jobs for the citizens, and to provide new tax revenue for the City of St. Louis."[10]  The LRA's purpose in purchasing this property, for a purpose under its charter, was a public purpose.

Plaintiff's motion for summary judgment is denied.[11]  There remain material issues of fact that are properly resolved by a trier of fact, such as whether just compensation was paid for the Property.  Plaintiff's Fourth Amended Complaint, Count I alleging a violation of the Takings Clause, therefore remains.

E. Action for Declaratory and Other Relief

Defendant LRA seeks to dismiss Plaintiff's action to quiet title, alleging that LRA acquired title to the Property in fee simple, free and clear of any previous

---

[10]  Missouri Revised Statutes 92.895 and 92.900.

[11]  In its Motion for Summary Judgment, Plaintiff implies that it was not justly compensated for the property since LRA paid $2100.00 for the Property when Plaintiff paid $105,001.70 for its security interest in the Property.  This claim is insufficient to show that the LRA did not pay a just amount for the property at the public foreclosure auction and that Plaintiff was not adequately compensated by its release from its tax lien.

encumbrances at the tax sale.

The Court has held that the tax lien was proper and, therefore, the subsequent

tax sale was proper.    Thus, Missouri Revised Statute 92.835.2 is applicable.  Under

§ 92.835.2, LRA has a valid title in fee simple absolute.  Missouri Revised Statute

92.835.2 states as follows:

> The title to any real estate which shall vest in any
> purchaser, upon confirmation of such sale by the court,
> shall be an absolute estate in fee simple, subject to rights-
> of-way thereon of public utilities on which tax has
> otherwise paid, and subject to any tax lien thereon of the
> United States of American, if any, and all persons ... who
> may have had any right, title, interest, claim or equity of
> redemption in or to, or lien upon, such lands shall be
> barred and forever foreclosed of all such right, title,
> interest, claim, lien or equity of redemption, and the court
> shall order immediate possession of such real estate be
> give to such purchaser.

LRA, therefore, in a nutshell, has fee simple title.  Summary judgment in favor

of the LRA is appropriate.

### F.  Notice of Condemnation of the Fence on the Property

Plaintiff's Complaint alleges that Defendants LRA and City violated §67.450

MoRS since the fence was not proper "structure" under the statute and by failing to

provide adequate notice.[12]  Plaintiff also alleges that Defendant City violated its Due

---

[12] Pursuant to §67.450 St. Louis City enacted ordinance 64771.  As part of this ordinance the city has listed various structures that it addresses as well as the procedure for demolishing a structure.

Process rights by failing to provide adequate notice of the demolition of the fence. Defendants City and LRA's motion for summary judgment suggests that the demolition of the fence has no impact on the foreclosure sale and, therefore, that § 67.450 RSMo has not been violated.

Defendants City and LRA's motion is denied; there are material issues of fact remaining. Defendants City and LRA have failed to produce evidence demonstrating that the fence was a structure contemplated by the ordinance and that notice was constitutionally sufficient.

### Conclusion

Defendants City and LRA have shown that Plaintiff's security interest did not entitle it to notice nor to the ninety day waiting period between the assessment of the abatement bill and the tax lien provided in City Ordinance 6414. Additionally, Defendants City and LRA have shown that Defendant City properly certified the costs of the assessment against the Property. Defendants have also shown that sufficient notice was provided of the tax sale and the confirmation hearing. Plaintiff's Due Process Rights, therefore, have not been violated and summary judgment for Defendants City, LRA, Murphy, and Daly on Count II is appropriate.

Defendants City and LRA have also shown that Defendant LRA has a valid title under Missouri Statute 92.835.2. Summary judgment for Defendants City and

LRA on Count IV is appropriate.

Plaintiff's Counts I and III remain pending before this Court. Plaintiff's Count I alleges a violation of the Takings Clause: there are still material issues of fact regarding the sufficiency of Plaintiff's compensation.  Count III alleges a violation of § 67.450 RSMo: there are still material issues of fact regarding whether the fence was a structure contemplated under § 67.450 RSMo and whether notice of the demolition of the fence was constitutionally sufficient.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 112] is **Denied**.

**IT IS FURTHER ORDERED** that Defendants The Land Reutilization Authority of the City of St. Louis and the City of St. Louis' Motion for Partial Summary Judgment [Doc. No. 110] is **granted** as to Counts I, II, and IV and **denied** on Count III.

**IT IS FURTHER ORDERED** that Defendants Daly and Murphy's Motion for Summary Judgment is **Granted** [Doc. No. 108].

Dated this 4th day of December, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE