IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EPICE CORPORATION | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Ca. # 4:07CV00206 HEA |
| | ) | |
| vs. | ) | |
| | ) | |
| THE LAND RITUALIZATION | ) | |
| AUTHORITY OF THE CTY OF | ) | |
| ST. LOUIS, et al | ) | |
| | ) | |
| Defendants | ) | |

DEFENDANTS MURPHY'S AND LEGGETT'S MEMORANDUM IN SUPPORT
OF THEIR JOINT MOTON FOR ATTORNEY'S FEES.

Come now Defendants Murphy in his capacity as Sheriff of the Cty of St. Louis and the Collector of Revenue, City of St. Lous, by counsel, and in support of their joint Motion for Attorney's fees, state:

42 USC 1988(b) provides that the Court, in its discretion, may award attorney's fees to the prevailing party in a civil rights suit.  Plaintiff filed all five versions of its complaint against these Defendants alleging violation of its civil rights under 42 U.S.C. §§ 1983 and 1988 to remedy the deprivation of rights secured by the Fifth and Fourteenth Amendments to the United States

Constitution.[1] On December 4, 2009, this Court entered judgment in favor of these Defendants and against the Plaintiff on the civil rights claims. As such, these Defendants are the prevailing party as that term in used in 42 USC 1988(b). Grant v. Farnsworth, 869 F.2d 1149, 1152 (C.A.8 (, 1989), and are entitled to be awarded attorneys fees.

The next question is whether this court can award the Defendants attorney's fees against the attorney for the Plaintiff.

During the course of discovery, Plaintiff's counsel acknowledged that he believed that the Plaintiff did not have a valid cause of action against these Defendants. See portions of Mr. Gephardt's deposition attached.[2]

---

[1] See ¶ 6 of Plaintiff's fourth Amended complaint. "This action is brought under 42 U.S.C. §§ 1983 and 1988 to remedy the deprivation of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution.

[2]
```
                                              24
13     Q.  Did you -- July 6, 2006, that was
14  subsequent to the date that you were retained by Epice
15  Corporation to initiate foreclosure proceedings; is that
16  correct?
17     A.  Yes.  But it was kind of a stop and start
18  process, because when I went to the -- review the land tax
19  suit file, there didn't appear to be notice of an affidavit
20  of service of notice upon Epice Corporation.  And things
21  changed when a case came down called Jones versus Flowers,
22  which came down in April of 2006, which I believe I
23  informed my client that my opinion might change on whether
24  there would be a basis for bringing an action to set aside
25  the sale.
                                              25
```

Under FRCP, Rule 11-c, the court may impose sanctions against the attorney for violating the requirement that

"an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an

---

```
1      Q.  Did you form an opinion at some point as to
2   whether or not the notice to Epice Corporation had been
3   sent back to the Collector of Revenue?
4      A.  No.  At that time I just reviewed the
5   pleadings.
6      Q.  Now, Jones versus Flowers stands for the
7   position that if the notice comes back to the sender, the
8   sender has a further duty to find another address and use
9   some other methods to communicate to the Deed of Trust
10  holder; is that correct?
11     A.  That's the holding in the case or that's my
12  understanding of the holding.
13     Q.  All right.  And did you form an opinion as
14  to whether or not the notice to Epice Corporation had been
15  returned to the Collector of Revenue?
16     A.  No.  I looked at a different part of the
17  case where the Solicitor General argued that using
18  certified mail and disadvantaging certified mail to the
19  extent that if there's notice given back that it's
20  returned, that there was a -- it wasn't on a par with just
21  regular mail notice.  And it seemed to me that the Court
22  was indicating that there was a standard of proof that
23  might not be able to be met with just regular mail notice
24  that is available to certified mail notice.
25     Q.  All right.  So you formed an opinion that

                                26
1   something more than just evidence of mailing the notice
2   might be required to satisfy the Mennonite case and the
3   lower case in Jones versus Flowers; is that correct?
4      A.  I didn't rely on Mennonite per se, but I
5   was looking at a portion of Jones.
6
```

inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are <u>warranted by existing law</u> or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Additionally under the canons of ethics on Missouri Attorneys, [3] require an

---

[3] RULE 4-3.1: MERITORIOUS CLAIMS AND CONTENTIONS

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

COMMENT

[1] The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

[2] The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is

attorney not to bring an action unless supported in fact and in law. The decision of this Court reflects that there was no basis for the claims filed by Mr. Gephardt against the Sheriff and the Collector.

Because Mr. Gephardt knew that the cause of action against these Defendants was improbable, he shoud be held personally responsible for the award.

The attorney's fees requested and the method of calculation are set out on the attachment to the motion. The hourly rate is calculated at the rate of $175.00 per hour. According to the 2008 Economic Survey of Missouri Lawyers, the median average hourly rate for trial work is between $200.00 and $250.00 per hour. Defendants are asking far less than the average median hourly rate. [4]

---

frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argu

[4] **Hourly Charge for Trial Work**

| Hourly Charge | Responses | Percent |
|---|---|---|
| $100 or less | 14 | 1.4% |
| $101 - $150 | 141 | 14.3% |
| $151 - $200 | 291 | 29.5% |
| $201 - $250 | 240 | 24.3% |
| $251 - $300 | 118 | 12.0% |
| $301 - $350 | 93 | 9.4% |
| $351 - $400 | 47 | 4.8% |
| $401 - $450 | 23 | 2.3% |
| $451 - $500 | 12 | 1.2% |
| Over $500 | 7 | 0.7% |
| Total | 986 | 100.0% |

WHEREFORE, Defendants move an order of this Court awarding Counsel for the Defendants the total of $41,825.00 and that the award and judgment be asssessed against Plaintiff and Plaintiff's Counsel,, and such other orders as ths court shall deem meet and just.

*Anthony J. Sestric*
Anthony J. Sestric, ARN # 4332
3967 Holly Hills Blvd. Attorney
St. Louis, MO 63116-3135
(314) 351-2512
(314) 351-2395 (Fax)
Attorney for the Sheriff and Collector

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing document has been electronically served upon the parties this 23rd day of December 2009 addressed to

Mr. Phllp K. Gebhardt
Attorney at Law
1720 No. Main
Desoto, MO 63020
Attorney for Plaintiff

and

Mr. Matthew C. Casey
Casey & Devoti
Attorneys at Law
100 No. Broadway, Suite 1000
St. Louis, Mo 63102-2704
Attorney for Plaintiff

and

| | |
|---|---|
| Mr. Donald C. Dylewski<br>Office of the City Counselor<br>City Hall, Room 314<br>1200 Market St.<br>St. Louis, MO 63103<br>Attorney for Defendants City of St. Louis and Land Reutilization Authority | Mr. Robert M. Hibbs,<br>Office of the City Counselor,<br>City Hall, Room 314,<br>1200 Market Street,<br>St. Louis, Missouri 63103,<br>Attorney for Defendants Land Reutilization Authority |
| and | *Anthony J. Sestric*<br>Anthony J. Sestric |