IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE | ) |
| CITY OF ST. LOUIS, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS', THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI AND THE CITY OF ST. LOUIS, MISSOURI, MOTION TO AMEND THE COURT'S OPINION, MEMORANDUM, AND ORDER OF DECEMBER 4, 2009**

Comes now Defendants, the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, "Defendants"), pursuant to Fed. R. Civ. P. 59(e)[1], and for their Joint Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009, state as follows:

1. In the Court's Opinion, Memorandum, and Order of December 4, 2009 (Doc. 145) (hereinafter, "Court's Order"), the Court ordered that Defendants' "Motion for Partial Summary Judgment [] is granted as to Counts **I**, II and IV and denied on Count III".[2] (*Court's Order*, pg. 24)(Emphasis added).

---

[1] Pursuant to Fed. R. Civ. P. 59(e) (effective on December 1, 2009), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment". As a result, Defendants' *Motion* is timely filed.

[2] Count III of Plaintiff's Fourth Amended Complaint is an action under Section 67.450, RSMo against only Defendant, City of St. Louis. (Doc. 94, pgs. 22-24).

2. Elsewhere in the Order, the Court states "[t]here remains material issues of fact that are properly resolved by a trier of fact, such as whether just compensation was paid for the property. Plaintiff's Fourth Amended Complaint, Count I alleging a violation of the Takings Clause, therefore remains" (Court's Order, pg. 21, 2d ¶) and "Plaintiff's Counts I and III remain pending before this Court. Plaintiff's Count I alleges a violation of the Takings Clause: there are still material issues of fact regarding the sufficiency of Plaintiff's compensation" (Court's Order, pg. 24,1st ¶).

3. In the Court's Order, the Court stated that Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.935.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

4. C.W. Turner Corporation was charged with a $200.00 weed abatement bill by Defendant, City of St. Louis, on July 17, 2002. (*Court's Order*, pg. 5). Further, the City's Forestry Commissioner certified this abatement bill to the City's Comptroller to collect this bill, and the Comptroller issued a special tax bill on October 8, 2002. (*Court's Order*, pg. 5). Based on the weed abatement bill and special tax bill, the Property was sold to the highest bidder, i.e., LRA, at the Sheriff's Sale. The subsequent May 8, 2003 Notice of Condemnation involving a fence on the Property had nothing to do with the sale of the Property.

5.  Since the Court stated that LRA properly acquired the Property at the tax sale, LRA owns the Property in fee simple title. As the Court succinctly stated: "LRA, therefore, in a nutshell, has fee simple title." (*Court's Order*, pg. 22). Since LRA has fee simple title, there can be no outstanding takings or just compensation claims by the Plaintiff. "The MLRL (The Municipal Land Reutilization Law) governs the sale. Section 92.825.2 states, in pertinent part, that: Such sale shall convey the whole interest of every person having or claiming any right, title or interest in or lien upon such real estate . . . subject to rights-of-way thereon of public utilities . . . and subject only to the tax lien thereon, if any, of the United States of America." *Euclid Plaza Associates, L.L.C. v. African American Law Firm*, 55 S.W.3d 446 (Mo.App. E.D. 2001).

6.  Since the tax suit was proper and LRA owns the Property in fee simple title, all prior rights, title or interest in the Property was extinguished. LRA purchased the Property at the Sheriff's Sale and payment of $2,100 was made by LRA.[3]

7.  ""Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Holder v. U.S.*, 2009 WL 5030785, 2 (E.D.Mo.,2009). "Federal Rule of Civil Procedure 59(e) was "adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *Id.*

---

[3] In Footnote 11 of the Court's Order (pg. 21), the Court indicates that Plaintiff implied in its Motion for Partial Summary Judgment that it was not "justly compensated for the property since LRA paid $2100.00 for the Property when Plaintiff paid $105,001.70 for its security interest in the Property." The Court further stated that this claim is "insufficient to show that the LRA did not pay a just amount for the property att he (sic) public foreclosure auction and that Plaintiff was not adequately compensated by its release from its tax lien." LRA's purchase price of $2,100.00 was accepted by the state court and the acquisition of the Property was confirmed by the state court. No compensation is owed to Plaintiff and no taking of the Property occurred.

8. The Court's Order is inconsistent in that if the Court is correct in concluding that fee simple title is vested in LRA, it is incongruous and inconsistent legally for there to be any claims of just compensation, takings or the sufficiency of Plaintiff's compensation.[4]

9. As a result, to clarify the Court's Order and to correct the inconsistencies in said Court's Order, Defendants respectfully request the Court to remove the following language from the Court's Order:

--Page 21, Second paragraph: "There remains material issues of fact that are properly resolved by a trier of fact, such as whether just compensation was paid for the property. Plaintiff's Fourth Amended Complaint, Count I alleging a violation of the Takings Clause, therefore remains."

--Page 24, First paragraph: "Plaintiff's Counts I and III remain pending before this Court. Plaintiff's Count I alleges a violation of the Takings Clause: there are still material issues of fact regarding the sufficiency of Plaintiff's compensation."[5]

WHEREFORE, Defendants, the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri, pray that this Court grant their Joint Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009 as set forth above, and for all other relief this Court deems just and proper.

Respectfully submitted,

PATRICIA A. HAGEMAN,
City Counselor for the City of St. Louis


/s/ Robert M. Hibbs

---

[4] Count III, the Section 67.450, RSMo unlawful demolition claim, will continue against solely Defendant, City of St. Louis.

[5] Only the state law claim pursuant to Section 67.450, RSMo (Count III) remains pending before the Court against only Defendant, City of S. Louis.

Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski  #34218
Associate City Counselor
Attorneys for Defendants
Land Reutilization Authority, Missouri
of the City of St. Louis and
the City of St. Louis, Missouri
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

CERTIFICATE OF SERVICE

  A copy of the foregoing was filed electronically on the 31st day of December, 2009, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

            <u>/s/ Robert M. Hibbs</u>
            Robert M. Hibbs #537348