IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION ) | |
| AUTHORITY OF THE ) | |
| CITY OF ST. LOUIS, et. al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS', THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI AND THE CITY OF ST. LOUIS, MISSOURI, MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND THE COURT'S OPINION, MEMORANDUM, AND ORDER OF DECEMBER 4, 2009**

Comes now Defendants, the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, "Defendants"), and for their Memorandum in Support of their Joint Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009, state as follows:

**I.   Introduction.**

In the Court's Opinion, Memorandum, and Order of December 4, 2009 (Doc. 145) (hereinafter, "Court's Order"), the Court ordered that "Defendants' Motion for Partial Summary Judgment is granted as to Counts **I**, II and IV and denied on Count III". (*Court's Order*, pg. 24, emphasis added).[1]

---

[1] Count III of Plaintiff's Fourth Amended Complaint is an action under Section 67.450, RSMo against only Defendant, City of St. Louis. (Doc. 94, pgs. 22-24).

Despite the Court's dismissing all but Count III of Plaintiff's Fourth Amended Complaint, the Court's Order contains language that appears inconsistent in that the Court holds that although Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") properly has fee simple title to the Property, there are outstanding issues of fact, such as whether just compensation was paid to the Plaintiff and whether there is an outstanding "takings" claim.

Fed. R. Civ. P. 59(e) was designed to allow a district court to determine the correctness of its decision in the period immediately following the entry of judgment. The errors in the Court's Order are mistakes that are easily correctable by the Court and Defendant's Motion moves the Court to consider solely the correctness of the Court's Order.

## II. Standard for Motion to Amend Judgment.

Fed. R. Civ. P. 59(e), recently changed, provides the following: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Holder v. U.S.*, 2009 WL 5030785, 2 (E.D.Mo., 2009). Federal Rule of Civil Procedure 59(e) provides a means to allow or request support reconsideration by the court of matters properly encompassed in a decision on the merits. *Id.* "Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself." *Id.* "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *Id.* "A district court has broad discretion in determining whether to grant a motion to alter or amend judgment." *Id.*

**III.  Argument.**

The Court correctly held that LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22).  Citing Section 92.935.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

Since the Court stated that LRA properly acquired the Property at the tax sale, LRA owns the Property in fee simple title.  As the Court succinctly stated: "LRA, therefore, in a nutshell, has fee simple title." (*Court's Order*, pg. 22).  Payment by the LRA of $2,100.00 at the Sheriff's Sale of the Property was confirmed by the state court.  No payment is owed to Plaintiff and there is no "takings" claim of the Plaintiff as a result.  Since LRA has fee simple title as this Court has ruled, there can be no outstanding takings or just compensation claims by the Plaintiff as to matters involving the tax sale.

After the tax sale, LRA acquired the Property in fee simple title, as properly noted by the Court, and without any encumbrances or liens on the Property.  In *Euclid Plaza Associates, L.L.C. v. African American Law Firm*, 55 S.W.3d 446 (Mo.App. E.D. 2001), the Missouri Court of Appeals, Eastern District, recently looked at a case involving a sheriff's sale, pursuant to Section 92.825, RSMo, and stated the following:

> To determine the parties' rights in the premises after a tax sale, we must look to the statutes.  72 Am. Jur. 2d *State and Local Taxation* section 954.  The MLRL (The Municipal Land Reutilization Law) governs the sale.  Section 92.825.2

states, in pertinent part, that: Such sale shall convey the whole interest of every person having or claiming any right, title or interest in or lien upon such real estate . . . subject to rights-of-way thereon of public utilities . . . and subject only to the tax lien thereon, if any, of the United States of America.

Section 92.835.2 states, in pertinent part, that:

The title to any real estate which shall vest in any purchaser, upon confirmation of such sale by the court, shall be an absolute estate in **fee simple**, subject to rights-of-way thereon of public utilities on which tax has been otherwise paid, and subject to any tax lien thereon of the United States of America, if any, and all persons . . . who may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser. *Id.* at 448. (emphasis added).

The court further stated that, Section 92.835.2 "describes the quantum of title that shall vest in the purchaser upon confirmation of the tax sale by the court." *Id.* "In addition, it indicates that anyone who previously had any interest in the property is barred and foreclosed of whatever interest that person possessed before the confirmation." *Id.* at 448-449.

Since the tax suit was proper and LRA owns the Property in fee simple title, all prior rights, title or interest in the Property was extinguished. LRA purchased the Property at the Sheriff's Sale and payment of $2,100 was made by LRA.

Simply put, the Court's Order is inconsistent in that if LRA holds title to the Property as a result of the Sheriff's Sale and confirmation of the Sheriff's Sale by the Missouri state court in Land Tax Suit 123-25, then no "takings" claims exists and no legally cognizable claims can possibly exist regarding whether "just compensation was paid for the Property." LRA's purchase price was confirmed by the Missouri state court and no payment was owed or needed to be paid to Plaintiff, as a deed holder to the Property. The purchase price of $2,100.00 was confirmed by the Missouri state court and this Court has agreed with the

Missouri state court process and judgment in holding that LRA has fee simple title in the Property.

Pursuant to the Court's Order, Count III of Plaintiff's Fourth Amended Complaint, the Missouri state law claim under Section 67.450, RSMo, against solely the Defendant, City of St. Louis, Missouri, remains. Plaintiff has alleged that based on a 2003 Notice of Condemnation of a fence on the Property and subsequent demolition of this fence, Plaintiff has been damaged. The date of the Notice of Condemnation was subsequent to the weed abatement bill, which resulted in the Sheriff's Sale of the Property. This claim is separate and totally apart from the Court's determination and holding that Defendants prevailed in Counts I, II and IV of their Motion for Summary Judgment.[2]

The Court's Order contains the following language that is inconsistent with the Court's Order that summary judgment be granted as to Counts I, II and IV and, therefore, should be deleted or amended by the Court:

--Page 21, Second paragraph: "There remains material issues of fact that are properly resolved by a trier of fact, such as whether just compensation was paid for the property. Plaintiff's Fourth Amended Complaint, Count I alleging a violation of the Takings Clause, therefore remains."

--Page 24, First paragraph: "Plaintiff's Counts I and III remain pending before this Court. Plaintiff's Count I alleges a violation of the Takings Clause: there are still material issues of fact regarding the sufficiency of Plaintiff's compensation."

---

[2] Obviously, Plaintiff will have to prove its Count III under the Fourth Amended Complaint to the Court, such as how it was damaged through the use of a fence when it was merely a mortgagee and not the real owner of the Property. The City's May 8, 2003 "Notice of Condemnation" involved the fence and had no involvement with the previous weed abatement bill of the City, special tax bill of the Comptroller and subsequent Sheriff's Sale, purchase and confirmation of the sale to LRA. To clarify, the May 8, 2003 Notice of Condemnation of the fence on the Property was not a condemnation concerning the real property in the sense of an eminent domain.

**IV.     Conclusion.**

Fed. R. Civ. P. 59(e) allows for the Court to correct the Court's Order.  The above-referenced inconsistencies are easily correctable by the Court and the Court's amendment of the Court's Order is necessary to remove any remaining uncertainty among the parties.  As a result, Defendants respectfully request that the Court grant their Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009, and for all other relief this Court deems just and proper.

        Respectfully submitted,

        PATRICIA A. HAGEMAN,
        City Counselor for the City of St. Louis


        /s/ Robert M. Hibbs
        Robert M. Hibbs #537348
        Assistant City Counselor
        Donald G. Dylewski  #34218
        Associate City Counselor
        Attorneys for Defendants
        Land Reutilization Authority, Missouri
        of the City of St. Louis and
        the City of St. Louis, Missouri
        1200 Market, Room 314
        St. Louis, MO 63103
        622-3361 (Telephone)
        622-4956 (Fax)

CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on the 31st day of December, 2009, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ Robert M. Hibbs
Robert M. Hibbs #537348
