IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

EPICE CORPORATION, )
a Nevada corporation, )
 )
    Plaintiff, )
 )
v. ) Case No. 4:07CV00206 HEA
 )
THE LAND REUTILIZATION )
AUTHORITY OF THE CITY OF ST. )
LOUIS, MISSOURI, et al., )
 )
    Defendants. )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION DEFENDANT MURPHY'S AND LEGGETT'S JOINT MOTION FOR ATTORNEY'S FEES

COMES NOW Plaintiff, by and through its attorney, and for its Memorandum in Opposition to Defendant Murphy's and Leggett's Joint Motion for Attorney's Fees, states:

### I.

### PLAINTIFF IS NOT LIABLE TO DEFENDANTS DALY AND MURPHY FOR ATTORNEY'S FEES UNDER 42 U.S.C. SECTION 1988

42 U.S.C. Section 1988(b) provides, in part:

> In any action or proceeding to enforce a provision of sections ... 1983, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001),

the Court held that the phrase "prevailing party" in fee-shifting statutes, such as 42 U.S.C. Section 1988(b), is a legal term of art. In *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L.Ed.2d 163 (1980), the Court interpreted 42 U.S.C. Section 1988(b) as follows:

> In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*, at 421, 98 S.Ct., at 700. Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard. The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in Christiansburg:
>
> > "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S., at 422, 98 S.Ct., at 701.

449 U.S. at 15-16.

Under the standard set forth in *Hughes v. Rowe,* Defendants Daly and Murphy are not entitled to an award of attorney's fees under 42 U.S.C. Section 1988(b) from Plaintiff, unless the claims of Plaintiff are frivolous, unreasonable or groundless, or the plaintiff continued to litigate after the claim clearly became so.

The evidence presented by Defendants Daly and Murphy was that former Collector Leggett sent Plaintiff notice of the expiration of its tax sale redemption rights

2

solely by first class mail. Contrary to what may have been stated in this Court Opinion dated December 4, 2009, at pages 17 and 18 thereof, Plaintiff is not aware of any evidence in the record that former Defendant Leggett posted notice of tax sale redemption rights on the property.

Defendants Daly and Murphy have not cited any case law in their Joint Motion for Attorney's Fees holding that the affidavit of a collector or his attorney that he sent notice of the expiration of tax sale redemption rights solely by first class mail provides sufficient due process consistent with the Constitution when there is no evidence that the delinquent taxpayer or other interested party received the notice.

This Court's Opinion dated December 4, 2009 cites *Nelson v. City of New York*, 352 U.S. 103, 119 (1956) in denying Plaintiff's claims against Defendants Daly and Murphy. See Opinion at 18. The more than 50-year old *Nelson* case is factually distinguishable, based on the fact that in *Nelson* there was evidence that mailed tax redemption notices were received by an agent of the delinquent taxpayers, namely the bookkeeper of the delinquent taxpayers, who concealed the tax notices from the delinquent taxpayers. In this case, there is no evidence that the notice sent by former Defendant Leggett solely by first class mail were received by Plaintiff, the mortgagee.

Certainly there have been changes in the law since 1956 that make the Plaintiff's claims against Defendants Daly and Murphy non-frivolous. In *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708 (2006), the Court stated:

> The Solicitor General argues that requiring further effort when the government learns that notice was not delivered will cause the government to favor modes of providing notice that do not generate additional information--for example, starting (and stopping) with regular mail instead of certified mail. We find this unlikely,

> as we have no doubt that the government repeatedly finds itself being asked to prove that notice was sent and received. Using certified mail provides the State with documentation of personal delivery and protection against false claims that notice was never received. That added security, however, comes at a price--the State also learns when notice has *not* been received. We conclude that, under the circumstances presented, the State cannot simply ignore that information in proceeding to take and sell the owner's property--any more than it could ignore the information that the owner in *Robinson* was in jail, or that the owner in *Covey* was incompetent.

547 U.S. at 237.

In addition, *Jones* stated:

> If the Commissioner prepared a stack of letters to mail to delinquent taxpayers, handed them to the postman, and then watched as the departing postman accidentally dropped the letters down a storm drain, one would certainly expect the Commissioner's office to prepare a new stack of letters and send them again. No one "desirous of actually informing" the owners would simply shrug his shoulders as the letters disappeared and say "I tried." Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman.

547 U.S. at 229.

In this case, Plaintiff argues that there is a duty to watch the Postman when the government mails a notice of tax sale redemption rights in the sense that there is a constitutional duty to track whether constitutionally required mailed notices are sent or received, such as by the use of certified mail rather than first class mail. Such an argument is not meritless in the sense that it is groundless or without foundation, nor is such argument frivolous, unreasonable or groundless, nor did the Plaintiff continue to litigate after Plaintiff's claims clearly became so. *Jones* does not endorse the provision of notice solely by first class mail. 547 U.S. at 237. In fact, Chief Justice Roberts states

that it is unlikely that the government will rely solely on first class mail in providing notices of tax sale redemption rights. 547 U.S. at 237, quoted above. Plaintiff believes that it is arguable that *Jones* can be interpreted as imposing a duty on collectors of revenue to watch the Postman by using a method of mailed notice that tracks whether the mail is received, such as by certified mail. 547 U.S. at 229, quoted above. Even if *Jones* should not be so interpreted, Plaintiff's claims against Defendants Daly and Murphy are a good-faith argument for an extension of the law to impose a duty upon tax collectors to watch the Postman by using a method of mailing which tracks whether the mail is sent or received.

## II.

## PHILLIP K. GEBHARDT, ATTORNEY FOR PLAINTIFF, IS NOT LIABLE TO DEFENDANTS DALY AND MURPHY FOR ATTORNEY'S FEES UNDER 42 U.S.C. SECTION 1988(b)

Defendants Daly and Murphy do not cite any authority for the proposition that a plaintiff's attorney in a civil rights case may be assessed attorney's fees as part of the costs assessed in the case under 42 U.S.C. Section 1988(b). In particular, Rule 11 was not cited by Defendants Daly and Murphy, and Rule 11 Motions must be filed separately from any other motion. Rule 11(c)(2). Counsel for Plaintiff at no time acknowledged that he believed that the Plaintiff did not have a valid cause of action against Defendants Daly and Murphy, as is alleged in paragraph 3 of Defendants Murphy's and Leggett's Joint Motion for Attorney's Fees. The legal position of Plaintiff is explained above, which counsel for Plaintiff believes is not a frivolous or groundless legal position.

Furthermore, counsel for Plaintiff is aware of the following facts:

1. The Affidavit of Service of Notice filed by Attorney Sestric in his capacity as attorney for former Collector Leggett purporting to prove that notice of tax sale redemption rights was mailed to Plaintiff is not notarized. See Exhibit 5 to the Response to the Joint Motion for Summary Judgment of the Collector and Sheriff.

2. The Findings of Fact and Conclusions of Law mentioned in paragraph 2 of said Affidavit of Service of Notice incorrectly state that the tax bills being foreclosed were two years or more delinquent at the time of the filing of Land Tax Suit No. 123.

3. Said Affidavit of Service of Notice states that approximately 228 notices were mailed, but said affidavit does not state who mailed the notices, whether there was any method used to account for the number of notices actually mailed or whether there was any method used to account for whether the mailed notices were received.

4. Despite statements to the contrary in the Opinion, Memorandum and Order dated December 4, 2009, at pages 17 and 18, Phillip K. Gebhardt is not aware of any evidence in the record that former Collector Leggett publicly posted the notices of tax sale redemption rights on the property or elsewhere.

5. That the Affidavit of Service of Notice filed by Attorney Gordon D. Schweitzer, Jr., attorney for Defendant Murphy, on October 25, 2004, in Land Tax Suit No. 123 states that no notices were mailed by Defendant Murphy to Plaintiff. See Plaintiff's Proposed Exhibit 25-E filed as part of Plaintiff's Pre-trial Submission.

6. That the right of redemption expires under the Missouri Municipal Land Reutilization Act at the time of the tax sale under Section 92.750, RSMo, and any notices that might have been sent by Defendant LRA to Plaintiff after the tax sale are not constitutionally sufficient under the requirements of *Mennonite. Mennonite Board of*

*Missions v. Adams,* 462 U.S. 791, 798 n.6, 103 S.Ct. 2706, 2711 n.6, 77 L. Ed. 2d 180, 187 n.6 (1983).

Counsel for Plaintiff has argued that the self-serving Affidavit of Service of Notice of Attorney Sestric should not be sufficient evidence to deprive Plaintiff of its interest in the subject property. Such argument should not subject Phillip K. Gebhardt, counsel for Plaintiff, to liability for these Defendants' attorney's fees.

### III.

### THE AMOUNT OF TIME CLAIMED TO DEFEND A PURPORTEDLY FRIVILOUS ACTION IS UNREASONABLE

Counsel for Defendants Daly and Murphy claims to have expended 239 hours in defending the purportedly frivolous claims of Plaintiff. Counsel does not explain or detail how this time was expended in defending against these purportedly frivolous claims. If this time was reasonably needed to defend against these claims, then such time expenditures tend to validate the fact that such claims were non-frivolous.

There is no showing in the Joint Motion for Attorney's Fees that the time spent in defending this action was reasonably expended or that the time expended in defending this action was not excessive, redundant or otherwise unnecessary.

### CONCLUSION

Based upon the foregoing, Plaintiff believes that the Joint Motion for Attorney's Fees of Defendants Daly and Murphy should be denied.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: _____
/s/Phillip K. Gebhardt   Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
E-mail at pkgmag@swbell.net
Co-counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures on the 6th day of January 2010, to Anthony Sestric, Special Assistant Circuit Attorney, Attorney for Defendants Murphy and Daly, Donald C. Dylewski and Robert M. Hibbs, Office of the City Counselor, Attorney for Defendants Land Reutilization Authority of the City of St. Louis and City of St. Louis, Missouri, and Matthew C. Casey, Co-counsel for Plaintiff.

_____

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Memorandum in Opposition to Motion for Attorney's Fees
File No. 06-386-L-5230
pkg

8