IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

| EPICE CORPORATION, | ) | |
|---|---|---|
| a Nevada corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV00206 HEA |
| | ) | |
| THE LAND REUTILIZATION | ) | |
| AUTHORITY OF THE CITY OF ST. | ) | |
| LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS', THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI AND THE CITY OF ST. LOUIS, MISSOURI, MOTION TO AMEND THE COURT'S OPINION, MEMORANDUM, AND ORDER OF DECEMBER 4, 2009

COMES NOW Plaintiff, by and through its attorney, and for its Memorandum in Opposition to Defendants', The Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri, Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009, states:

### I.

### THE MOTION TO AMEND IS PRE-MATURE.

Said Defendants Motion to Amend is purportedly filed under Federal Rule of Civil Procedure 59(e). In *Auto Services Company, Inc. v. KPMG, LLP,* 537 F.3d 853 (8th Cir. 2008), the Court stated:

> A "motion for reconsideration" is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. *See, e.g., Sanders v. Clemco Indus.,* 862 F.2d 161, 168 (8th Cir.1988). Here, because ASC identified

1

> Rule 59(e) as the operative authority and called into question the correctness of the District Court's judgment, we will treat the motion as one to alter or amend the judgment under Rule 59(e). *See Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996). We review the District Court's denial of the motion for abuse of discretion. *See id.*
>
> A motion to alter or amend the judgment must be served no later than ten days after the entry of "the judgment," Fed.R.Civ.P. 59(e), and, if timely filed, tolls the time in which to file a notice of appeal until the district court disposes of the motion, Fed. R.App. P. 4(a)(4)(A)(iv). For purposes of the Federal Rules of Civil Procedure, "judgment" is defined to "include[] a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). Thus, "judgment" encompasses both a final judgment and an appealable interlocutory order. "Judgment" does not, however, encompass an order dismissing fewer than all of the opposing parties or claims unless the district court directs the entry of final judgment under Rule 54(b), or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b). *Wagner v. Farmers & Merchs. State Bank*, 787 F.2d 444, 445 (8th Cir.1986) (per curiam). Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment. *Maristuen v. Nat'l States Ins. Co.*, 57 F.3d 673, 679 (8th Cir.1995) (reasoning that a Rule 59(e) motion "would have been premature had it been filed within ten days of" an order that was not a final judgment); Barton v. Columbia Mut. Cas. Ins. Co., 930 F.2d 1337, 1338 n. 2 (8th Cir.1991) (noting that the district court's judgment denying a motion for a new trial and disposing of all remaining claims "effectively terminated the controversy," thus rendering final a "previously interlocutory ... [o]rder dismissing plaintiffs' unrelated claims").

537 F.3d at 855-856.

Counsel for Plaintiff's reading of this Court's Opinion, Memorandum and Order dated December 4, 2009 is that such Opinion, Memorandum and Order is not a final

judgment, as said Opinion, Memorandum and Order dismisses fewer than all of Plaintiff's claims. Said Defendants' Motion to Amend is premature.

## II.

## ISSUES OF JUST COMPENSATION WERE NOT DECIDED IN LAND TAX SUIT NO. 123

Defendant LRA argues that the confirmation process in Land Tax Suit No. 123 decided all issues of just compensation, so there are no issues of just compensation left to be decided by the finder of fact in this case. See pages 3 and 4 of the Memorandum in Support of said Defendants' Motion to Amend.

Determination of the fair market value is not a criterion for confirmation of a tax sale. Adequate consideration for purposes of confirming a tax sale under Section 92.840, RSMo, means the forced-sale value of the property, not the fair market value of the property sold. *Collector of Revenue, City of St. Louis v. Parcel #42-370, Parcels of Land Encumbered with Delinquent Tax Liens (Owner Omarco, Inc.)*, 672 S.W.2d 730, 731 (Mo. App., E.D. 1984).

Fair market value is normally the measure of "just compensation". *Commodities Trading Corporation v. United States*, 339 U.S. 121, 70 S. Ct. 547, 94 L. Ed. 707 (1950).

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed.2d 126 (1985), the Court stated:

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S., at 297, n. 40, 101 S. Ct., at 2371, n. 40. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a " 'reasonable, certain and adequate provision for obtaining compensation' " exist at

3

> the time of the taking. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 124-125, 95 S.Ct. 335, 349, 42 L.Ed.2d 320 (1974) (quoting Cherokee Nation v. Southern Kansas R. Co., 135 U.S. 641, 659, 10 S.Ct. 965, 971, 34 L.Ed. 295 (1890). *See also Ruckelshaus v. Monsanto Co.*, 467 U.S., at 1016, 104 S.Ct., at 2879-2880; *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 21, 60 S.Ct. 413, 414, 84 L.Ed. 554 (1940); *Hurley v. Kincaid*, 285 U.S. 95, 104, 52 S.Ct. 267, 269, 76 L.Ed. 637 (1932). If the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking. *Monsanto*, 467 U.S., at 1013, 1018, n. 21, 104 S.Ct., at 2878, 2881, n. 21. Thus, we have held that taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act, 28 U.S.C. § 1491. *Monsanto*, 467 U.S., at 1016-1020, 104 S.Ct., at 2880-2882. Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

473 U.S. at 194-195.

Plaintiff believes that the confirmation procedures established in the Missouri Municipal Land Reutilization Act are not designed as an adequate process for providing former property owners with just compensation. Therefore, issues of just compensation remain to be determined in this case.

Plaintiff specifically reserves the right to argue that the confirmation process enacted in the Missouri Municipal Land Reutilization Act is not an adequate process for obtaining "just compensation" for former owners of property sold at tax sale, and that Plaintiff's constitutional claims remain.

Further, because counsel for Plaintiff believes that any motion to amend or correct the Opinion, Memorandum and Order dated December 4, 2009 is premature, Plaintiff has

not filed any such motion, and Plaintiff specifically reserves any and all rights Plaintiff may have to present any arguments or additional information deemed appropriate by counsel for Plaintiff to the Court for consideration in any subsequent motion to amend or correct said Opinion that Plaintiff may file at a future date, if any.

## CONCLUSION

Based upon the foregoing, Plaintiff believes that the Motion to Amend the Court's Opinion, Memorandum, and Order dated December 4, 2009 filed by Defendants, The Land Reutilization Authority of the City of St. Louis and the City of St. Louis, Missouri, should denied.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: /s/Phillip K. Gebhardt  Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
E-mail at pkgmag@swbell.net
Co-counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures on the 7th day of January 2010, to Anthony Sestric, Special Assistant Circuit Attorney, Attorney for Defendants Murphy and Daly, Donald C. Dylewski and Robert M. Hibbs, Office of the City Counselor, Attorney for Defendants Land Reutilization Authority of the City of St. Louis and City of St. Louis, Missouri, and Matthew C. Casey, Co-counsel for Plaintiff.

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Memorandum in Opposition to Motion to Amend
File No. 06-386-L-5230
pkg