IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION ) | |
| ) | |
| Plaintiff ) | |
| ) | Ca. # 4:07CV00206 HEA |
| ) | |
| vs. ) | |
| ) | |
| THE LAND RITUALIZATION AUTHORITY ) | |
| OF THE CTY OF ST. LOUIS, et al ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS SHERIFFS AND COLLECTOR'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SUPPORT OF THEIR JOINT MOTION FOR ATTORNEY'S FEES.

A memorandum has been filed on behalf of the Plaintiff and the Plaintiff's attorney opposing the Joint Motion of the Defendants Sheriff and Collector of Revenue for Attorney's fees. The opposing memorandum urges three grounds for denying the Motion for Attorney's fees. (1) These Defendants were not prevailing parties; and (2) the amount of time spent by the Defendants' attorneys is unreasonable. We shall address each of these arguments.

I. THESE DEFENDANTS WERE PREVAILING PARTIES

Plaintiff argues that these Defendants were not prevailing parties because the Collector had not "posted notice of tax sale redemption right on the property." (Page 3 of Plaintiff's memorandum.) Plaintiff also argues that the Court's reliance on Nelson v. City of New York, 352 U.S.103, 119 (1956) is not controlling, and had been overruled by Jones v. Flowers, 547 U.S. 220 (2006) and that Plaintiff's "follow the postman" theory was good law.

The answers to each of these arguments are simple and direct. First there is no

constitutional requirement that any notice be posted physically on the property. There is no statutory or judicial requirement that a notice be physically posted on the property and Plaintiff has never argued for such a requirement. Secondly, the "follow the postman" theory has been consistently rejected by the Federal Courts, most recently, in this Circuit, in <u>Kornblum v. St. Louis County, Missouri</u>, 48 F.3d 1031, 1035 (8th Cir. 1995). (See also <u>U.S. v. One Star Class Sloop Sailboat</u>, 458 F.3d 16, 25 (1st Cir. , 2006)  for an even more recent case.)

Plaintiff argues that these Defendants are not prevailing parties because the Plaintiff had what turned out to be a misguided belief in its claim.  However, Plaintiff's attorney acknowledged that he did not believe that the Plaintiff's claim was sound.

```
                          24
13     Q.  Did you -- July 6, 2006, that was
14   subsequent to the date that you were retained by Epice
15   Corporation to initiate foreclosure proceedings; is that
16   correct?
17      A.  Yes.  But it was kind of a stop and start
18   process, because when I went to the -- review the land tax
19   suit file, there didn't appear to be notice of an affidavit
20   of service of notice upon Epice Corporation.  And things
21   changed when a case came down called Jones versus Flowers,
22   which came down in April of 2006, which I believe I
23   informed my client that my opinion might change on whether
24   there would be a basis for bringing an action to set aside
25   the sale.

                          25
 1     Q.  Did you form an opinion at some point as to
 2   whether or not the notice to Epice Corporation had been
 3   sent back to the Collector of Revenue?
 4      A.  No.  At that time I just reviewed the
 5   pleadings.
 6     Q.  Now, Jones versus Flowers stands for the
 7   position that if the notice comes back to the sender, the
 8   sender has a further duty to find another address and use
 9   some other methods to communicate to the Deed of Trust
```

```
 10  holder; is that correct?
 11     A.  That's the holding in the case or that's my
 12  understanding of the holding.
 13     Q.  All right.  And did you form an opinion as
 14  to whether or not the notice to Epice Corporation had been
 15  returned to the Collector of Revenue?
 16     A.  No.  I looked at a different part of the
 17  case where the Solicitor General argued that using
 18  certified mail and disadvantaging certified mail to the
 19  extent that if there's notice given back that it's
 20  returned, that there was a -- it wasn't on a par with just
 21  regular mail notice.  And it seemed to me that the Court
 22  was indicating that there was a standard of proof that
 23  might not be able to be met with just regular mail notice
 24  that is available to certified mail notice.
 25     Q.  All right.  So you formed an opinion that

                                    26
  1  something more than just evidence of mailing the notice
  2  might be required to satisfy the Mennonite case and the
  3  lower case in Jones versus Flowers; is that correct?
  4     A.  I didn't rely on Mennonite per se, but I
  5  was looking at a portion of Jones.
```

Plaintiff's counsel was aware that a notice of the Sheriff's sale had been sent to his client, and had no information would indicate that the notice had been returned. (Ultimately the evidence was that the notice had not been returned.) The law on the "follow the postman" theory was clear, and this Court so held.  There is nothing to indicate that the Defendants did not prevail, and are entitled to be considered the "prevailing party" under 42 U.S.C. §1988.

II. THE AMOUNT OF TIME SPENT BY THE DEFENDANTS' ATTORNEYS IS UNREASONABLE.

We would point out that the attorney for the Plaintiff had filed a total of five versions of the complaint, and during the pendency of four of these versions, the motions to dismiss and motions for summary judgment were denied ONLY because the Plaintiff's attorney was given

leave to file another amended complaint. It is up to this Court, upon examining the time sheets to determine whether the work done was unreasonable in defending five separate versions of the Plaintiff's complaint. We would suggest that the expenditure of 239 hours during two years of litigation is not unreasonable. Plaintiff's attorney has not cited one act or expenditure of time which is unreasonable, but merely concludes that time spent was not "reasonably expended" and that the time expended in defending what amounts to five suits was "excessive, redundant" and "otherwise unnecessary." See page 7 of Plaintiff memorandum.

WHEREFORE, Defendants move an order of this Court awarding Counsel for the Defendants the total of $41,825.00 and that the award and judgment be assessed against Plaintiff and Plaintiff's Counsel, and such other orders as ths court shall deem meet and just.

*Anthony J. Sestric*

Anthony J. Sestric, ARN # 4332
3967 Holly Hills Blvd. Attorney
St. Louis, MO 63116-3135
(314) 351-2512
(314) 351-2395 (Fax)
Attorney for the Sheriff and Collector

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing document has been electronically served upon the parties this 9th day of January 2010 addressed to

| | |
|---|---|
| Mr. Phllp K. Gebhardt<br>Attorney at Law<br>1720 No. Main<br>Desoto, MO 63020<br>Attorney for Plaintiff | and<br><br>Mr. Matthew C. Casey<br>Casey & Devoti<br>Attorneys at Law<br>100 No. Broadway, Suite 1000 |

St. Louis, Mo 63102-2704
Attorney for Plaintiff

and

Mr. Donald C. Dylewski
Office of the City Counselor
City Hall, Room 314
1200 Market St.
St. Louis, MO 63103
Attorney for Defendants City of St. Louis
and Land Reutilization Authority

and

Mr. Robert M. Hibbs,
Office of the City Counselor,
City Hall, Room 314,
1200 Market Street,
St. Louis, Missouri 63103,
Attorney for Defendants Land Reutilization
Authority

*Anthony J. Sestric*

_____
      Anthony J. Sestric