IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE | ) |
| CITY OF ST. LOUIS, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS', THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI AND THE CITY OF ST. LOUIS, MISSOURI, REPLY TO PLAINTIFF'S MEMORANDUM IN OPPISITION TO DEFENDANTS' MOTION TO AMEND THE COURT'S OPINION, MEMORANDUM, AND ORDER OF DECEMBER 4, 2009**

Comes now Defendants, the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, "Defendants"), and for their Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009 (hereinafter, "Motion"), state as follows:

In the Court's Opinion Memorandum, and Order of December 4, 2009 (Doc. 145) (hereinafter, "Court's Order"), the Court ordered that "Defendants' Motion for Partial Summary Judgment is granted as to Counts **I**, II and IV and denied on Count III". (*Court's Order*, pg. 24, emphasis added).[1] By the Court's Order, all that is remaining as to Plaintiff's Fourth Amended Complaint is Count III. Defendants' Motion filed pursuant to pursuant to

---

[1] Count III of Plaintiff's Fourth Amended Complaint is an action under Section 67.450, RSMo against only Defendant, City of St. Louis. (Doc. 94, pgs. 22-24).

Fed. R. Civ. P. 59(e), seeks to clarify seemingly inconsistent language in the Court's Order. Contrary to the case cited by Plaintiff, pursuant to Fed. R. Civ. P. 59(e) (effective on December 1, 2009), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment". As a result, Defendants' *Motion* was timely filed. Defendants contend that irregardless of whether or not the Court has authority under the stated rule, the Court always has the inherent authority to clarify its orders regarding inconsistent language.

Regarding the substantive arguments raised in Plaintiff's Memorandum, they are without merit. This Court correctly ruled that Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.935.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

Plaintiff's reliance on *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson County*, 473 U.S. 172 (1985) is misplaced as that case involved an allegation of a regulatory taking. Plaintiff's reliance on *Collector of Revenue, City of St. Louis v. Parcel #42-370, Parcels of Land Encumbered with Delinquent Tax Liens (Owner Omarco, Inc.)*, 672 S.W.2d 730 (Mo.App. E.D. 1984) is also misplaced as in that case, the issue was whether the

former owner of the property was an interested party at the confirmation hearing.[2]

Further, Plaintiff make no mention of the court's decision in the recent case of *Euclid Plaza Associates, L.L.C. v. African American Law Firm*, 55 S.W.3d 446 (Mo.App. E.D. 2001), which held that pursuant to Section 92.825, RSMo, upon confirmation of the sale by the court, the title to any real estate shall vest in the purchaser in fee simple title absolute subject only to any tax liens of the United States of America. *Id.* at 448. After the tax sale, LRA acquired the Property in fee simple title, as properly noted by the Court, and without any encumbrances or liens on the Property. Since the tax suit was proper and LRA owns the Property in fee simple title, all prior rights, title or interest in the Property was extinguished, including Plaintiff's deed of trust.

Defendants' Motion seeks to have the Court correct what appears to be inconsistent language in the Court's Order regarding "takings" and "just compensation" issues being outstanding in the case and to avoid any further uncertainty and confusion among the parties. As a result, Defendants respectfully request the Court to grant Defendants' Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009, and for all other relief this Court deems just and proper.

---

[2] The Court correctly ruled that Plaintiff was provided with notice of the hearing of the confirmation sale. (*Court's Order*, pg. 18). If Plaintiff was dissatisfied at the time with the proposed purchase price of the Property, Plaintiff could have appeared at the confirmation hearing and provided evidence of the value of the Property and the court would have immediately determined whether an adequate consideration had been paid for the Property. (Section 92.840.1, RSMo). Plaintiff's remedy, of course, was not to institute a separate proceeding in a separate court, years later, erroneously alleging that the LRA did not pay Plaintiff just compensation for the Property when there was no legal requirement to do so.

Respectfully submitted,

PATRICIA A. HAGEMAN,
City Counselor for the City of St. Louis


<u>/s/ Robert M. Hibbs</u>
Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski  #34218
Associate City Counselor
Attorneys for Defendants
Land Reutilization Authority, Missouri
of the City of St. Louis and
the City of St. Louis, Missouri
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on the 12th day of January, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ Robert M. Hibbs
Robert M. Hibbs #537348