IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EPICE CORPORATION,<br>a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>THE LAND REUTILIZATION<br>AUTHORITY OF THE CITY OF ST.<br>LOUIS, MISSOURI, et al.,<br><br>    Defendants. | Case No. 4:07CV00206 HEA |

**PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR JUST
COMPENSATION ISSUES**

COMES NOW Plaintiff, by counsel, and for its Motion to Reopen Discovery for Just Compensation Issues, states:

1. The original Scheduling Case Management Order dated July 12, 2007 set February 25, 2008 as the deadline for Plaintiff to designate experts, with the experts available for deposition no later than March 22, 2008.

2. By Amendment to Case Management Order dated May 19, 2008, the discovery deadline was extended to June 20, 2008.

3. On December 3, 2008, Plaintiff filed its Fourth Amended Complaint, which alleged an unconstitutional taking of the subject property without just compensation.

4. As originally pleaded, the Fourth Amended Complaint sought alternative equitable and legal relief, and, upon information and belief, no expert testimony would be needed to determine that the sum of $2,100.00 was not just compensation for the commercial building, thus supporting

       Plaintiff's intended election for equitable relief in the form of the setting aside of the Sheriff's Deed.

5. On December 4, 2009, this Court entered its Opinion, Memorandum and Order holding that the Sheriff's Deed would not be set aside, but declaring that issues of just compensation remain to be determined by the trier of fact.

6. Plaintiff has not designated any expert witnesses to testify as to the fair market value of the subject property on the date of the taking.

7. To the best of Plaintiff's knowledge and belief, Defendant Land Reutilization Authority of the City of St. Louis has not designated any expert witnesses to testify as to the fair market value of the subject property on the date of the taking.

8. Without a reopening of discovery in this matter, there will be no independent expert witness testimony regarding the fair market value of the subject property on the date of the taking.

WHEREFORE, Plaintiff prays that this Court enter an order reopening discovery for the purpose of litigating just compensation issues and for such other and further relief as is meet and just.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: _____
/s/Phillip K. Gebhardt  Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
E-mail at pkgmag@swbell.net
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures on the xx day of January 2010 to: Anthony Sestric, Special Assistant Circuit Attorney, Attorney for Defendants Collector and James W. Murphy, Sheriff of the City of St. Louis, Donald C. Dylewski, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Robert M. Hibbs, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Daniel J. Proost, Attorney for Defendants Collector and Sheriff, James A. Michael, Jr., Attorney for Defendants Collector and Sheriff.

_____

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Motion to Reopen Discovery for Designation of Experts on Just Compensation
File No. 06-386-L-5230
pkg