IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EPICE CORPORATION, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI, et al., <br><br> Defendants. | Case No. 4:07CV00206 HEA |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR JUST COMPENSATION ISSUES**

COMES NOW Plaintiff, by and through its attorney, and for its Memorandum in Support of its Motion to Reopen Discovery for Just Compensation Issues, states:

**INTRODUCTION**

After the deadline for designating experts, Plaintiff was granted leave to file a Fourth Amended Complaint, which for the first time alleged an unconstitutional taking of the subject real estate without just compensation.

Counsel for Plaintiff believed that finding that the sum of $2,100.00 paid for the subject property was not just compensation for the subject commercial building and lot was an issue that could be proved without an opinion of an independent expert real estate appraiser. Such a finding by the trier of fact would be a basis for setting aside the Sheriff's Deed. Such strategy was taken in part because of a lack of funds to pay for a real estate appraiser to testify as an expert witness.

In this Court's Opinion, Memorandum and Order dated December 4, 2009, this Court eliminated Plaintiff's election of equitable relief in this matter by upholding the

1

validity of the Sheriff's Deed to the property naming Defendant Land Reutilization Authority of the City of St. Louis as the owner of the subject property. Said Opinion also states that issues of just compensation remain to be decided. Opinion at page 23.

The Court's Order eliminating Plaintiff's right to elect equitable relief of setting aside said Sheriff's Deed in effect converting this matter into an variant of an inverse condemnation case was not foreseen by counsel for Plaintiff. Plaintiff is now under an obligation to prove the fair market value of the subject property on the date of the taking.

## DISCUSSION

Scheduling orders may be modified only for good cause and with the judge's consent. Federal Rule of Civil Procedure 16(b)(4); *Mann v. Fernandez,* 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009). Orders relating to discovery are reviewed on a gross abuse of discretion standard. *Derby v. Godfather's Pizza, Inc.,* 45 F.3d 1212, 1215 (8th Cir. 1995). The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. *Bradford v. Dana Corporation,* 249 F.3d 807, 809 (8th Cir. 2001).

Counsel for Plaintiff believes that he has been diligent in pursuing this litigation, including, without limitation, the designation of expert witnesses based on the resources available to Plaintiff and its counsel. The elimination of Plaintiff's right to equitable relief in this Court's Opinion, Memorandum and Order dated December 4, 2009, while still requiring Plaintiff to litigate just compensation issues was not foreseen by counsel for Plaintiff.

2

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: /s/Phillip K. Gebhardt  Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
E-mail at pkgmag@swbell.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures on the xx day of January 2010 to: Anthony Sestric, Special Assistant Circuit Attorney, Attorney for Defendants Collector and James W. Murphy, Sheriff of the City of St. Louis, Donald C. Dylewski, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Robert M. Hibbs, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Daniel J. Proost, Attorney for Defendants Collector and Sheriff, James A. Michael, Jr., Attorney for Defendants Collector and Sheriff.

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Memorandum in Support of Motion to Reopen Discovery
File No. 06-386-L-5230
pkg