IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EPICE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) | |
| AUTHORITY OF THE | ) | |
| CITY OF ST. LOUIS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, THE CITY OF ST. LOUIS, MISSOURI AND THE LAND
REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI'S
TRIAL BRIEF FOR FEBRUARY 16, 2010 TRIAL**

Comes now Defendants, the City of St. Louis, Missouri (hereinafter, "Defendants"), and

for their Trial Brief for February 16, 2010 Trial Regarding Count III of Plaintiff's Fourth

Amended Complaint, states the following:[1]:

I.      **Introduction and Summary of the Case.**

Plaintiff, Epice Corporation is a Nevada corporation, who was a holder of a deed

of trust on the subject property located at 5900 W. Florrissant at the southwest corner of

Riverview Boulevard and West Florrisant (hereinafter, "Property").  Defendant, the City of St.

Louis, Missouri, is a political subdivision of the State of Missouri.  Among the duties of the City

are to inspect properties in the City for compliance with laws and to issues Notice of

---

[1] Pursuant to the Court's December 4, 2010 Opinion, Memorandum, and Order (doc. 145), Defendants'
(City of St. Louis Missouri and the land Reutilization Authority of the City of St. Louis, Missouri)
"Motion for Partial Summary Judgment [] is granted as to Counts **I**, II and IV and denied on Count III".
(*Court's Order*, pg. 24)(Emphasis added).  As a result, all that is remaining in Plaintiff's Fourth Amended
Complaint is Count III, which is a state law action pursuant to Section 67.450, RSMo for wrongful
demolition against solely the City.  (Plaintiff's Fourth Amended Complaint, doc. 94, pgs. 22-24).

Condemnation when properties or structures endangers the health and lived and safety and welfare of persons of property.

Plaintiff's Count III is a Missouri state law cause of action for wrongful demolition pursuant to Section 67.450, RSMo. Section 67.450, RSMo against only Defendant, City of St. Louis. (Doc. 94, pgs. 22-24). Section 67.450, RSMo allows for a cause of action in the event "any building or structure is wrongfully demolished by a city, town, village or county having a charter form of government or is demolished without adhering to the procedures provided in sections 67.400 to 67.450, the city, town, village or county having a charter form of government shall be liable for damages as determined by a court of law in a suit brought by the party so damaged."

Regarding the subject property, there was a fence surrounding the Property that was falling down and in a state of disrepair and danger to the public. As a result, the City issued a Notice of Condemnation for the repair or removal of the Fence. The Notice of Condemnation was mailed to the owner of the Property, C.W. Turner Corporation. Additionally, a copy of the Notice of Condemnation was posted on the Property.

The Plaintiff, Epice Corporation, alleges that it was entitled to notice of the Notice of Condemnation. The Plaintiff, Epice Corporation, also alleges that it was damaged through the loss of the use of the Fence in an amount equal to the cost of replacing the Fence. The City claims that it was justified in issuing the Notice of Condemnation to C.W. Turner Corporation, the owner of the Property. Plaintiff, Epice Corporation, as not being the owner of the Property, was not entitled to receive a copy of the Notice of Condemnation pursuant to St. Louis City Ordinance No. 64771.

II.      **Anticipated Issues.**

1.      **Notice of the May 8, 2003 Notice of Condemnation was lawfully sent to C.W. Turner Corporation, the Owner of the Property, and Plaintiff, Epice Corporation was not legally entitled to Receive a Copy.**

Through the May 8, 2003 Notice of Condemnation, the City condemned the Fence located on the Property.  In the Notice of Condemnation, it is stated that the City's inspection revealed that the Fence was in a condition which "endangers the health, and/or lives, and/or safety and welfare, of persons or property" and ordered removal of the Fence.  The Notice of Condemnation was mailed to the owner of the Property at the time, i.e., C.W. Turner Corporation.

The City does not dispute the fact that the Notice of Condemnation was not sent to Plaintiff, Epice Corporation, a deed of trust holder in the Property at the time of the May 8, 2003 Notice of Condemnation.  As only a mortgagee in the Property at the time of the Notice of Condemnation, Plaintiff, Epice Corporation, was not the owner of the Property, and, therefore, not legally entitled to receive notice of the Notice of Condemnation pursuant to St. Louis City Ordinance 64771.

A.      **Notice Per St. Louis City Ordinance No 64771.**

Section 67.400, RSMo provides the following:

The governing body of any city, town, village, or county of the first classification and any county of the first class with a charter form of government may enact orders or ordinances to provide for vacation and the mandatory demolition of buildings and structures or mandatory repair and maintenance of buildings or structures within the corporate limits of the city, town, village or county which are detrimental to the health, safety or welfare of the residents and declared to be a public nuisance.

-3-

Section 67.410, RSMo provides, in part, the following:

1.   Except as provided in subsection 3 of this section, any ordinance enacted pursuant to section 67.400 shall:

> (3)   Provide for service of adequate notice of the declaration of nuisance, which notice shall specify that the property is to be vacated, if such be the case, reconditioned or removed, listing a reasonable time for commencement; and may provide that such notice be served either by personal service or by certified mail, return receipt requested, but if service cannot be had by either of these modes of service, then service may be had by publication. The ordinances shall further provide that the owner, occupant, lessee, mortgagee, agent, and all other persons having an interest in the building or structure as shown by the land records of the recorder of deeds of the county wherein the land is located shall be made parties;

3.   The governing body of any city not within a county and the governing body of any city with a population of three hundred fifty thousand or more inhabitants which is located in more than one county may enact their own ordinances pursuant to section 67.400 and are exempt from subsections 1 and 2 of this section.

As the City of St. Louis is a city not within a county, it is exempt from the notice provisions of Section 67.410.1(3), RSMo pursuant to Section 67.410.3, RSMo.

At the time of the May 8, 2003 Notice of Condemnation, the City had in place an ordinance that dealt with condemnation and demolition of buildings and structures.  (St. Louis City Ordinance No. 64771).  Section 119.1 of Ordinance No. 64771, provides, in part, the following:

> If, upon making an inspection and examination, the code official finds that a building, structure or premises has one or more of the defects described below, the code official shall notify in writing, as provided in Section 119.2, **the owner(s) of said building, structure or premises, as recorded most recently in the City of Saint Louis Assessor's Office**, the defects found in said building, structure or premises, and shall order them to proceed to properly demolish, repair, and secure or correct all conditions causing condemnation of said building, structure or premises within seven days. This document is to be known as a

Notice of Condemnation. If the conditions have not been corrected by the date listed in the notice, the building, structure, premises, or portion thereof or appurtenance thereto will be condemned and shall be required to be vacated and secured…(emphasis added).

Plaintiff, Epice Corporation, was not the owner of the Property on May 8, 2003. Rather, it was only a mortgagee in the Property. As a result, pursuant to Ordinance No. 64771, Epice Corporation, the Plaintiff, was not legally entitled to receive notice of the May 8, 2003 Notice of Condemnation.

### B.     Constitutional Notice.

Plaintiff, Epice Corporation, has no basis for alleging that it was entitled to constitutional notice of the Notice of Condemnation.

As the Court noted in the Court's December 4, 2010 Opinion, Memorandum, and Order, doc. 145 (hereinafter, "Court's Order"), citing the U.S. Supreme Court in *Jones v. Flowers*, 126 U.S. 220, 225 (2006), "due process does not require that a property owner receive actual notice before the government may take his property...Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'". (*Court's Order*, pg. 18).

Due process is a flexible concept that varies with the particular situation. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). To determine what procedural protections the Constitution requires in a particular case, the court weighs several factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail.  Id.  [quoting from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)].

"Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983).  However, the May 8, 2003 Notice of Condemnation of a fence was not a tax sale where all interest in the property is sold.  The Sheriff's Sale concerning this Property occurring in 2005 was upheld by the Court.  (<u>Please</u> *see Court's Order*, pg. 22: ""LRA, therefore, in a nutshell, has fee simple title.").

In looking at the three factors set forth by the U.S. Supreme Court in *Matthews v. Eldridge*, first, the private interest affected by the official action, i.e., the Notice of Condemnation, is minimal.  Plaintiff, Epice Corporation, was merely a mortgagee concerning the Property.  The Notice of Condemnation involved only a fence on the Property.  Second, there is no risk of erroneous deprivation of Plaintiff, Epice Corporation's, interest in the Property through the procedures used by the City.  The May 8, 2003 Notice of Condemnation did not affect Plaintiff's deed of trust in the Property.  Finally, the City's interest in providing only property owners with notice of a notice of condemnation is substantial.  Were the procedure otherwise, the City would have to search and provide notice to anyone who claims an interest in property before it issued a notice of condemnation.  This would be an additional procedure, and there is no standing for a deed of trust holder to enter the property owner's parcel and on their own, repair, replace or remove the item(s) which are the subject to the notice of condemnation. Such a procedure is not required by City Ordinance or any principles of constitutional law since the deed of trust holder has no rights to maintain the property.  The remedies of the deed of trust holder are contained in the legal documents(s) between the mortgagee and the mortgagor.

-6-

Simply put, your bank is not going to cut your grass, fix the crack in your sidewalk or paint your gutter, when it is the sole responsibility of the property owner, who has the possessory interest in the property, and therefore, is legally required to receive the notice of condemnation. The mortgagee's interest in the property remains after the notice of condemnation and is not affected by the notice of condemnation.

As a result, the Plaintiff, Epice Corporation, was not entitled to constitutional notice of the May 8, 2003 Notice of Condemnation. Additionally, whether or not the Fence is a "structure" as defined pursuant to Ordinance No. 64771 is irrelevant since the Plaintiff, Epice Corporation, was not entitled to receive notice of the Notice of Condemnation. Any rights of appeal to the May 8, 2003 Notice of Condemnation pertains solely to the owner of the Property, C.W. Turner Corporation, who received said notice and did not appeal this Notice of Condemnation.

                               Respectfully submitted,

                               PATRICIA A. HAGEMAN,
                               City Counselor for the City of St. Louis


                               /s/ Robert M. Hibbs
                               Robert M. Hibbs #537348
                               Assistant City Counselor
                               Donald G. Dylewski  #34218
                               Associate City Counselor
                               Attorneys for Defendants
                               City of St. Louis, Missouri and
                               the Land Reutilization Authority of
                               the City of St. Louis, Missouri
                               1200 Market, Room 314
                               St. Louis, MO 63103
                               622-3361 (Telephone)
                               622-4956 (Fax)

CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on the 28th day of January, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ Robert M. Hibbs
Robert M. Hibbs #537348