IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE | ) |
| CITY OF ST. LOUIS, et. al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS', THE LAND REUTILIZATION AUTHORITY OF THE
CITY OF ST. LOUIS, MISSOURI AND THE CITY OF ST. LOUIS, MISSOURI,
JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO REOPEN DISCOVERY FOR JUST COMPENSATION ISSUES**

Comes now Defendants, the City of St. Louis, Missouri and the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, collectively, "Defendants")[1], and for their Joint Memorandum in Opposition to Plaintiff's Motion to Reopen Discovery for Just Compensation Issues, states as follows:

In the Court's Opinion, Memorandum, and Order of December 4, 2009 (Doc. 145) (hereinafter, "Court's Order"), the Court ordered that Defendants' "Motion for Partial Summary

---

[1] In the Court's December 4, 2009 Opinion, Memorandum, and Order (doc 145), the Court ordered that Defendants Motion for Summary Judgment was granted as to Counts I, II and IV and denied as to Count III. Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law cause of action pursuant to Section 67.450, RSMo against solely the City of St. Louis, Missouri. (See Plaintiff's Fourth Amended Complaint, doc. 94, pgs. 22-24). As a result, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, is not part of Count III and of the February 16, 2010 trial involving Count III. However, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, joins in this Motion with the Defendant, City of St. Louis, Missouri.

Judgment [] is granted as to Counts **I**, II and IV and denied on Count III".[2] (*Court's Order*, pg. 24)(Emphasis added).

Elsewhere in the Order, the Court states "[t]here remains material issues of fact that are properly resolved by a trier of fact, such as whether just compensation was paid for the property. Plaintiff's Fourth Amended Complaint, Count I alleging a violation of the Takings Clause, therefore remains" (Court's Order, pg. 21, 2d ¶) and "Plaintiff's Counts I and III remain pending before this Court. Plaintiff's Count I alleges a violation of the Takings Clause: there are still material issues of fact regarding the sufficiency of Plaintiff's compensation" (Court's Order, pg. 24,1st ¶).

In the Court's Order, the Court stated that Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") acquired the (Real) Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

C.W. Turner Corporation was charged with a $200.00 weed abatement bill by Defendant, City of St. Louis, on July 17, 2002. (*Court's Order*, pg. 5). Further, the City's Forestry Commissioner certified this abatement bill to the City's Comptroller to collect this bill, and the

---

[2] Count III of Plaintiff's Fourth Amended Complaint is an action under Section 67.450, RSMo against only Defendant, City of St. Louis. (Doc. 94, pgs. 22-24).

Comptroller issued a special tax bill on October 8, 2002. (*Court's Order*, pg. 5). Based on the weed abatement bill and special tax bill, the real Property was sold to the highest bidder, i.e., LRA, at the Sheriff's Sale. The subsequent May 8, 2003 Notice of Condemnation involving a fence on the parcel had nothing to do with the sale of the real Property and the subsequent acquisition by the LRA.

Since the Court stated that LRA properly acquired the Real Property at the tax sale, LRA owns the Real Property in fee simple title. As the Court succinctly stated: "LRA, therefore, in a nutshell, has fee simple title." (*Court's Order*, pg. 22). Since LRA has fee simple title, there can be no outstanding takings or just compensation claims by the Plaintiff for the real Property. "The MLRL (The Municipal Land Reutilization Law) governs the sale. Section 92.825.2 states, in pertinent part, that: Such sale shall convey the whole interest of every person having or claiming any right, title or interest in or lien upon such real estate . . . subject to rights-of-way thereon of public utilities . . . and subject only to the tax lien thereon, if any, of the United States of America." *Euclid Plaza Associates, L.L.C. v. African American Law Firm*, 55 S.W.3d 446 (Mo.App. E.D. 2001).

Since the tax suit was proper and LRA owns the Real Property in fee simple title, all prior rights, title or interest in the Property was extinguished. LRA purchased the Real Property at the Sheriff's Sale and payment of $2,100 was made by LRA. LRA's purchase price of $2,100.00 was accepted by the state court and the acquisition of the Real Property was confirmed by the

state court. No compensation is owed to Plaintiff since these issues were resolved in the land tax confirmation process.[3]

Plaintiff's Motion is erroneous and without merit. The Court correctly ruled that Plaintiff was provided with notice of the hearing of the confirmation sale. (*Court's Order*, pg. 18). If Plaintiff was dissatisfied at the time with the proposed purchase price of the Real Property, Plaintiff could have appeared at the confirmation hearing and provided evidence of the value of the Real Property and the court would have immediately determined whether an adequate consideration had been paid for the Property pursuant to Section 92.840.1, RSMo.[4] Plaintiff's remedy, of course, was not to institute a separate proceeding in a separate court, years later, erroneously alleging that the LRA did not pay Plaintiff just compensation for the Real Property when there was no legal requirement to do so, but to have appeared at the confirmation hearing and provided evidence of the value of the Real Property. Plaintiff chose not to do this.

Plaintiff now seeks to characterize its case as one of "inverse condemnation", when it never pled this before, even though it has filed a complaint and four subsequent amended complaints. Pursuant to the Court's Order, all that remains in Plaintiff's Fourth Amended Complaint is Count III, the Section 67.450, RSMo, wrongful demolition claim regarding a fence on the Real Property, in which Plaintiff, a deed of trust holder, alleges that it has been damaged

---

[3] In Defendants' Motion to Amend to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009 (doc. 148), Defendants moved the Court to amend the Court's Order based on the seemingly inconsistent language in the Court's Order.

[4] 92.840.1, RSMo, provides the following: "After the sheriff sells any parcel of real estate, the court shall, upon its own motion or upon motion of any interested party, set the cause down for hearing to confirm the foreclosure sale of the real estate, even though such parcels are not all of the parcels of real estate described in the notice of sheriff's foreclosure sale. Notice of the hearing shall be sent by any interested party, or the court, moving to confirm the foreclosure sale, to each person who received notice of sale as specified in subsection 3 of section 92.810. At the time of such hearing, the sheriff shall make report of the sale, and the court shall hear evidence of the value of the property offered on behalf of any interested party to the suit, and shall immediately determine whether an adequate consideration has been paid for each such parcel."

"through the loss of the Fence in an amount equal to the cost of replacing said Fence." Additionally, Plaintiff does not have standing to claim an interest in the fence since, even by its own allegations, it was not the apparent owner of record for the Real Property under its attempted foreclosure action in 2007. The Court has ruled that the LRA sale and confirmation in 2005 transferred the real property and all interest to the LRA. This was two years before the foreclosure action by the Plaintiff.

Plaintiff's Motion is without merit and should be denied by the Court as there are no outstanding just compensation issues in the case. The Court correctly ruled that Plaintiff was given notice of the sheriff's sale of the Property and the confirmation hearing in the State Court action. (Land Tax Suit 123). Defendants' previous Motion to Motion to Amend the Court's Opinion, Memorandum, and Order of December 4, 2009 (doc. 148) moved the Court to clarify its seemingly inconsistent language in the Court's Order. However, based on the Court's Order, it is clear that all that remains in the case is Count III, and Plaintiff's Motion has no validity and merit regarding Count III, i.e., the Missouri state law action under Section 67.450, RSMo for a fence on the Property.

WHEREFORE, Defendants, the City of St. Louis, Missouri and the Land Reutilization Authority of the City of St. Louis, Missouri, pray that the Court deny Plaintiff's Motion to Reopen Discovery for Just Compensation Issues and for all other relief this Court deems just and proper.

PATRICIA A. HAGEMAN
City Counselor for the City of St. Louis


/s/ Robert M. Hibbs

Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski #34218
Associate City Counselor
Attorneys for Defendants
Land Reutilization Authority
of the City of St. Louis and
the City of St. Louis
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

CERTIFICATE OF SERVICE

    A copy of the foregoing was filed electronically on the 2nd day of February, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ Robert M. Hibbs
Robert M. Hibbs #537348