IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION ) | |
| AUTHORITY OF THE ) | |
| CITY OF ST. LOUIS, et. al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS, THE CITY OF ST. LOUIS, MISSOURI AND THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI'S, MOTION IN LIMINE FOR FEBRUARY 16, 2010 TRIAL REGARDING COUNT III OF PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Comes now Defendants, the City of St. Louis, Missouri and the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, collectively, "Defendants")[1], by their counsel, and for their Motion for in Limine Regarding Plaintiff's Fourth Amended Complaint, and move this Honorable Court for an order in limine to preclude Plaintiff from introducing, attempting to introduce or referring to certain evidence and exhibits, as follows:

1.      The Plaintiff should be precluded and prohibited from introducing any evidence or document relating to any claim or allegation of C.W. Turner Corporation pertaining to any

---

[1] In the Court's December 4, 2009 Opinion, Memorandum, and Order (doc 145), the Court ordered that Defendants Motion for Summary Judgment was granted as to Counts I, II and IV and denied as to Count III. Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law cause of action pursuant to Section 67.450, RSMo against solely the City of St. Louis, Missouri. (See Plaintiff's Fourth Amended Complaint, doc. 94, pgs. 22-24). As a result, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, is not part of Count III and of the February 16, 2010 trial involving Count III. However, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, joins in this Motion with the Defendant, City of St. Louis, Missouri.

claim of the violation of any rights or privileges of C.W. Turner Corporation since C.W. Turner Corporation is not a party to this present litigation.

C.W. Turner Corporation is not a party to this present litigation. Plaintiff chose not to include Plaintiff chose not to include C.W. Turner Corporation in this case. Any claim or right that C.W. Turner Corporation may have or may have previously had is irrelevant to these proceedings. Plaintiff cannot argue any rights that C.W. Turner Corporation has or may have had since it is not C.W. Turner Corporation.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

2. The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any building permit issued by the City's Division of Building and Inspection to C.W. Turner Corporation at the subject property, 5900 West Florissant Avenue, St. Louis, Missouri (hereinafter, "Property). [See Plaintiff's Fourth Amended Complaint, Doc. 94, para. 61].

C.W. Turner Corporation is not a party to this present litigation. Any claim or right that C.W. Turner Corporation may have or may have previously had is irrelevant to these proceedings. Plaintiff is the party to the present litigation, not C.W. Turner Corporation. Plaintiff cannot argue any rights that C.W. Turner Corporation has or may have had since it is not C.W. Turner Corporation. Additionally, any evidence or documents regarding any building permit including the estimated cost or project cost that might have been issued at the Property is irrelevant to the claims that Plaintiff has set forth in Count III of its Fourth Amended Complaint.

Whether a building permit was applied for and issued at the Property has no relevance to Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the Property.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

3. The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any improvements made at the Property or any cost of such work done at the Property.

Evidence concerning work that was allegedly performed at the subject property, including estimates and billing statements, invoices, checks from various sources concerning this alleged work and cost of such work, is totally irrelevant to Plaintiff's claims as set forth in Count III of Plaintiff's Fourth Amended Complaint. Whether a building permit was applied for and issued at the Property has no relevance to Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the Property. The fact that Plaintiff or any other entity under the control or supervision of the Plaintiff or any other entity not under Plaintiff's control or supervision might have performed work at the subject property has no relevance to Plaintiff's claim in Count III of Plaintiff's Fourth Amended Complaint.

Furthermore, the cost of any alleged improvements made at the Property would go to the value of the Property, and the value or valuation of the Property is not an issue in Count III of Plaintiff's Fourth Amended Complaint. Further, various cancelled checks are not the best

evidence of work performed at the subject property. The actual pay/invoice references to the work at the subject property would be the best evidence.

Additionally, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury. As a result, these items should not be introduced or referred to by Plaintiff at trial.

4. The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any value information or valuation of the Property.

Plaintiff's remaining claim, Count III of Plaintiff's Fourth Amended Complaint, is a Missouri state law action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Valuation and related value information of the Property has nothing to do with Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). Valuation of the Property has nothing to do with Plaintiff's alleged damages set forth in its Fourth Amended Complaint.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

5. The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any value or computation or bid calculation regarding its Deed of Trust

interest in the Property.

Evidence concerning Plaintiff's Deed of Trust in the subject property, including its computation regarding its alleged value or bid calculation, is totally irrelevant to Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the Property. Defendant is willing to stipulate that Plaintiff had a deed of trust in the Property at the time of the May 8, 2003 Notice of Condemnation. Any evidence regarding the amount of Plaintiff's Deed of Trust has no relevance to Plaintiff's wrongful demolition cause of action pursuant to Seciton 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

6.   The Plaintiff should be precluded and prohibited from introducing any evidence or document relating to any claim or allegation of concerning any references to Chapter 141, RSMo.

Pursuant to the Court's to the Court's Opinion, Memorandum and Order, filed on April 24, 2008 (Doc. 58), the Court ruled that any references to the provisions found in Chapter 141, RSMo shall be stricken from Plaintiff's Fourth Amended Complaint. As a result, Plaintiff cannot argue or introduce into evidence any matter or document concerning Chapter 141, RSMo at trial.

7.   The Plaintiff should be precluded and prohibited from introducing any evidence or document relating to any photographs of the Property, other than involving the condemned

fence surrounding the Property. Further, the Plaintiff should be precluded and prohibited from introducing any evidence or document relating to any sketches, maps or diagrams of the Property.

With the exception of any photographs showing the condemned fence that is the subject of the May 8, 2003 Notice of Condemnation, which is the subject of Count III of Plaintiff's Third Amended Complaint, any and all photographs, sketches, maps or diagrams of the Property have no relevance to the claim that Plaintiff has set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of said fence. As a result, with the exception of these limited photographs concerning the fence, any other photographs, sketches, maps or diagrams of the Property have no relevance to Plaintiff's Count III of its Fourth Amended Complaint. As a result, any photograph, sketch, map or diagram of the Property would be irrelevant and any such relevance is substantially outweighed since it would be unfairly prejudicial, inflammatory and would confuse the issues and mislead the jury.

8.    The Plaintiff should be precluded and prohibited from introducing any evidence or document relating to any allegations of race or racial discrimination on behalf of any of the Defendants.

Plaintiff, Epice Corporation, is a corporation which allegedly holds a deed of trust interest in the Property. Plaintiff did not plead any allegations of alleged racial discrimination in its Fourth Amended Complaint. As a result, such issues or evidence regarding race or alleged racial discrimination are not part of the case. Any reference or mention regarding any issues of race or alleged racial discrimination would be highly prejudicial and inflammatory and would mislead

the jury. Therefore, Plaintiff should be precluded from introducing any evidence in these matters.

  9. The Plaintiff should be precluded and prohibited from introducing any evidence or document relating to events occurring or surrounding the Property occurring prior to October 23, 2002.

  Plaintiff alleges that its security interest in the Property was recorded on October 23, 2002. (See Plaintiff's Fourth Amended Complaint, Doc. 94, para. 14). In its Fourth Amended Complaint, Plaintiff alleges a host of alleged irregularities against the City, including, but not limited to, the City's Forestry Commissioner's abatement process at the Property and the Special Tax Bill, dated October 8, 2002. Plaintiff alleges that its deed of trust at the Property was not recorded until October 23, 2002. Defendants, as well as the entire world outside of Plaintiff and C.W. Turner Corporation, did not know of this alleged security interest in the Property until the date of recordation of the alleged security instrument, i.e., October 23, 2002. As a result, Plaintiff lacks any standing to raise any issues concerning any events that occurred prior to October 23, 2002, since that is the date that it claims it recorded its security interest in the Property. As a result, any and all events that occurred prior to October 23, 2002 should not be allowed to be introduced at trial since Plaintiff did not have an interest in the Property until October 23, 2002.

  10. The Plaintiff should be precluded and prohibited from introducing any evidence or document regarding the terms "Taken" or "Taking".

  "Taken" and "Taking" are legal terms of art used in connection with Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to

Section 67.450, RSMo for wrongful demolition of a fence on the Property. Count III does not involve an eminent domain proceeding. Plaintiff should, therefore, be precluded from using the terms "taken" or "taking" in any evidence, questioning of witnesses or argument at any time during the course of the trial. Additionally, any reference to the term would be highly prejudicial and inflammatory and would mislead the jury. Therefore, Plaintiff should be precluded from introducing any evidence or argument regarding the term "Taken" and "Taking" during the course of the trial.

      11.      The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to the present ownership of the Property and the Land Reutilization Authority of the City of St. Louis, Missouri's bid amount, bid calculation and purchase price for the Property.

      In the Court's December 4, 2009 Opinion, Memorandum, and Order (hereinafter, "Court's Order"), the Court held that Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.935.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

      The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of

its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). The present ownership in the Property in the LRA and how the LRA acquired the Property has nothing to do with Plaintiff's alleged damages set forth in its Fourth Amended Complaint.

Similarly, the LRA bid amount, bid calculation and purchase price for the Property has no relevance to the Plaintiff's wrongful demolition of the fence cause of action pursuant to Section 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

Further, any exhibit or document introduced at trial should be redacted to exclude the above-referenced information, if it appears in said document(s).

12.     The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any reference or mention to the terms "inverse condemnation" and the "method of valuation". Plaintiff's sole remaining claim to be tried involves Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo concerning solely an allegation that a fence on the Property was wrongfully demolished and Plaintiff was damaged. Plaintiff has never pled any inverse condemnation claims in its complaint and four amended complaints. Plaintiff should not be allowed to claim

that this is an eminent domain case simply because the word "condemnation" appears in the applicable ordinance. Plaintiff should be precluded from offering evidence as to determining the value of the fence by deducting its value from the overall value of the entire property. Plaintiff should only be allowed to present evidence and testimony as to the value of the fence existing in 2003.

13. The Plaintiff should be precluded and prohibited from introducing any evidence or documents relating to any reference or mention concerning the Sheriff for the City of St. Louis, Missouri, the Collector of Revenue for the City of St. Louis, Missouri and the Land Tax Sale process, and the Land Reutilization Authority of the City of St. Louis, Missouri ("LRA"), which were pled and dismissed by this Court pursuant to the Court's December 4, 2009 Order. The use of terms concerning the land tax sale process and the Sheriff for the City of St. Louis, Missouri, the Collector of Revenue for the City of St. Louis, Missouri and LRA would be highly inflammatory and not relevant to the sole remaining issue of the case, that being the value of a fence as contained in Count III of Plaintiff's Fourth Amended Complaint pertaining only to the City of St. Louis, Missouri.

WHEREFORE, Defendants, the City of St. Louis, Missouri and the Land Reutilization Authority of the City of St. Louis, Missouri, respectfully move for an Order from the Court to preclude the Plaintiff from introducing, attempting to introduce or referring to any of the matters set forth above, and for all other relief this Court deems just and proper.

          Respectfully submitted,

          PATRICIA A. HAGEMAN,
          City Counselor for the City of St. Louis

/s/ Robert M. Hibbs
Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski  #34218
Associate City Counselor
Attorneys for Defendant
City of St. Louis, Missouri
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

-12-

CERTIFICATE OF SERVICE

    A copy of the foregoing was filed electronically on the 2nd day of February, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

    /s/ Robert M. Hibbs
    Robert M. Hibbs #537348