IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No. 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE CITY | ) |
| OF ST LOUIS, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS', THE CITY OF ST. LOUIS, MISSOURI AND THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI, OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW Defendants the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, "Defendants")[1], by their counsel, and for their reply to Plaintiff's Proposed Jury Instructions (docs. 160-2 through 160-26), state as follows:

Defendants object to Plaintiff's proposed jury instruction in their entirety. Paragraph II(5) of the Court's July 12, 2007 Case Management Order provides that proposed jury instructions must be supported by at least one pertinent citation. None of Plaintiff's Proposed Jury Instructions contain citations. Although some appear to be 8th Circuit Model Instructions in whole, some are merely excerpts of the Model Instructions, some are random statements of law,

---

[1] In the Court's December 4, 2009 Opinion, Memorandum, and Order (doc 145), the Court ordered that Defendants Motion for Summary Judgment was granted as to Counts I, II and IV and denied as to Count III. Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law cause of action pursuant to Section 67.450, RSMo against solely the City of St. Louis, Missouri. (See Plaintiff's Fourth Amended Complaint, doc. 94, pgs. 22-24). As a result, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, is not part of Count III and of the February 16, 2010 trial involving Count III. However, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, joins in these Objections to Plaintiff's Proposed Jury Instructions with the Defendant, City of St. Louis, Missouri.

and some appear to be excerpts from un-cited cases. Many are inappropriate attempts to present questions of law. Many are either too broad or too selective and will confuse the jury. The proposed instructions are not packaged properly[2] and do not include an appropriate damage instruction for Plaintiff's remaining claim.

Having asserted a general objection to all the instructions, Defendants assert the following specific objections to Plaintiff's individually Proposed Jury Instructions:

**Doc. 160-2: Objection:** In the Court's Opinion, Memorandum, and Order of December 4, 2009 (doc. 145) (hereinafter, "Court's Order"), the Court ordered that Defendants' "Motion for Partial Summary Judgment [] is granted as to Counts **I**, II and IV and denied on Count III". (*Court's Order*, pg. 24)(Emphasis added). All that remains at issue for trial is Count III of Plaintiff's Fourth Amended Complaint. Plaintiff alleges in Count III of its Fourth Amended Complaint is brought pursuant to Section 67.450, RSMo.[3] (*Plaintiff's Fourth Amended Complaint*, pg. 22). Count III is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). The proposed instruction does not address the damage elements of Section 67.450, RSMo and what Plaintiff has pled in Count III of Plaintiff's Fourth Amended Complaint concerning its alleged damages regarding its "loss of the

---

[2] Further, the instructions were filed in random, illogical order that made the review of such instructions extremely difficult.
3 Section 67.450, RSMo, provides the following: In the event any building or structure is wrongfully demolished by a city, town, village or county having a charter form of government or is demolished without adhering to the procedures provided in sections 67.400 to 67.450, the city, town, village or county having a charter form of government shall be liable for damages as determined by a court of law in a suit brought by the party so damaged.

Fence in an amount equal to the cost of replacing said Fence". Model Instruction 5.72A involves First Amendment, retaliation and actual damages, which are inappropriate and not relevant to this case. However, if, in the alternative, the following sentence of the Model Instruction should be used:

> Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**Doc 160-3:** This proposed instruction appears to address bench conferences and appears to be identical to Model Instruction 1.03.

**Doc. 160-4:** This proposed instruction appears to address burden of proof and appears to be modeled after Model Instruction 3.04.

**Doc. 160-5: Objection.** The proposed instruction appears to be identical to Model Instruction 160.5. However, pursuant to the Court's Order, all that remains in the case is Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for a wrongful demolition of a fence on the subject property, Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

The proposed instruction involving the color of state law under 42 U.S.C. § 1983 is Count III of Plaintiff's Fourth Amended Complaint is an entirely Missouri state law cause of action, brought under Section 67.450, RSMo and not under 42 U.S.C. § 1983.

**Doc 160-6:** This proposed instruction appears to address conduct of the jury and appears to be identical to Model Instruction 1.05.

**Doc. 160-7:** This proposed instruction appears to address the credibility of witnesses and is modeled after Model Instruction 3.03. Although Plaintiff has included the optional third paragraph, it did not include the second paragraph of the Model Instruction, which states the following and should be included with the Instruction:

> In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

**Doc. 160-8: Objection:** This appears to be Model Instruction 2.01, involving conduct of the jury during recesses.

**Doc. 160-9: Objection:** This proposed instruction appears to be identical to Model Instruction 3.06. The last paragraph of the Model Instruction contains a sentence that is missing in this proposed instruction, which states the following and should be included:

> You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Doc. 160-10: Objection.** Pursuant to the Court's Order, all that remains in the case is Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for unlawful demolition of a fence on the subject property against solely Defendant, the City of St. Louis, Missouri. The proposed instruction involves legal concepts of "just compensation" which are not part of Count III of Plaintiff's Fourth Amended Complaint. This presents a claim against LRA which is not a named party in Count III of Plaintiff's Fourth Amended Complaint, the only remaining claim in the case. This is not a 42 U.S.C. § 1983 cause of action. Also, it is duplicative of Plaintiff's proposed instruction 160-20.

**Doc 160-11: Objection.** This does not appear to be a model instruction and lacks any citation. It does not reference a specific verdict director. Further it is not reflective of Section 67.450, RSMo, which is the Missouri state law which Plaintiff is bringing its Count III of its Fourth Amended Complaint. The proposed instruction appears to contain elements of a cause of action pursuant to 42 U.S.C. § 1983, which is not part of Count III of Plaintiff's Fourth Amended Complaint, which is an entirely Missouri state law cause of action under Section 67.450, RSMo. The proposed instruction contains several legal questions, such as subsection one whether Plaintiff, Epice Corporation, had a protected property interest; subsection three, color of state law and subsection five, due process of law.

**Doc 160-12: Objection.** This does not appear to be a model instruction and lacks any citation. It does not reference a specific verdict director. Without a citation, there is no cause of action. Pursuant to the Court's Order, all that remains in the case is Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for unlawful demolition of a fence on the subject property against **solely** the Defendant, the City of St. Louis, Missouri. LRA is not a party to Count III. The proposed instruction calls for legal conclusions under subsection one, "protected property interest", subsection four, "under color of state law" and subsection five, "deprivation of protected property interest".

**Doc. 160-13: Objection:** This does not appear to be a model instruction and lacks any citation. It does not reference a specific verdict director. Without a citation, there is no cause of action. Further it is unnecessary and will only confuse the jury. It misrepresents Section 67.450, RSMo and does not model itself after Section 67.450, RSMo. It contains legal questions which are inappropriate for the jury, such as whether the fence was a structure. There is no citation for

the instruction that proximate causation is an element of a Section 67.450, RSMo cause of action. The proposed jury instruction contains a legal conclusion "caused the deprivation of the fence".

**Doc. 160-14:** This proposed instruction appears to be Model Instruction 1.02.

**Doc. 160-15: Objection:** This proposed instruction appears to be Model Instruction 3.02, although not cited by Plaintiff. The third optional paragraph of the Model Instruction should be included if the Court is going to allow the instructions to be taken by the jurors into the jury room, which would state the following:

> The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

**Doc. 160-16: Objection:** This proposed instruction is not relevant to the sole claim to be tried in the case, i.e., Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the subject property. The proposed instruction seeks to introduce legal causes of action for condemnation/eminent domain, which is not part of Count III of Plaintiff's Fourth Amended Complaint. A determination of "fair market value" is not part of a cause of action under Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). "Fair market value" has no relevance to Plaintiff's alleged damages and its cause of action pursuant to Section 67.450, RSMo. The proposed instruction inappropriately seeks to interject eminent domain/condemnation into this case. Title to the real estate was not an issue nor taken as alleged

in Count III, which only involves the City of St. Louis and a fence.

**Doc. 160-17: Objection.** Please see objection to Doc. 160-16. "Just compensation" is not an element of a wrongful demolition cause of action pursuant to Section 67.450, RSMo. Plaintiff apparently is confusing its cause of action pursuant to Section 67.450, RSMo with an eminent domain/condemnation proceeding, which is not part of this case. The City of St. Louis did not attempt to acquire title to the real estate as alleged in Count III. Eminent domain has not been alleged and it is not part of Count III of Plaintiff's Fourth Amended Complaint. Count III of Plaintiff's Fourth Amended Complaint is not a 42 U.S.C. § 1983 cause of action. It is also duplicative and calls for legal conclusions, such as proximate result and proximate cause.

**Doc. 160-18: Objection.** This proposed instruction is not a basis of an instruction for a cause of action under Section 67.450, RSMo, which Plaintiff has brought Count III of its Fourth Amended Complaint pursuant to Section 67.450, RSMo concerning a demolition of a fence on the subject property. This proposed instruction involving an alleged denial of constitutional rights has no basis to a Section 67.450, RSMo cause of action and there is no cited authority for such an instruction.

**Doc. 160-19:** This proposed instruction appears to be Model Instruction 1.04.

**Doc. 160-20: Objection:** This appears to be Plaintiff's proposed statement of the case (to be included in 8th Circuit Model Instruction 1.01, however, it is misleading and fails to reference Defendants' position as far as Plaintiff's claims. LRA is no longer a party in the case pursuant to the Court's Order. Therefore, there are not multiple defendants as only Defendant, City of St. Louis, Missouri, is the only Count III of Plaintiff's Fourth Amended Complaint. It also mentions a tax sale and date, which is also wholly irrelevant to the May 8, 2003 Notice of Condemnation.

**Doc. 160-21: Objection:** Nominal damages are not part of a Section 67.450, RSMo cause of action. As a result, nominal damages should not be addressed in any manner in the jury instructions. All that remains at issue for trial is Count III of Plaintiff's Fourth Amended Complaint. Plaintiff alleges in Count III of its Fourth Amended Complaint is brought pursuant to Section 67.450, RSMo. (*Plaintiff's Fourth Amended Complaint*, pg. 22). Count III is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). Plaintiff's alleged damages are quantifiable. Further, Section 67.450, RSMo does not recognize nominal damages as a right to relief.

**Doc. 160-22:** This proposed instruction appears to be modeled after Model Instruction 1.06 regarding the outline of the trial.

**Doc. 160-23: Objection:** Plaintiff's remaining claim in the case to be tried is set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim under Section 67.450, RSMo for wrongful demolition for a fence on the subject property. The proposed instruction would be confusing and misleading to the jury; further, it is not part of a Section 67.450, RSMo cause of action. Plaintiff's cite to Federal Jury Practice and Instruction-Civil, Section 168.110 (5th Ed. 2001)(Modified) is to a cite for a job or employment, not an interest in real property. The proposed instructions cite to unnecessary statements of law.

**Doc. 160-24: Objection:** This proposed instruction seeking to inject the legal concepts of "proximate cause" and "reasonably probable consequence" are unnecessary, inappropriate and will confuse the jury. These are questions of law and further, and there is no authority that

they are part of a charge under Section 67.450, RSMo.

**Doc. 160-25: Objection:** The sole remaining claim of Plaintiff's case, as set forth in Count III of Plaintiff's Fourth Amended Complaint, is a Missouri state law cause of action pursuant to Section 67.450, RSMo, for unlawful demolition of a fence on the subject property. 42 U.S.C. § 1983 is not part of Count III of Plaintiff's Fourth Amended Complaint, as Plaintiff has brought its Count III pursuant to Section 67.450, RSMo. (*Plaintiff's Fourth Amended Complaint*, pg. 22). The proposed statements of law have no bearing on a Section 67.450, RSMo cause of action and are unnecessary, inappropriate and will confuse the jury.

**Document 160-26: Objection:** The verdict form should only address the only remaining claim in the case, i.e., the Section 67.450, RSMo wrongful demolition cause of action against the Defendant, the City of St. Louis, Missouri. The first proposed paragraph against Defendant, City of St. Louis, Missouri, should not be included as there is no due process claim against the City. All that remains to be tried in the case is Count III. The verdict form should include not include Defendant, LRA, as it is not a party to the sole remaining count in the case, i.e., Count III of Plaintiff's Fourth Amended Complaint.

The "NOTE" sentence should be modified to be the following: "NOTE: Complete the following paragraph only if you find in favor of Plaintiff, Epice Corporation."

Further, nominal damages should not be included and this should be removed.

                Respectfully Submitted,

                PATRICIA A. HAGEMAN
                City Counselor for the City of St. Louis


                  /s/ Robert M. Hibbs
                Robert M. Hibbs #537348

Assistant City Counselor
Donald G. Dylewski  #34218
Associate City Counselor
Attorneys for Defendants
Land Reutilization Authority
of the City of St. Louis and
the City of St. Louis
1200 Market Street, Room 314
St. Louis, Missouri 63103
314-622-3361 Telephone
314-622-4956 Facsimile

CERTIFICATE OF SERVICE

    A copy of the foregoing was file electronically on the 5th day of February, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

        /s/Robert M. Hibbs
        Robert M. Hibbs #537348