IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EPICE CORPORATION,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )    Case 4:07CV00206 HEA
THE LAND REUTILIZATION               )
AUTHORITY OF THE                      )
CITY OF ST. LOUIS, et. al.,           )
                                      )
        Defendants.                   )

### DEFENDANTS', THE CITY OF ST. LOUIS, MISSOURI AND THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI, OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

Comes now Defendants, the City of St. Louis, Missouri and the Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis, Missouri (hereinafter, "Defendants")[1], by their counsel, and for their reply to Plaintiff's Proposed Exhibits [as listed in Plaintiff's Third Pre-trial Compliance Submission (doc. 160)], state as follows[2]:

Plaintiff 1 (**Pltf-1**), Quit Claim Deed dated on or about October 12, 2001, and recorded on or about October 18, 2001, in Book 1722 Page 3857 of the City of St. Louis Land Records.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth

---

[1] In the Court's December 4, 2009 Opinion, Memorandum, and Order (doc 145), the Court ordered that Defendants Motion for Summary Judgment was granted as to Counts I, II and IV and denied as to Count III. Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law cause of action pursuant to Section 67.450, RSMo against solely the City of St. Louis, Missouri. (See Plaintiff's Fourth Amended Complaint, doc. 94, pgs. 22-24). As a result, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, is not part of Count III and of the February 16, 2010 trial involving Count III. However, Defendant, Land Reutilization Authority of the City of St. Louis, Missouri, joins in these Objections to Plaintiff's Proposed Exhibits with the Defendant, City of St. Louis, Missouri.
[2] Defendants reserve all objections set forth previously in docs. 90 and 139, objecting to Plaintiff's previous listing of its proposed exhibits.

Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). Ownership of the Property in 2001 is irrelevant to Plaintiff's remaining claims concerning its Missouri state law cause of action pursuant to Section 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-2**, Deed of Trust dated on or about October 10, 2002, and recorded on or about October 23, 2002, in Book 1804 Page 0742 of the City of St. Louis Land Records.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). When Plaintiff became a mortgagee on the Property or the amount of said mortgage is irrelevant to the remaining issues in the case as it has nothing to do with Count III of Plaintiff's Fourth Amended Complaint.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-3**, Sheriff's Deed dated on or about February 8, 2005, and recorded on or about March 16, 2005, in Book 03162005 Page 254 of the City of St. Louis Land Records.

      **Objection.** Said document is irrelevant. In the Court's Order, the Court ruled that Defendant, Land Reutilization Authority of the City of St. Louis, Missouri (hereinafter, "LRA") acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Count III of Plaintiff's Fourth Amended Complaint is against only Defendant, City of St. Louis, Missouri. LRA's ownership of the Property has already been decided by this Court,

which did not occur until approximately two years subsequent to the May 8, 2003 Notice of Condemnation.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-4**, Resignation of Trustee dated on or about October 4, 2006, and recorded on or about October 10, 2006, in Book 10102006 Page 0095 of the City of St. Louis Land Records, wherein J. Dolores Epps resigned as Trustee under the Deed of Trust.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). This document apparently is wholly irrelevant to any of Plaintiff's claims set forth in Count III of its Fourth Amended Complaint concerning its Missouri state law cause of action pursuant to Section 67.450, RSMo. The Notice of Condemnation was May 8, 2003. Plaintiff, Epice Corporation's, actions, subsequently in October, 2006 are irrelevant and immaterial.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-5**, Appointment of Successor Trustee dated on or about October 4, 2006, and recorded on or about October 10, 2006, in Book 10102006 Page 0096 of the City of St. Louis Land Records.

**Objection.  See objection to Pltf-4.**

**Pltf-6**, Universal Affidavit Concerning Ownership By The Land Reutilization Authority of the City of St. Louis of 5900 West Florissant, City Block 5781-00-0700 A.K.A. Land Tax Suit 123-025, dated on or about December 1, 2006, and recorded on or about December 1, 2006, in Book 12012006 Page 0227 of the City of St. Louis Land Records.

**Objection.**  Please see objection to Pltf-3.  Further, in the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property.  (*Court's Order*, pg. 4).  Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo.  Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence".  (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).  This document apparently is wholly irrelevant to any of Plaintiff's claims set forth in Count III of its Fourth Amended Complaint concerning its Missouri state law cause of action pursuant to Section 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-7**, Successor's Trustee's Deed (Under Foreclosure) dated on or about December 11, 2006, and recorded on or about January 22, 2007 in Book 01222007 Page 0011 of the City of St. Louis Land Records.

**Objection.** See objection to Pltf-5.

**Pltf-8,** Bid Calculations for 5900 West Florissant, St. Louis, Missouri.

**Objection.** Said document is irrelevant. Any bid calculation regarding the Property has absolutely no relevance to Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for an alleged demolition of a fence on the subject property. Said document also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-8A,** Damage Calculations.

**Objection.** Said document is irrelevant. Said "damage calculations" have nothing to do with May 8, 2003 Notice of Condemnation and alleged demolition of a fence on the subject property, which Plaintiff has alleged that it has been damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence." Plaintiff's Fourth Amended Complaint, doc. 94, para. 98). Said document has absolutely no relevance to Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for an alleged demolition of a fence on the subject property. Said document also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-9**, Condemned Per Alderman Greg Carter Memo.

> **No Objection**.

**Pltf-10**, Memorandum from Synetta Wright to Laura Costello.

> **Objection**. Said document is irrelevant. Said document also lacks proper foundation, authentication and identification and is hearsay. Further, in the Court's Order, the Court ruled that Defendant, LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property in 2005, approximately two years before Plaintiff, Epice Corporation's, attempt to foreclose on the Property by document, recorded in January, 2007 and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-11**, Notice of Condemnation dated May 8, 2003.

**No objection**.

**Pltf-12**, Application for Permit.

**Objection**. Said document is irrelevant to the issues in the case. Whether or not a building permit was applied for and issued for work at the subject property by the City has nothing to do with any of the remaining issues contained in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property.

Additionally, C.W. Turner Corporation is not a party to the case. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-13**, Building Permit dated June 13, 2003.

**Objection**. Said document is irrelevant to the issues in the case. Whether or not a building permit was applied for and issued for work at the subject property by the City has nothing to do with any of the remaining issues contained in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. This exhibit contains an estimated cost of $87,000. The cost of improvements goes to value, and value or improvements of the Property are not at issue in the case, other than the cost of the fence, which Plaintiff claims it was damaged in Count III of Plaintiff's Fourth Amended Complaint. These alleged improvements were made after the May 8, 2003 Notice of Condemnation and have no bearing on issues remaining in the case.

Additionally, C.W. Turner Corporation is not a party to the case. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-14**, City Assessor's Office Printout.

**Objection.** Said document is outside the scope of the pleadings of Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. Any assessed valuation of the subject property by the City Assessor is only used for the purpose of the determination of real estate taxes, which is not in issue in the case. Any information regarding valuation is not at issue in this case. Said document also lacks proper foundation, authentication and identification and is hearsay. Said document has nothing to do with any of the remaining claims in the case as set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the subject property pursuant to Section 67.450, RSMo. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-15**, Real Estate Suit Fees Receipt and Paid Real Estate Tax Bill for 2002.

**Objection.** Said document is not relevant to the issues in the case. Whether or not real estate taxes were assessed and paid for the Property has no relevance to any of Plaintiff's claims set forth in Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. The real estate tax bill from 2002 is not at issue in the case. Said document has nothing to do with any of the remaining claims in the case as set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the subject property pursuant to Section 67.450, RSMo.

Said document also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-16**, Special Tax Bill dated October 8, 2002.

**Objection.** Said document is outside the scope of the pleadings of Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. The real estate tax bill from 2002 is not at issue in the case. Said document has nothing to do with any of the remaining claims in the case as set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the subject property pursuant to Section 67.450, RSMo. In the Court's Order, the Court ruled that the LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the

Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Further, said document also lacks proper foundation, authentication and identification and is hearsay. Assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-17**, Letter dated September 27, 2002 addressed to Darlene Green from Greg Hayes and Ron Smith.

**Objection.** Said document is outside the scope of the pleadings of Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. The real estate tax bill from 2002 is not at issue in the case. Said document has nothing to do with any of the remaining claims in the case as set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action for wrongful demolition of a fence on the subject property pursuant to Section 67.450, RSMo. In the Court's Order, the Court ruled that the LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of

its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Further, said document also lacks proper foundation, authentication and identification and is hearsay. Assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-18**, Letter dated November 25, 2002, addressed to C.W. Turner Corp

**Objection.** Said document is outside the scope of the pleadings of Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-19**, Letter dated August 25, 2003, addressed to C.W. Turner Corp

**Objection.** Said document is outside the scope of the pleadings of Count III of Plaintiff's Fourth Amended Complaint and is irrelevant. C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such

relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-20**, Sheriff's Receipt.

**Objection.** Said document is irrelevant to the issues contained in Plaintiff's Fourth Amended Complaint. The cost that the LRA paid for the Property, and that the LRA is the current owner in fee simple absolute title as the Court held in the Court's Order, is wholly irrelevant to any of the remaining issues contained in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-21**, Forestry Department 2002 Master Billing Lookup Screen, dated 11/14/07, with 7/17/02 bill amount of $200 and 11/15/02 interest charge of $18.00 and 3/12/03 adjustment of $218.00, marked CREV.

**Objection.** Said document is not relevant to any of the remaining issues contained in the case, specifically Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. Further, C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-22**, Forestry Department 2003 Master Billing Lookup Screen, dated 11/14/07, with a 7/25/03 bill amount of $200.00 and 11/15/03 interest charge of $18.00, and 7/6/06 adjustment of $218.00.

      **Objection.** Said document is not relevant to any of the remaining issues contained in the case, specifically Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. Further, C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-23**, Forestry Department 2004 Master Billing Lookup Screen, dated 11/14/07, with a 2/26/04 bill amount of $200.00 and 11/15/04 interest charge of $18.00 and a 7/6/06 adjustment of $218.00.

      **Objection.** Said document is not relevant to any of the remaining issues contained in the case, specifically Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. Further, C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-24**, Forestry Department 2004 Master Billing Lookup Screen, dated 11/14/07, with a 2/26/04 bill amount of $200.00 and 11/15/04 interest charge of $18.00 and a 7/6/06 adjustment of $218.00.

**Objection.** See objection to Pltf-23.

**Pltf-25 (A through J),** various pleadings and orders in the case styled, *Collector of Revenue of the City of St. Louis, Missouri v. Parcels of Land Encumbered With Delinquent Tax Liens, Land Tax Suit No. 123* (Circuit Court of the City of St. Louis, Missouri).

**Objection.** Said state law court documents have no relevance to any of the remaining issues contained in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for wrongful demolition of a fence. Said court documents have nothing to do and have no relevance to any of Plaintiff's remaining claims contained in Count III of Plaintiff's Fourth Amended Complaint.

Further, in the Court's Order, the Court ruled that LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section

67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-26**, Defendant Sheriff's Response to Plaintiff's First Request for Production of Documents Directed to Defendant James W. Murphy, Sheriff of the City of St. Louis:

**Objection.** Defendant, Sheriff, is not a party to Count III of Plaintiff's Fourth Amended Complaint, and therefore, his answers to said interrogatories have no relevance to any claims contained in Count III of its Fourth Amended Complaint.

**Pltf-27**, Responses to Plaintiff's First Request for Production of Documents Directed to Defendant Land Reutilization Authority of the City of St. Louis.

**Objection.** Defendant, LRA, is not a party to Count III of Plaintiff's Fourth Amended Complaint, and therefore, its answers to said interrogatories have no relevance to any claims contained in Count III of its Fourth Amended Complaint.

**Pltf-28**, Response of Ronald A. Leggett as Former Collector of Revenue, City of St. Louis, to Plaintiff's First Request for Production of Documents.

**Objection.** Defendant, Collector of Revenue, is not a party to Count III of Plaintiff's Fourth Amended Complaint, and therefore, his answers to said interrogatories have no relevance to any claims contained in Count III of its Fourth Amended Complaint.

**Pltf-29**, Responses to Plaintiff's First Request for Production of Documents Directed to Defendant City of St. Louis.

**Objection**. Objection as to any responses that do not pertain to Count III of Plaintiff's Fourth Amended Complaint. Further, any portion of said document that does not pertain to Count III of Plaintiff's Fourth Amended Complaint should be redacted.

**Pltf-30**, Certification dated May 20, 2008 from Epice Corporation.

**No objection.**

**Pltf-31**, Quit Claim Deed dated February 17, 2000, and recorded on or about February 24, 2000, in Book 1615 Page 1278 of the City of St. Louis Land Records.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). This document, a 2000 quitclaim deed, is wholly irrelevant to any of Plaintiff's claims set forth in Count III of its Fourth Amended Complaint concerning its Missouri state law cause of action pursuant to Section 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-32**, General Warranty Deed dated February 10, 1984, and recorded in Book M389 Page 683 of the City of St. Louis Land Records.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). This document, a 1984 general warranty deed, is wholly irrelevant to any of Plaintiff's claims set forth in Count III of its Fourth Amended Complaint concerning its Missouri state law cause of action pursuant to Section 67.450, RSMo.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-33**, Weed Control Ordinance-Ordinance No. 59860 (approved July 6, 1970, and March 19, 1986).

**Objection.** Said document is irrelevant. C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation. Plaintiff lacks standing to object to any alleged irregularities of Defendant, City of St. Louis, regarding the weed control services on the Property prior to October 23, 2002, which is the date of the recordation of Plaintiff's deed of trust in the Property. The Court held that "Plaintiff did not have a constitutionally protected property interest prior to October 23, 2001 (sic), because its deed was not recorded until October 23, 2001 (sic)."[3] The City's Weed Ordinance has no relevance to any of the remaining claims contained in Count III of Plaintiff's Fourth Amended

---

[3] Plaintiff's date of the recordation of its deed of trust was October 23, 2002.

Complaint. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-34**, Weed Control Ordinance-Ordinance No. 65812 (approved February 14, 2003).

    **Objection.** See objection to Pltf-33.

**Pltf-35**, Board Bill 415.

    **Objection.** See objection to Pltf-33.

**Pltf-36**, Ordinance No. 64164.

    **Objection.** See objection to Pltf-33.

**Pltf-37**, Ordinance No. 64693.

    **Objection.** St. Louis City Ordinance 64771, approved on November 8, 1999, was the applicable ordinance in effect at the time of the alleged events as set forth in Count III of Plaintiff's Fourth Amended Complaint, i.e., occurring on or around May 8, 2003.

**Pltf-38**, Ordinance No. 66181.

    **Objection.** Said Ordinance was not in effect at the time of the alleged events as set forth in Count III Plaintiff's Fourth Amended Complaint since the Ordinance was approved on February 26, 2004.

**Pltf-39**, Ordinance No. 66790.

    **Objection.** Said Ordinance was not in effect at the time of the alleged events as set forth in Count III Plaintiff's Fourth Amended Complaint since the Ordinance was approved on August 1, 2005.

**Pltf-40**, Ordinance No. 66959.

**Objection.** Said Ordinance was not in effect at the time of the alleged events as set forth in Count III Plaintiff's Fourth Amended Complaint since the Ordinance was approved on November 4, 2005.

**Pltf-41**, Ordinance No. 67325.

**Objection.** Said Ordinance was not in effect at the time of the alleged events as set forth in Count III Plaintiff's Fourth Amended Complaint since the Ordinance was approved on December 11, 2006.

**Pltf-42**, Ordinance No. 67396.

**Objection.** Said Ordinance was not in effect at the time of the alleged events as set forth in Count III Plaintiff's Fourth Amended Complaint since the Ordinance was approved on February 9, 2007.

**Pltf-43**, Ordinance No. 67600.

**Objection.** Said Ordinance was not in effect at the time of the alleged events contained in Plaintiff's Fourth Amended Complaint, since the Ordinance was approved on July 19, 2007.

**Pltf-44**, Articles of Incorporation of Epice Corporation.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). This document, apparently Plaintiff, Epice

Corporation's Articles of Incorporation from June, 2002, has no relevance to any of the remaining claims of Count III of Plaintiff's Fourth Amended Complaint.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-45**, Corporate Charter of Epice Corporation.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). This document, apparently Plaintiff, Epice Corporation's, Corporate Charter from June 2002 and Annual List of Officers, Directors and Resident Agent from June, 2003 to June, 2006, has no relevance to any of the remaining claims of Count III of Plaintiff's Fourth Amended Complaint.

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-46**, General Agreement.

**Objection**. Said document is irrelevant. Whether or not there was an agreement between C.W. Turner Corporation and Raphael Williams concerning any proposed development or improvements at the subject property has absolutely no relevance to any of the issues or

claims set forth in Count III of Plaintiff's Fourth Amended Complaint which is a Missouri state law claim pursuant to Section 67.450, RSMo, in which Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). Any alleged improvements made at the Property involve issues of valuation, and this case is not about valuation of the Property. Valuation of the Property is not an issue in the case. Also, said documents lack proper foundation and are hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltfs-47, 47-2 and 47-3**, Miscellaneous Invoices and Bills, allegedly for work performed at the Property.

**Objection**. Said document is irrelevant. Whether or not there was work performed at the subject property has absolutely no relevance to any of the issues or claims set forth in Count III of Plaintiff's Fourth Amended Complaint which is a Missouri state law claim pursuant to Section 67.450, RSMo, in which Plaintiff alleges it did not receive notice of the Notice of Condemnation concerning a fence on the Property and that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98). Any alleged work performed at the Property involves issues of valuation, and this case is not about valuation of the Property. Valuation of the Property is not an issue in the case. Also, said documents lack proper foundation and are hearsay. Further, assuming *arguendo* that this

information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-48**, Copies Pictures/Photographs (Pltfs. 48-1 through 48-9).

**Objection**. Said photographs lack proper foundation and are irrelevant. Any photographs, except for the condition of the fence at or around May 8, 2003, have no relevance to the remaining claims in the case, which is Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law action pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the subject property. What the building at the subject property allegedly looked like, or presently looks like, except for the then-condition of the fence in May, 2003, has no relevance to any of Plaintiff's claims or any of the issues in the case. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-49**, Assessor's Map.

**Objection.** Said document is irrelevant. In the Court's Order, the Court ruled that Defendant, LRA acquired the Property pursuant to the tax sale in fee simple title. (*Court's Order*, pg. 22). Citing Section 92.835.2, RSMo, the Court stated that the title to the real estate pursuant to the tax sale vests in the purchaser upon confirmation of such sale by the court in fee simple, and that those who "may have had any right, title, interest, claim, or equity of redemption in or to, or lien upon, such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, and the court shall order immediate possession of such real estate be given to such purchaser". (*Court's Order*, pg. 22).

The present ownership of the Property in the LRA and how the LRA acquired the Property and how the LRA acquired the Property has nothing to do with Plaintiff's Count III of

its Fourth Amended Complaint, which is a Missouri state law cause of action pursuant to Section 67.450, RSMo for wrongful demolition of a fence located at the Property. Plaintiff alleges that as a result of the alleged demolition of the fence, it has been "damaged through the loss of the Fence in an amount equal to the cost of replacing said Fence". (*Plaintiff's Fourth Amended Complaint*, doc. 94, para. 98).

Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-50**, Memorandum from Cultural Resources Office to Building Commissioner dated May 13, 2003.

**Objection.** Said document is irrelevant, is hearsay and lacks proper foundation. Said document has no relevance to the remaining claims set forth in Count III of Plaintiff's Fourth Amended Complaint.

**Pltf-51**, Letter dated November 8, 2006 from Gebhardt Real Estate and Legal Services LLC.

**Objection**. See objection to Pltf-4.

**Pltf-52**, Loan Demand dated March 9, 2006.

**Objection**. Said document allegedly from Epice Corporation to C.W. Turner Corporation is not authenticated and lacks proper foundation. Further, it is also outside the scope of the Fourth Amended Complaint and is irrelevant to any of the issues or claims contained in the Fourth Amended Complaint. Whether or not Plaintiff made a demand on the mortgagor, C.W. Turner Corporation, on its mortgage is wholly irrelevant to any of Plaintiff's claims against any of the Defendants in this case. The amount of this alleged debt goes to valuation, which is

not in issue in this case. Further, the amount of $96,513 and $75,000 (totaling $171,513.00), has no relevance to any claims or issues in the case, and its introduction to the jury would be highly prejudicial and likely to mislead the jury. Also, said document lacks proper foundation and is hearsay. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-53**, Certificate of Existence from the Nevada Secretary of State.

**No objection.**

**Pltf-54**, Bill of Sale.

**Objection.** In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property. (*Court's Order*, pg. 4). The amount of the mortgage, and how the mortgage was bartered between the Plaintiff and C.W. Turner Corporation is irrelevant to the claims set forth in Count III of Plaintiff's Fourth Amended Complaint, which is a Missouri state law claim pursuant to Section 67.450, RSMo for wrongful demolition of a fence on the Property. Additionally, the document is not authenticated and lacks proper foundation. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-55-A**, Forestry Department 2005 Master Billing Lookup Screen, dated 06/23/05, regarding the Property.

**Objection.** Said document is not relevant. C.W. Turner is not a party to this case. Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation or Raphael and Jo Evelyn Williams. The amount of any outstanding charges to

these individuals is not an issue in this case.  Further, any valuation of the Property or amount of the charges associated at the Property is not an issue in the case.  Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay.  Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, be misleading and confuse the issues.

**Pltf-55-B**, Forestry Department 2005 Master Billing Lookup Screen, dated 06/23/05, regarding the Property.

**Objection.**  Said document is not relevant.  C.W. Turner is not a party to this case.  Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation or Raphael and Jo Evelyn Williams.  The amount of any outstanding charges to these individuals is not an issue in this case.  In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property.  (*Court's Order*, pg. 4).  Count III of Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo.  Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

**Pltf-56**, 2009 Billing History Lookup Screen.

**Objection.**  Said document is not relevant.  Said document is irrelevant, also lacks proper foundation, authentication and identification and is hearsay.  C.W. Turner is not a party to this case.  Plaintiff lacks standing to raise any issues regarding events affecting C.W. Turner Corporation or Raphael and Jo Evelyn Williams.  The amount of any outstanding charges to these individuals is not an issue in this case.  In the Court's Order, the Court held that Plaintiff, Epice Corporation was a mortgagee to the subject property.  (*Court's Order*, pg. 4).  Count III of

Plaintiff's Fourth Amended Complaint is a Missouri state law claim pursuant to Section 67.450, RSMo. Further, assuming *arguendo* that this information would be relevant, any such relevance is substantially outweighed since it would be unfairly prejudicial, confuse the issues and mislead the jury.

Respectfully submitted,

PATRICIA A. HAGEMAN,
City Counselor for the City of St. Louis

/s/ Robert M. Hibbs
Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski #34218
Associate City Counselor
Attorneys for Defendants
Land Reutilization Authority
of the City of St. Louis and
the City of St. Louis
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on the 5th day of February, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.


/s/ Robert M. Hibbs
Robert M. Hibbs #537348