IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EPICE CORPORATION, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE LAND REUTILIZATION AUTHORITY OF THE CITY OF ST. LOUIS, MISSOURI, et al., <br><br> Defendants. | Case No. 4:07CV00206 HEA |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF PLAINTIFF'S FOURTH AMENDED COMPLAINT OF DEFENDANT CITY OF ST. LOUIS, MISSOURI**

COMES NOW Plaintiff, by and through its attorney, and for its Memorandum in Opposition to Motion for Summary Judgment as to Count III of Plaintiff's Fourth Amended Complaint of Defendant City of St. Louis, Missouri, states:

## INTRODUCTION

Count III of Plaintiff's Fourth Amended Complaint is an action for wrongful demolition of a fence under Section 67.450, RSMo. Defendants City and LRA argue that they are entitled to a summary judgment as to Count III of Plaintiff's Fourth Amended Complaint in this matter on the ground that as a mortgagee in the Property, Plaintiff was not entitled to notice under applicable law.

Plaintiff believes that summary judgment as to Count III of Plaintiff's Fourth Amended Complaint should be denied, because the Due Process Clause of the United States Constitution prohibits the City from depriving Plaintiff by partially condemning

1

the property through removal of a fence on the property without due process of law, including prior mailed notice of the condemnation and demolition of the fence.

## I.

## PLAINTIFF, AS A MORTGAGEE, HAD A PROPERTY INTEREST IN THE REAL ESTATE, INCLUDING THE FENCE ATTACHED THERETO, AND UNDER THE DUE PROCESS CLAUSE, PLAINTIFF WAS ENTITLED TO MAILED NOTICE OF THE PARTIAL CONDEMNATION OF THE FENCE.

In *Walker v. City of Hutchinson,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956), the Court applied the principles of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), by holding that a property owner is entitled to mailed notice of partial condemnation proceedings to take part of the owner's real estate to widen a road. In *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), the Court applied *Mullane* to another partial condemnation proceeding involving the diversion of river water onto the owner's land. In *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 798, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the Court found that a mortgagee possesses a substantial property interest protected by the due process clause of the federal constitution.

## CONCLUSION

Based upon the foregoing, Plaintiff, as a mortgagee, was entitled to mailed notice of the partial condemnation proceedings to demolish a fence at the property under the Due Process Clause of the United States Constitution.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: _____
/s/Phillip K. Gebhardt  Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
E-mail at pkgmag@swbell.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures on the 29th day of March 2010 to Anthony Sestric, Special Assistant Circuit Attorney, Attorney for Defendants Collector and James W. Murphy, Sheriff of the City of St. Louis, Donald C. Dylewski, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Robert M. Hibbs, Attorney for Defendants City of St. Louis and the Land Reutilization Authority of the City of St. Louis, Daniel J. Proost, Attorney for Defendants Collector and Sheriff; and James A. Michael, Jr., Attorney for Defendants Collector and Sheriff.

_____

Copy to Epice Corporation
F:\Shared Data\Law Clients\Epice Corporation\Litigation\Memorandum in Opposition to Motion for Summary Judgment of Count III of City
File No. 06-386-L-5230
pkg