IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE | ) |
| CITY OF ST. LOUIS, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, THE CITY OF ST. LOUIS, MISSOURI'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING COUNT III OF PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Comes now Defendant, the City of St. Louis, Missouri (hereinafter, "Defendant" or "City"), and for its Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, states as follows[1]:

**Plaintiff was not Entitled to Receive Notice of the May 8, 2003 Notice of Condemnation either by City Ordinance or Constitutionally as the Notice of Condemnation did not result in the Previous Owner's Loss of the Property.**

In its Memorandum, Plaintiff argues that summary judgment is improper since it was entitled to notice of the May 8, 2003 Notice of Condemnation of the fence on the subject property since it had a property interest in the Property. Plaintiff cites to a few cases where there

---

[1] Pursuant to the Court's Order of February 10, 2010, the Court granted Defendant's Motion for Leave to File Summary Judgment Regarding Count III of Plaintiff's Fourth Amended Complaint. Pursuant to Local Rule 7-4.01(B), a party opposing a motion for summary judgment "shall file a memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion." As a result, Plaintiff's memorandum in opposition to Defendant's Motion for Summary Judgment was due no later than March 3, 2010. Plaintiff's Memorandum was filed on March 29, 2010. Plaintiff did not seek leave of Court to file its Memorandum out of time.

was an actual taking of the Property, i.e. an eminent domain procedure. The problem with Plaintiff's argument is that it is comparing apples to oranges. This is because that the Sheriff's Sale of the Property was based on a charge on the Property for weed abatement services on July 17, 2002, which resulted in a special tax bill. (Doc. 145, pg. 5). The May 8, 2003 Notice of Condemnation had nothing to do with the Sheriff's Sale of the Property which changed its ownership as the Court previously determined in its *December 4, 2009 Opinion, Memorandum, and Order* (Doc. 145, pg. 5).

The May 8, 2003 Notice of Condemnation involved a fence on the subject property. The Notice of Condemnation is entirely a property maintenance issue, not an issue where the mortgagee's rights in the fee simple right of the Property will be terminated. The Notice of Condemnation, issued pursuant to the City's police powers, involved the City enforcing the safety, health and welfare of its citizenry through the enforcement of its Building Code. The May 8, 2003 Notice of Condemnation was mailed to the owner of the Property at the time, i.e., C.W. Turner Corporation. The Notice of Condemnation sets forth the then-available process for the owner to appeal said notice.

In the May 8, 2003 Notice of Condemnation, it is stated that the City's inspection revealed that the fence was in a condition which "endangers the health, and/or lives, and/or safety and welfare, of persons or property" and ordered removal of the fence. (*Notice of Condemnation*, doc. 167-3, pg. 1). However, in its *Memorandum*, Plaintiff casts the Notice of Condemnation for the very first time as "partially condemning the property through removal of a fence on the property." (*Plaintiff's Memorandum*, doc. 174, pgs. 1-2). By attempting to cast the Notice of Condemnation as a "takings" issue, Plaintiff misses the boat regarding the police powers of the City and what the Notice of Condemnation actually did and why only the owner of

the Property is entitled to notice.[2]

As only a mortgagee in the Property at the time of the May 8, 2003 Notice of Condemnation, Plaintiff was not the owner of the Property, and, therefore, not legally entitled to receive notice of the Notice of Condemnation pursuant to St. Louis City Ordinance 64771. Statutorily and constitutionally, Plaintiff, a mortgagee, was not entitled to notice of the Notice of Condemnation as the Notice of Condemnation did not result in a "takings" of the Property. The May 8, 2003 Notice of Condemnation involved a **property maintenance issue, not a property rights issue**. Simply put, Plaintiff, as a mortgagee, is attempting to create a constitutional cause of action where one does not exist, nor should it.

In its *December 4, 2009 Opinion, Memorandum, and Order*, the Court found that the eventual sale of the Property was based on a charge on the Property for weed abatement services on July 17, 2002, which resulted in a special tax bill. (Doc. 145, pg. 5). The Missouri Legislature, pursuant to Section 67.410.3, RSMo provides that the "governing body of any city not within a county and the governing body of any city with a population of three hundred fifty thousand or more inhabitants which is located in more than one county may enact their own ordinances pursuant to section 67.400 and are exempt from subsections 1 and 2 of this section." As the City of St. Louis is a city not within a county, it is exempt from the notice provisions of Section 67.410.1(3), RSMo pursuant to Section 67.410.3, RSMo, which allows for the City to enact its own ordinance.

---

[2] Plaintiff's cited case law in its *Memorandum* is clearly not on point. *Walker v. City of Hutchinson*, 352 U.S. 112 (1956) and *Schroeder v. City of New York*, 371 U.S. 208 (1962) involved actual eminent domain proceedings involving the issue of the propriety of notice to the property owner via newspaper publication. *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) stands for the proposition that a mortgagee possesses a "substantial property interest that is significantly affected by a tax sale." *Id.* at 798. As the Court found in its *December 4, 2009 Opinion, Memorandum, and Order*, Plaintiff was provided notice of the tax sale and confirmation sale. (Doc. 145, pg. 18).

Section 119.1 of St. Louis City Ordinance No. 64771 (doc. 167-4), in effect at the time of the May 8, 2003 Notice of Condemnation, provided that only the owner of the Property, "as recorded most recently in the City of Saint Louis Assessor's Office" shall be notified of a notice of condemnation. The owner, C.W. Turner Corporation, could have appealed the May 8, 2003 Notice of Condemnation to the City's Board of Building Appeals if it was in disagreement with the City's determination. (Doc. 167-3, pg. 1). C.W. Turner Corporation is not a party to this litigation.

Statutorily, the City complied with St. Louis City Ordinance 64771 in providing the owner, C.W. Turner Corporation, with notice of the May 8, 2003 Notice of Condemnation. Constitutionally, the City did not have to provide Epice Corporation, a mortgagee and not the owner of the Property, with a copy of the May 8, 2003 Notice of Condemnation. Due process is a flexible concept that varies with the particular situation. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). As previously pointed out by Defendant in its memorandum in Support of its Motion for Summary Judgment (doc. 167, pgs. 5-7), Plaintiff's alleged interest in the May 8, 2003 Notice of Condemnation clearly fail the three-part *Mathews v. Eldridge* test, 424 U.S. 319, 335 (1976). Regarding Plaintiff's private interest being affected by the official City action, Plaintiff, a mortgagee in the Property, had no interest in the May 8, 2003 Notice of Condemnation as this was totally a property maintenance issue, not a property rights issue. That is why notice of the Notice of Condemnation has to be provided to the owner, not a mortgagee, as the mortgagee is not involved in maintenance and upkeep of the property. Second, there was no risk of loss of erroneous deprivation of Plaintiff's private interest as a result of the May 8, 2003 Notice of Condemnation. The May 8, 2003 Notice of Condemnation did not affect Plaintiff's deed of trust in the Property. Third, the City's interest in providing only property owners with notice of a

notice of condemnation is indeed substantial. If it were not otherwise, the City would have to do an extensive search of all property interests listed in the Recorder's Office for every notice of maintenance issues, providing such notice to any and all listed entities, including mechanic's lien holders, sewer districts, water companies, etc. Such a procedure would be entirely burdensome on the City and not yield any more protections to the only real party in interest in a notice of condemnation, i.e., the property owner who already received notice.

As a result, the Plaintiff, Epice Corporation, was not entitled to constitutional notice of the May 8, 2003 Notice of Condemnation.[3]

WHEREFORE, for the foregoing reasons and for the reasons advanced in its Motion for Summary Judgment Regarding Count III of Plaintiff's Fourth Amended Complaint, Defendant, City of St. Louis, Missouri respectfully requests the Court to grant its Motion.

Respectfully Submitted,

PATRICIA A. HAGEMA N
City Counselor for the City of St. Louis

/s/ Robert M. Hibbs
Robert M. Hibbs #537348
Assistant City Counselor
Donald G. Dylewski  #34218
Associate City Counselor
Attorneys for Defendant,
City of St. Louis, Missouri
1200 Market, Room 314
St. Louis, MO 63103
622-3361 (Telephone)
622-4956 (Fax)

---

[3] In its *Memorandum*, Plaintiff does not address its previous allegation in its *Fourth Amended Complaint* that the condemned Fence on the subject property was not a "structure" as defined pursuant to St. Louis City Ordinance No. 64771. (doc. 94, pg. 23)  Plaintiff has, therefore, abandoned this allegation. Additionally, this issue is irrelevant since the Plaintiff, Epice Corporation, as a mortgagee was not entitled to receive notice of the May 8, 2003 Notice of Condemnation.

CERTIFICATE OF SERVICE

    A copy of the foregoing was filed electronically on the 5th day of April, 2010, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

    /s/ Robert M. Hibbs
    Robert M. Hibbs #537348