IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION ) | |
| AUTHORITY OF THE ) | |
| CITY OF ST. LOUIS, et. al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM, AND ORDER**

This matter is before the Court on Defendant City of St. Louis' Motion for Summary Judgment as to Count III of Plaintiff's Fourth Amended Complaint, [Doc. No. 166]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

Count III of Plaintiff's Fourth Amended Complaint is an action under Section 67.450 R.S.Mo. Count III alleges that the demolition of a fence on the subject property was wrongful in that it was not a structure under the ordinances of Defendant City; that the fence was wrongfully demolished in that the City did not follow the requirements of §§67.400 to 67.450 RSMo in its ordinances or in practice, by failure to provide adequate notice of hearings, the failure to include

mortgagees as a party to any such demolition proceedings and failure to obtain two independent bids for demolition before encumbering the property with special tax bills. Count III further alleges that the City did not provide Plaintiff with constitutionally adequate notice of the condemnation of the fence, the declaration of the fence as a nuisance, any rights to appeals or hearings to adjudicate whether the fence was a nuisance or otherwise subject to demolition, the imposition of a lien in the form of a special tax bill encumbering the property with a purported priority over the lien of the Deed of Trust held by Plaintiff, the institution of foreclosure proceedings with respect to said special tax bill, and Plaintiff's rights of redemption from the foreclosure proceedings. Plaintiff seeks an amount equal to the value of the fence or the cost of replacing the fence.

Defendant City of St. Louis moves for summary judgment on Count III on the ground that Plaintiff was not entitled to receive notice of the May 8, 2003 Notice of Condemnation of the fence located on the subject property since it was not the owner of the property.

The relevant facts for the purposes of this Motion are undisputed:

By Deed of Trust, dated on or about October 10, 2002, and recorded on or about October 23, 2002 (hereinafter, "Deed of Trust"), C.W. Turner Corporation conveyed a security interest in the property located at 5900 W. Florissant, St. Louis,

Missouri (hereinafter, "Property") (with other property) to J. Dolores Epps, whose mailing address was shown on said instrument as P.O. Box 4353, Culver City, California 90231, as Trustee for the Benefit of Epice Corporation, whose mailing address on said instrument as P.O. Box 4353, Culver City, California 90231 to secure indebtedness in the amount of $175,000.00 and other charges specified therein.

On or about May 8, 2003, the City of St. Louis, Department of Public Safety, issued a Notice of Condemnation (hereinafter, "Notice of Condemnation") for a fence (hereinafter, "Fence") on the Property. The May 8, 2003 Notice of Condemnation was mailed to C.W. Turner Corporation, Registered Agent, Linda Shaw, at 900 Glendale Road, Morris Chapel, TN 38361.

By Appointment of Successor Trustee dated on or about October 4, 2006, and recorded on or about October 10, 2006, in Book 10102006 Page 0096 of the City of St. Louis Land Records, Plaintiff appointed Gebhardt Real Estate and Legal Services, LLC, as Successor Trustee under the Deed of Trust.

By Successor's Trustee Deed (Under Foreclosure) dated on or about December 11, 2006, and recorded on or about January 22, 2007 in Book 0122007 Page 0011 of the City of St. Louis Land Records, C.W. Turner Corporation, acting by and through Gebhardt Real Estate and Legal Services, LLC, as Successor

Trustee under the Deed of Trust, conveyed the Property to Plaintiff for a credit bid of $105,001.70 charged against the balance due under the promissory note secured by the Deed of Trust.

## **Standard of Review**

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a

genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845,848 (8th Cir. 2008). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

The parties do not dispute that the City did not send the Notice of Condemnation to Plaintiff. The City urges that it was not required to do so pursuant to the City of St. Louis Ordinance 64771, which is authorized by Section 67.400 RSMo.

Section 67.400, RSMo provides the following:

> The governing body of any city, town, village, or county of the first classification and any county of the first class with a charter form of government may enact orders or ordinances to provide for vacation and the mandatory demolition of buildings and structures or mandatory repair and maintenance of buildings or structures within the corporate limits of the city, town, village or county which are detrimental to the health, safety or welfare of the residents and declared to be a public nuisance.

Section 67.410, RSMo provides, in part, the following:

1. Except as provided in subsection 3 of this section, any ordinance enacted pursuant to section 67.400 shall:
> (3) Provide for service of adequate notice of the declaration of nuisance, which notice shall specify that the property is to be vacated, if such be the case, reconditioned or removed, listing a reasonable time for commencement; and may provide that such notice be served either by personal service or by certified mail, return receipt requested, but if service cannot be had by either of these modes of service, then service may be had by publication. The ordinances shall further provide that the owner,

occupant, lessee, mortgagee, agent, and all other persons having an interest in the building or structure as shown by the land records of the recorder of deeds of the county wherein the land is located shall be made parties;

3. The governing body of any city not within a county and the governing body of any city with a population of three hundred fifty thousand or more inhabitants which is located in more than one county may enact their own ordinances pursuant to section 67.400 and are exempt from subsections 1 and 2 of this section.

The City of St. Louis is a city not within a county, therefore, it is exempt from the notice provisions of Section 67.410.1(3), RSMo pursuant to Section 67.410.3, RSMo, which allows for the City to enact its own ordinance.

At the time of the May 8, 2003 Notice of Condemnation, the City had in place an ordinance that dealt with condemnation and demolition of buildings and structures. St. Louis City Ordinance No. 64771.

Section 119.1 of Ordinance No. 64771, provides, in part, the following:

> If, upon making an inspection and examination, the code official finds that a building, structure or premises has one or more of the defects described below, the code official shall notify in writing, as provided in Section 119.2, the owner(s) of said building, structure or premises, as recorded most recently in the City of Saint Louis Assessor's Office, the defects found in said building, structure or premises, and shall order them to proceed to properly demolish, repair, and secure or correct all conditions causing condemnation of said building, structure or premises within seven days. This document is to be known as a Notice of Condemnation. If the conditions

> have not been corrected by the date listed in the notice, the building, structure, premises, or portion thereof or appurtenance thereto will be condemned and shall be required to be vacated and secured…

The City complied with the Ordinance by notifying the owner, as recorded most recently in the City of St. Louis' Assessor's Office. Plaintiff was not the record owner at the time of the Notice of Condemnation, and therefore was not notified.

In its response to Defendant's Motion, Plaintiff argues that the Due Process Clause of the United States Constitution prohibits the City from depriving Plaintiff by partially condemning the property through the removal of the fence on the property without due process of law. Plaintiff cites authority which involve eminent domain procedures involving actual takings of property. Plaintiff's argument, however, is misplaced in that the condemnation proceeding at issue is not a "taking" *i.e.* an eminent domain procedure, rather, it was an exercise of the City's police powers.

> Through section 67.400, the State has delegated its police power to the City. The City has used the power given to it by section 67.400 to enact the ordinances relating to dangerous buildings. "Generally, the function of the police power has been held to promote the health, welfare, and safety of the people by regulating all threats either to the comfort, safety, and welfare of the populace or harmful to the public interest." *Craig v. City of Macon*, 543 S.W.2d 772, 774 (Mo. banc 1976). Building regulations by a municipality are an exercise of the police power. *State ex rel. Walmar Inv. Co. v. Mueller*, 512 S.W.2d 180, 185 (Mo.App.1974). "Enforcement of the property maintenance ordinances is a valid exercise of the City's police powers." *Jordan v. City of Kansas City*, 972 S.W.2d 319, 324 (Mo.App. W.D.1998).

*City of Kansas City v. Jordan* 174 S.W.3d 25, 40 -43 (Mo.App. W.D.,2005).

In ordering and executing the demolition of the fence, the City was exercising its police power. *Id.; Woodson v. City of Kansas City*, 80 S.W.3d 6, 9-10 (Mo.App. W.D. 2002).

The City in this case exercised its police power; it did not effect a taking. 'A valid exercise of the police power is not a taking of private property for public use.' *Pac. Fire Prot. Dist. v. Mosley,* 939 S.W.2d 467, 470 (Mo.App. E.D.1996)(citing *State v. Pub. Serv. Comm'n.,* 369 S.W.2d 572, 575 (Mo.1963)); *see also Angoff v. Holland-Am. Ins. Co. Trust,* 937 S.W.2d 213, 218 (Mo.App. W.D.1996)." *Jordan*, 174 S.W.3d at 48.

Plaintiff has failed to present any authority that it was entitled to the Notice of Condemnation in support of its due process claim. As Defendant argues, Plaintiff was not entitled to notice under the ordinance because it was not the owner of the property, as defined in the ordinance. Moreover, Plaintiff's property interest was not affected by the condemnation of the fence. Rather, Plaintiff's interest in the property was affected only upon issuance of a special tax bill and the tax sale of the property which occurred in 2005. See this Court's Opinion, Memorandum and Order dated December 4, 2009.

Plaintiff also alleges in Count III that its due process rights were violated. The

Due process analysis requires the balancing of three competing interests: (1) the private interest that will be affected by official action; (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional safeguards; and (3) the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Plaintiff argues that a mortgagee possesses a substantial property interest protected by the due process clause. While this is an accurate statement, Plaintiff fails to demonstrate how its interest was affected through not receiving the Notice of Condemnation. Plaintiff's rights in the property remained unaffected. The Deed of Trust remained in tact at that time. Moreover, there was no risk of erroneous deprivation of that interest at the time of the Notice of Condemnation. The Court agrees with Defendant that its interest in providing only property owners with the Notice of Condemnation is substantial. The Notice of Condemnation regarding the fence was not, as Plaintiff would characterize it, a "taking" of property, rather, it involved the maintenance of the property. The owner of the property, as recorded in the Assessor's Office has the possessory interest in the property and as such is the party with whom the maintenance of the property rests.

## Conclusion

Plaintiff was not entitled to receive the Notice of Condemnation since it was

not the owner of the property as recorded in the Assessor's Office at the time the Notice was sent. Defendant is therefore entitled to Summary Judgment on Count III which challenges the condemnation of the fence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' Motion for Summary Judgment on Count III, [Doc. No. 166], is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment shall be entered upon the resolution of the remaining issues in this matter.

Dated this 5th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE