IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPICE CORPORATION | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case 4:07CV00206 HEA |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE | ) |
| CITY OF ST. LOUIS, et. al., | ) |
| | ) |
|    Defendants. | ) |

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendants Land Reutilization Authority of the City of St. Louis, Missouri and the City of St. Louis' Motion for Summary Judgment as to Count I of Plaintiff's Fourth Amended Complaint, [Doc. No. 181]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

### Facts and Background

For the purposes of this Motion, Plaintiff admits the following undisputed

By Deed of Trust, dated on or about October 10, 2002, and recorded on or about October 23, 2002 (hereinafter, "Deed of Trust"), C.W. Turner Corporation conveyed a security interest in the property located at 5900 W. Florissant, St. Louis, Missouri (hereinafter, "Property") (with other property) to J. Dolores Epps, whose

mailing address was shown on said instrument as P.O. Box 4353, Culver City, California 90231, as Trustee for the Benefit of Epice Corporation, whose mailing address on said instrument as P.O. Box 4353, Culver City, California 90231 to secure indebtedness in the amount of $175,000.00 and other charges specified therein.

Defendant Murphy, Sheriff of the City of St. Louis, sold the Property at a Sheriff's sale on October 19, 2004. Defendant Land Reutilization Authority of the City of St. Louis, Missouri, bid on the Property, and having the highest bid, became the owner of the property.

Notice of the hearing of the confirmation of the tax sale was mailed to Plaintiff at its last known address.

## **Discussion**

Defendant argues that no issue of monetary compensation for "taking" remains since this Court has held that fee simple title in the Property vested in the LRA as a result of the Sheriff's Sale in Land Tax Suit 123 and subsequent confirmation of such sale. Plaintiff responds that the Missouri Land Reutilization Act, § 92.00 *et seq* RSMo does not provide an adequate procedure for awarding just compensation to parties whose property is taken by the government.

Plaintiff is attempting to characterize the foreclosure of a tax lien as an

eminent domain proceeding through its Fifth Amendment challenge. Plaintiff has presented no authority in this Circuit or any other circuit for this position. The Court's own research has been unavailing as to any authority in this Circuit which would establish that Plaintiff is entitled to bring this claim. Courts in other jurisdictions have found no Fifth Amendment action in foreclosure of a tax lien.

> Initially, we find that appellants' reliance on the Fifth Amendment to the United States Constitution is misplaced. The sale of property for delinquent taxes involves the taxing power, not the eminent domain power of the government. *In re Golden* (Bankr.Ct.W.D.Pa.1995), 190 B.R. 52, 57, citing, *Richardson v. Brunner* (Ky.1962), 356 S.W.2d 252, 254, cert. den., 371 U.S. 815, 83 S.Ct. 27, 9 L.Ed.2d 56. A sale of land for delinquent taxes is not a taking for a public purpose and, therefore, does not invoke the Fifth Amendment. *Id*.

*Leasor v. Kapszukiewicz,* 2008 WL 5050384, 4 (Ohio App. 6 Dist. 2008).

> The Supreme Court held that "[t]he Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). A tax sale is not a taking for a public purpose because such sale is pursuant to the state's taxing power and not its power of eminent domain. *Indus. Bank of Washington v. Sheve,* 307 F.Supp. 98, 99 (D.D.C.1969) ("A tax sale is not a government taking for which just compensation must be paid under the Constitution after judicial proceedings."); *Golden v. Mercer Cty. Tax Claim Bureau (In re Golden),* 190 B.R. 52, 57 (Bankr.W.D.Penn.1995) ("In a tax sale context, the takings clause is not dispositive nor the appropriate basis for starting an inquiry."); *Fitzgerald v. Neves., Inc.,* 15 Wash.App. 421, 428, 550 P.2d 52 (1976) ("We are hard pressed to find that the 'taking' was for public *use* as

opposed to the general purpose of enforcing payment of justly imposed taxes." (emphasis in original)); *Richardson v. Brunner,* 356 S.W.2d 252, 254 (Ky.Ct.App.), *cert. denied,* 371 U.S. 815, 83 S.Ct. 27, 9 L.Ed.2d 56 (1962) (holding under Kentucky's constitution that "[t]he sale is nothing more than a step in the foreclosure of a lien imposed under the taxing power [and] is not a ground for holding the statute unconstitutional"); *Sears v. Cottrell,* 5 Mich. 251 (1858) (holding under Michigan's constitution, "That this act is not an infringement of that clause in the constitution which forbids the taking of private property for public use, is, I think, obvious, as that clause relates only to the taking and appropriation of property, *as such,* by right of *eminent domain,* and not to the taking of property in payment of taxes." (emphasis in original)). "The purpose of tax sales is not to strip the taxpayer of his property, but to insure the collection of taxes" and to "collect the fair share from those who have failed to meet their burden." *Golden,* 190 B.R. at 57.

New York's tax forfeiture statute does not violate the Fifth Amendment. Pursuant to New York law, the taxing authority here took possession of the property to satisfy the tax lien on the property created by debtor's failure to pay any taxes on the property since its purchase. The Defendant was not "forcing some people alone to bear public burdens which ... should be borne by the public as a whole." Instead, the defendant was exercising its rights granted under New York law to make debtor meet her burden that *is* borne by the public as a whole but was *not* being borne by debtor.

*In re Murphy,* 331 B.R. 107, 128 (Bankr. S.D.N.Y 2005).(emphasis in original).

The Court agrees with these courts in finding that the foreclosure of a tax lien involves the taxing power, not the eminent domain of the government. Although the Court, in its December 4, 2009 Opinion, Memorandum and Order, denied Plaintiff's Motion for Partial Summary Judgment and stated in its footnote that genuine issues

of material fact remained by reason of Plaintiff's implication that it was not paid a just amount for the property at public sale is not contrary to this holding. The issue before the Court at that time was whether *Plaintiff* was entitled to summary judgment and the Court did not address the issue of whether a viable eminent domain claim could be made.

Plaintiff has no action under the Fifth and Fourteenth Amendments to the U.S. Constitution based on the tax sale and confirmation sale. The sale and purchase of the Property were done pursuant to Sections 92.700 to 92.920 RSMo. and Plaintiff received the constitutionally required due process under this statute. This was not an eminent domain proceeding requiring compensation to Plaintiff.

## **Conclusion**

Based upon the foregoing, Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants the Land Reutilization Authority of St. Louis and the City of St. Louis' Motion for Summary Judgment on Count I, [Doc. No. 181], is **Granted**.

**IT IS FURTHER ORDERED** that judgment is entered this same date.

Dated this 17th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE