UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EPICE CORPORATION, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:07CV206 HEA |
| v. | ) |
| | ) |
| THE LAND REUTILIZATION | ) |
| AUTHORITY OF THE CITY OF ST. | ) |
| LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Sheriff and Collector's Motion for Attorney's Fees, [Doc. No.'s 146 and 150]. Plaintiff filed an opposition to the motion.

Pursuant to 42 U.S.C. § 1988, a district court may award attorney fees to a prevailing party in a lawsuit brought to enforce a provision of § 1983. A prevailing defendant, however, is entitled to attorney's fees only in very narrow circumstances. A plaintiff should not be assessed his opponent's attorney's fees unless a district court finds that the claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. Even allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation...." Rather, so long as the

plaintiff has some basis for his claim, a prevailing defendant may not recover attorneys' fees. The Court is mindful of the Supreme Court's admonition to avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978); *Williams v. City of Carl Junction*, 523 F.3d 841, 843 (8th Cir.2008) (citations and quotations omitted) (reversing district court's award of attorney fees to defendants where plaintiff's claims, while not meritorious, were not frivolous or unreasonable).

Although Defendants prevailed in this action, the Court is unable to find that Plaintiff's claims were frivolous, unreasonable, or groundless, or that Plaintiff unreasonably continued to litigate. Plaintiff based its arguments throughout this litigation on its believe that it was entitled, under the law, to actual notice of the foreclosure of the tax lien. Plaintiff's claims were likewise based on a good faith argument for extension of the law to impose a duty on tax collectors to take additional steps to ensure receipt of notice of a tax sale to a holder of a deed of trust.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees,

[Doc. No.'s 146 and 150], is denied.

Dated this 23rd day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE